IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO XUYEN LE, INDIVIDUALLY, and as the Court appointed PERSONAL REPRESENTATIVE OF THE ESTATE OF TOMMY LE, HOAI "SUNNY" LE, Tommy Le's Father, DIEU HO, Tommy Le's Mother, UYEN LE and BAO XUYEN LE, Tommy Le's Aunts, KIM TUYET LE, Tommy Le's Grandmother, and QUOC NGUYEN, TAM NGUYEN, DUNG NGUYEN, JULIA NGUYEN AND JEFFERSON NGUYEN, Tommy Le's Siblings, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN URQUART, the former KING COUNTY SHERIFF, DOW CONSTANTINE the MARTIN LUTHER KING JR. COUNTY EXECUTIVE, MARTIN LUTHER KING JR. COUNTY as sub-division of the STATE of WASHINGTON, KING COUNTY SHERIFF'S OFFICE, and KING COUNTY DEPUTY SHERIFF CAESAR MOLINA. <br><br> Defendants. | NO. <br><br> **COMPLAINT FOR DAMAGES for VIOLATION OF CIVIL RIGHTS 42 U.S.C. § 1983, and under WASHINGTON STATE LAW: TORTS OF WRONGFUL DEATH (RCW 4.20.020) & SURVIVAL ACTION (RCW 4.20.060), NEGLIGENCE, NEGLIGENT TRAINING and RECKLESS/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, and TORT OF OUTRAGE** <br><br> **Jury Trial Requested** |

**COMPLAINT FOR DAMAGES** – 1

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1  Plaintiffs Le, Ho, and Nguyen by and through their attorneys Campiche Arnold, PLLC and for

2  this Complaint allege:

3

4  ## 1. JURISDICTION AND VENUE

5

6  1.    This    action    is    brought

7  pursuant to 42 U.S.C. § 1983 for violation

8  of the Fourth and Fourteenth Amendments

9  to the United States Constitution, and

10  various Washington State constitutional,

11  statutory, and common law tort claims.

12  This Court has original jurisdiction over the

13  plaintiffs' claims for violations of the

14  United States Constitution and the

15  deceased Tommy Le's civil rights, pursuant

16  to 28 U.S.C. §§ 1331, 1343, and 1376 *et. seq.*



17  2.    Venue is appropriate in the U.S. District Court, Western District of Washington at

18  Seattle, pursuant to 28 U.S.C. § 1391 because the defendants are all believed to reside in the district,

19  the municipal corporations of Martin Luther King Jr. County (King County), and the King County

20  Sheriff's Office is located in the district, the plaintiffs all reside in the district, and because the shooting

21  of Tommy Le and medical treatment occurring in the last hours of his life all occurred in the district.

22

23

**COMPLAINT FOR DAMAGES – 2**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1       3.       There exists a common nucleus of operative facts as to plaintiffs' Washington State and

2 federal claims. As a consequence, this Court has pendent or supplemental jurisdiction over the

3 Washington State claims pursuant to 28 U.S.C. § 1367.

4                                     **2. PARTIES**

5                                    **2.A Plaintiffs**

6       4.       Plaintiffs are residents of the Western District of Washington, all but one of which reside

7 in Seattle, King County, Washington. Plaintiff Uyen Le is a resident of Snohomish County,

8 Washington.

9       5.       Boa Xuyen Le is the Court Appointed Personal Representative of the Estate of Tommy

10 Le.

11       6.       Hoai "Sunny" Le is the father of the deceased Tommy Le.

12       7.       Dieu Ho is the mother of the deceased Tommy Le.

13       8.       Uyen Le and Bao Xuyen Le are the aunts of the deceased Tommy Le.

14       9.       Kim Tuyet Le is the grandmother of the deceased Tommy Le.

15       10.       Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen are

16 the brothers and sisters of the deceased Tommy Le.

17                                    **2.B Defendants**

18       11.       At all times relevant to this lawsuit, John Urquhart was the duly elected Sheriff of King

19 County. He is no longer the King County Sheriff.

20       12.       At all times relevant to his lawsuit, Dow Constantine is and was the duly elected King

21 County Executive.

22       13.       King County is a political sub-division of the State of Washington with the right to sue

23 and be sued in its own name and stead.

**COMPLAINT FOR DAMAGES** – 3

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

14. The King County Sheriff is the executive law enforcement agency of Defendant King County.

15. King County Deputy Sheriff Caesar Molina is and was a King County Deputy Sheriff employed by Defendant King County Sheriff's Office, who on June 14th, 2017, under the color of state law and acting in the scope of his employment as a King County Deputy Sheriff, shot and killed Tommy Le.

### 3. CLAIM FOR DAMAGES

16. A Claim for Damages and Amended Claim were properly filed with Defendants King County, and the King County Sheriff. More than 60 days has passed without a response from any defendant. Attached hereto, as Attachment No. 1, is a copy of Plaintiffs' Amended Claim for Damages, which by this reference is incorporated in this Complaint.

### 4. JURY DEMAND

17. Pursuant to Fed. R. Civ. Pro. 38, plaintiffs hereby request a trial by jury.

### 5. BACKGROUND FACTS

18. On June 14th, 2017, Tommy Le was scheduled to graduate from high school.

19. Tommy Le was of Asian, specifically Vietnamese, descent.

20. As is the tradition in many families who immigrate from Vietnam, Tommy Le was raised by his extended family that included his paternal grandmother, Plaintiff Kim Tuyet Le, his father Plaintiff Hoai "Sunny" Le, his mother Plaintiff Dieu Ho, his aunts Plaintiffs Boa Xuyen Le and Uyen Le, and his (half) brothers and sisters, Plaintiffs Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen.

21. The Le family were Vietnamese refugees to the United States and of the Buddhist faith.

COMPLAINT FOR DAMAGES  – 4

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

22. Tommy Le was born in the United States of America and was a United States citizen of Asian descent.

23. The Le family, including Tommy Le, placed a very high value on human life and opposed the use of violence.

24. Prior to his death, Tommy Le had never been arrested for, much less convicted of a crime.

25. At the time of his death, Tommy Le was five feet four inches (5'4") tall and weighed 120 pounds, and was substantially smaller in stature and weight than the much larger and physically fit King County Deputy Sheriffs who were involved in his death.

26. The King County Deputy Sheriffs involved in Tommy Le's death were not Asian.

27. At the time relevant to this lawsuit, Defendants King County Executive Dow Constantine, then King County Sheriff John Urquhart, King County, and the King County Sheriff's Office had a duty to properly select, train, and supervise King County Deputy Sheriffs to understand and comply with the requirements of the United States Constitutional limitations on the use of deadly force, to employ less than lethal methods of detaining individuals including individuals who appear to be suffering from some type of mental illness or delusions, and to de-escalate encounters with individuals who appear hostile, impaired, emotional, or mentally disturbed, to restrain from racially selective police practices and to avoid the use of deadly force unless necessary to protect against immediate danger of death or serious injury to officers or others.

28. At the time relevant to this lawsuit, Defendants King County Executive Dow Constantine, then King County Sheriff John Urquhart, King County, and King County Sheriff's Office breached their duty to properly select, train, and supervise King County Deputy Sheriffs to understand and comply with the requirements of the United States Constitutional limitations on the use of deadly

COMPLAINT FOR DAMAGES   – 5

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1  force, to employ less than lethal methods of detaining individuals including individuals who appear to

2  suffering from some type of mental illness or delusions, and to de-escalate police encounters with

3  individuals who appear hostile, impaired, emotional, or mental disturbed, to restrain from racially

4  selective police practices and to avoid the use of deadly force unless necessary to protect against

5  immediate danger of death or serious injury to officer or others.

6       29.    In June 2017 King County Deputy Sheriff Caesar Molina was employed as a King

7  County Sheriff's Deputy.

8       30.    On June 14th, 2017 in King County, Washington, King County Deputy Sheriff Caesar

9  Molina shot and killed Tommy Le.

10       31.    At the time that King County Deputy Sheriff Caesar Molina shot and killed Tommy Le,

11  King County Deputy Sheriff Caesar Molina was acting under the color of state law and within the scope

12  and course of his employment as a King County Deputy Sheriff.

13       32.    King County Deputy Sheriff Caesar Molina's decision to employ deadly force and to

14  shoot and kill unarmed Tommy Le in the back was in part caused by the negligent failure of his

15  employer's selection, training, and supervision of King County Deputy Sheriffs, including the failure

16  to properly emphasize and train the deputies to restrain from racially selective police practices,  in

17  effective de-escalation techniques and non-lethal methods of detention and arrest.

18       33.    The named defendants and all law enforcement officers, including the King County

19  Sheriff's Office, have a duty to protect human life.

20       34.    Law enforcement officers have a duty to help individuals suffering from a period of

21  emotional and mental impairment.

22

23

**COMPLAINT FOR DAMAGES  – 6**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

35.     King County Deputy Sheriff Caesar Molina had a legal duty to restrain from racially selective police practices, to employ de-escalation techniques and non-lethal detention methods to detain Tommy Le, before he shot and killed Tommy Le.

36.     King County Deputy Sheriff Caesar Molina did not restrain from racially selective police practices, use de-escalation and effective non-lethal techniques to detain Tommy Le before he shot and killed Tommy Le.

37.     King County Deputy Sheriff Caesar Molina did not effectively use available and effective non-lethal techniques to detain Tommy Le before he shot and killed Tommy Le.

38.     The King County Deputy Sheriffs who were at the scene of the incident that led to the death of Tommy Le did not employ available and effective de-escalation techniques with Tommy Le before Tommy Le's death.

39.     Deputy Sheriffs and defendants, including King County Deputy Sheriff Caesar Molina, did not have probable cause to believe that Tommy Le posed an imminent threat of death or serious physical injury to King County Deputy Sheriff Caesar Molina, the other King County Deputy Sheriffs, or to others, at the time that King County Deputy Sheriff Caesar Molina employed deadly force on Tommy Le.

40.     Tommy Le was unarmed when King County Deputy Sheriff Caesar Molina shot and killed Tommy Le.

41.     All of the King County Deputy Sheriffs present at the time and place where Tommy Le was fatally shot were all armed with lethal and non-lethal weapons.

42.     All of the King County Deputy Sheriffs present at the time and place where Tommy Le was fatally shot were physically stronger, larger, and more physically capable than Tommy Le and were trained in physical defensive tactic including "take down" movements.

COMPLAINT FOR DAMAGES   – 7

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

43.     The King County Sheriff's Office claims that at the time Tommy Le was shot by King County Deputy Sheriff Caesar Molina, Tommy Le possessed a black Papermate "1.0 m" ballpoint medium point ink pen.



44.     The Papermate ballpoint medium point ink pen thought to be held by Tommy Le when he was shot was not a weapon and could not inflict death or serious physical injury

45.     At the time of the shooting, Tommy Le was wearing shorts and a T-shirt.

46.     At the time of the shooting, there was no place to conceal a knife or weapon on Tommy Le's person.

47.     In his post shooting statement, King County Deputy Sheriff Caesar Molina did not claim to have seen a knife or deadly weapon in Tommy Le's hands.

48.     A TASER™ or tazer (taser) is an electrical weapon that when properly deployed fires two dart-like electrodes, which stay connected to the weapon and deliver an electric charge that immobilizes the person "tazed".

49.     King County Deputy Sheriffs Molina and Owen both independently attempted to tase Tommy Le in the chest before King County Deputy Sheriff Caesar Molina fatally shot Tommy Le with a 9mm handgun.

50.     The maximum range of the tasers Defendant King County Deputy Sheriffs deployed against Tommy Le was 25 feet.

**COMPLAINT FOR DAMAGES   – 8**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

51.     The tasers the Defendant King County Deputy Sheriffs deployed against Tommy Le were ineffective due to improper maintenance, deployment, or use.

52.     Defendants King County Deputy Sheriff Molina and other King County Deputy Sheriffs made a decision not to employ available and effective de-escalation tactics or non-lethal methods of detaining Tommy Le.

53.     At the time, place, and circumstances of Tommy Le's shooting death, the proper use of alternative non-lethal methods, de-escalation tactics, and physical non-lethal force would have effectively detained Tommy Le.

54.     The use of deadly force was not necessary to detain Tommy Le.

55.     The use of deadly force was not necessary to protect the King County Deputy Sheriffs or other individuals present from imminent death or serious physical injury.

56.     King County Deputy Sheriff Caesar Molina shot Tommy Le three times in the back with a 9 mm handgun.

57.     The 9 mm bullets used to shoot and kill Tommy Le were hollow point 9mm bullets, which is an expanding bullet with a hollowed-out tip designed to expand and flatten when it enters a human body so as to disrupt more tissue as it travels through the person's body.

58.     The use of hollow point ammunition in warfare is barred by The Hague Convention; the relevant portion of which reads: *"the contracting parties agree to abstain from the use of bullets which expand or flatten easily in human body. . ."*

**COMPLAINT FOR DAMAGES   – 9**

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

59.     The King County Medical Examiner described the gunshot wounds that caused Tommy Le's death:

   *a.     "penetrating handgun wound of the left lateral back with the entrance wound, left lateral back, (4.24 inches to the left of midline and 42.5 inches superior to the heels) perforation of the left kidney, spleen and liver, and the bullet recovered from the right anterior chest wall." The path of the bullet "back to front, left to right, and slightly upwards".*

   *b.     "penetrating handgun wound of the medial left back, (0.5 inches to the left of midline and 40.5 inches superior to the heels) with entrance wound, medial left back, perforation of the right kidney and liver and the bulled recovered from right lateral chest wall." The path of the bullet is back to front, left to right and slightly upwards".*

   *c.     Perforation handgun wound of the left wrist, entrance wound, ulnar left wrist, perforation of the soft tissues and 5th metacarpal bone, with exist wound, palmar left hand".*

60.     Bullet wounds that penetrate the kidney, liver, and spleen are very painful and after a period of time, usually fatal.

61.     After Tommy Le had turned away from King County Deputy Sheriff Caesar Molina and from the other officers and citizens, King County Deputy Sheriff Caesar Molina shot Tommy Le twice in the mid back and one time in his wrist at close range with a 9 mm handgun.

62.     At the moment King County Deputy Sheriff Caesar Molina shot to kill Tommy Le, Tommy Le was not advancing towards Deputy Molina or the other deputies or persons.

63.     No other person was struck by bullets.

64.     Several bullets shot by King County Deputy Sheriff Caesar Molina at Tommy Le missed Tommy Le and lodged in a home across the street.

65.     The King County Sheriff's Office issued King County Deputy Sheriff Caesar Molina the 9 mm handgun he used to shoot and kill Tommy Le.

**COMPLAINT FOR DAMAGES   – 10**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

66.     Tommy Le did not touch or inflict any wounds on any of the King County Deputy Sheriffs or other persons present at the time that King County Deputy Sheriff Caesar Molina shot and killed Tommy Le.

67.     King County Deputy Sheriff Caesar Molina shot Tommy Le in the back, twice in his mid-back and once in the back of his forearm.

68.     At the time King County Deputy Sheriff Caesar Molina shot Tommy Le in the back, Tommy Le was unarmed.

69.     At the time King County Deputy Sheriff Caesar Molina shot Tommy Le in the back Tommy Le was walking away from King County Deputy Sheriff Caesar Molina, Deputy Owen, the other King County Deputy Sheriffs and other present persons.

70.     At the time King County Deputy Sheriff Caesar Molina shot Tommy Le, Tommy Le lacked the present capacity to cause serious physical injury or death to King County Deputy Molina, the other deputy Sheriffs, or any other individuals present.

71.     At the time King County Deputy Sheriff Caesar Molina shot Tommy Le in the back, he knew or had sufficient information for a reasonably competent police officer to know or suspect that Tommy Le was suffering from some type of mental impairment or confusion and required assistance.

72.     At the time King County Deputy Sheriff Caesar Molina shot and killed Tommy Le, there were not objective facts providing probable cause to believe that the unarmed 120 pound Tommy Le presented an imminent risk of causing serious physical injury or death to the King County Sheriff Deputies or other individuals.

73.     At the time of the fatal shooting, Tommy Le was in the presence of a number of armed, trained, and equipped King County Deputy Sheriffs who were all wearing protective clothing.

COMPLAINT FOR DAMAGES  – 11

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1      74.    Any one of the King County Deputy Sheriffs present when King County Deputy Sheriff

2    Caesar Molina shot to kill Tommy Le was capable of physically detaining, seizing, or restraining

3    Tommy Le by employing less than deadly force.

4      75.    Together the several King County Deputy Sheriffs were capable of physically detaining,

5    seizing, or restraining Tommy Le by employing less than deadly force.

6      76.    At the time King County Deputy Sheriff Caesar Molina shot to kill Tommy Le, it was

7    not necessary to employ deadly force to detain, seize, or restrain Tommy Le.

8      77.    King County Deputy Sheriff Caesar Molina knew that the use of deadly force was not

9    necessary to detain, seize, or restrain Tommy Le.

10      78.    King County Deputy Sheriff Caesar Molina knew that there were available effective

11    alternative methods to the use of deadly force to detain, seize, or restrain Tommy Le.

12      79.    King County Deputy Sheriff Caesar Molina's use of deadly force to detain, seize, or

13    restrain Tommy Le constituted use of excessive (deadly) force.

14      80.    King County Deputy Sheriff Caesar Molina's use of excessive (deadly) force to seize

15    Tommy Le violated Tommy Le's United States Constitutional Fourth Amendment right to be free from

16    unreasonable seizure.

17      81.    King County Deputy Sheriff Caesar Molina's use of excessive (deadly) force to seize

18    Tommy Le constituted racially selective use of deadly force and violated Tommy Le's United States

19    Constitutional 14th Amendment right to be free racially based selective policing practice and use of

20    deadly force.

21      82.    After King County Deputy Sheriff Caesar Molina shot Tommy Le three times, the King

22    County Deputy Sheriff handcuffed Tommy Le despite the profuse bleeding from his very serious bullet

23    wounds.

**COMPLAINT FOR DAMAGES   – 12**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

83.     A competent police officer would have known that the use of deadly force to detain, seize, or restrain Tommy Le, violated clearly established statutory and constitutional prohibitions on the use of deadly force and violated Tommy Le's state and federal constitutional rights to be free from the use of excessive, deadly force.

84.     A competent police officer would have known that the use of deadly force to detain, seize, or restrain Tommy Le, violated clearly established statutory and constitutional prohibitions on the use of racially selective deadly force and violated Tommy Le's state and federal constitutional rights to be free racially selective policing practices and deadly force.

85.     King County Deputy Sheriff Caesar Molina knew or a reasonable law enforcement officer would have known that the use of deadly force upon the fleeing unarmed Tommy Le violated Tommy Le's clearly established statutory and constitutional rights to be free of excessive force upon detention or arrest.

86.     The King County Sheriff's Office use of deadly force to detain, seize, or restrain Tommy Le, violated clearly established statutory and constitutional rights.

87.     The King County Sheriff's Office use of deadly force to detain, seize, or restrain Tommy Le was unlawful.

88.     The King County Sheriff's Office knew that King County Deputy Sheriff Caesar Molina's use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

89.     The King County Sheriff's Office knew that the King County Sheriff's Office use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

**COMPLAINT FOR DAMAGES   – 13**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

90.     King County Deputy Sheriff Caesar Molina knew, or should have known, that the use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

91.     King County Deputy Caesar Molina knew, or should have known, that racial selective law enforcement is prohibited by both state and federal statutes and constitutions.

92.     One factor that influenced King County Deputy Sheriff Caesar Molina's decision to employ deadly force by shooting unarmed Tommy Le was Tommy Le being of Asian decent.

93.     Racially selective enforcement of the law including the employment of deadly force violates the equal protection clause of the 14th Amendment of the United States Constitution.

94.     King County Deputy Sheriff Caesar Molina's use of deadly force upon the unarmed Tommy Le violated Tommy Le's United States Constitutional 14th Amendment right that citizens of all races are to receive equal treatment by law enforcement.

95.     Clearly established statutory and case law restrict the employment of deadly force to situations where objective facts support the conclusion that the use of deadly force is necessary for a police officer to protect against imminent risk of serious physical injury or death.

96.     The King County Deputy Sheriffs, including King County Deputy Sheriff Caesar Molina and the Deputy Sheriffs present when Deputy Molina shot to kill Tommy Le, knew that the use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

97.     The King County Sheriff's Office knew that at the time King County Deputy Sheriff Caesar Molina shot to kill Tommy Le, Tommy Le was not armed with a knife or other weapon capable of inflicting serious injury or death.

**COMPLAINT FOR DAMAGES   – 14**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

98.     Prior to speaking with the press, public, and the Le family, the King County Sheriff's Office knew that Tommy Le was not armed with a knife or other dangerous object when he was shot and killed by King County Deputy Sheriffs.

99.     At the time and place that King County Deputy Sheriff Caesar Molina shot to kill Tommy Le, there were at least five (5) armed deputy sheriffs present, who were capable of physically restraining and arresting the unarmed 120 pound student without the use of deadly force.

100.    After being shot through the back into his vital organs and prior to his death, Tommy Le endured hours of pre-death pain and suffering.

101.    After King County Deputy Caesar Molina Shot Tommy Le, the King County Deputy Sheriffs handcuffed Tommy Le despite the fact that he was bleeding profusely from mortal wounds.

102.    King County Sheriff Deputy Caesar Molina knowingly violated Tommy Le's United States Constitutional right to be free of excessive force upon detention and arrest in violation of 42 U.S.C. § 1983.

103.    After being shot, Tommy Le was transported by Aid Car to Harborview Medical Center in Seattle, and died of the wounds inflicted by King County Deputy Sheriff Caesar Molina.

104.    Knowing that the use of deadly force to detain, seize, or restrain unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office intentionally concealed the fact that Tommy Le was unarmed when he was shot and killed.

105.    Knowing that use of deadly force to detain, seize, or restrain unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office intentionally concealed the fact that Tommy Le was shot two times in the back.

106.    Knowing that the use of deadly force to detain, seize, or restrain the unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office

COMPLAINT FOR DAMAGES   – 15

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1  intentionally misstated to the public that, *"Tommy Le was shot because he was attacking the deputies*

2  *with a knife"*.

3     107.   Knowing that Tommy Le was unarmed when he was shot by King County Deputy

4  Sheriffs, representatives of the King County Sheriff's Office, went to the Le family home and told the

5  Le family members that, *"Tommy Le was shot because he was attacking the deputies with a knife"*.

6     108.   Knowing that use of deadly force to detain, seize, or restrain the unarmed Tommy Le

7  violated clearly established statutory and constitutional rights, the King County Sheriff's Office

8  intentionally misstated to Tommy Le's family that Tommy Le was armed with a knife and was

9  attacking the Sheriff Deputies with a knife when he was shot and killed.

10     109.   It was reasonably foreseeable to defendants that the unlawful killing of Tommy Le

11  would cause the Le family to suffer emotional and psychological harm.

12     110.   Defendants unlawful, reckless, and/or negligent shooting and killing of Tommy Le, an

13  unarmed 120 pound high school student, caused the Le family emotional distress and psychological

14  harm.

15     111.   It was reasonably foreseeable to Defendant King County Sheriff's Office that

16  misrepresenting to the public, press, and to the Le family privately that Tommy Le was armed with a

17  knife and was attacking the Sheriff's deputies with a knife when he was shot and killed would cause

18  additional emotional and psychological harm to the Le family.

19     112.   The Le family members, Plaintiffs Hoai "Sunny" Le, Tommy Le's father, Dieu Ho,

20  Tommy Le's mother, Bao Xuyen Le and Uyen Le, Tommy Le's aunts, Kim Tuyet Le, Tommy Le's

21  grandmother, and Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen

22  Tommy Le's brothers and sisters, suffered avoidable humiliation and emotional and psychological

23

**COMPLAINT FOR DAMAGES  – 16**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

harm as a result of the King County Sheriff's Office's intentional misrepresentations that Tommy Le was armed with and attacking Deputy Sheriffs with a knife when he was shot and killed.

113.    The actions of the King County Sheriff's Office in knowingly misrepresenting to the public, press, and family that at the time Tommy Le was shot, *"Tommy Le was armed with knife and shot because he was attacking deputy sheriffs with a knife"*, and the actions of conspiring to conceal the truth that Tommy Le was unarmed when he was shot in the back was intentional or reckless and constitutes outrageous conduct that was so extreme and outrageous in degree and character as to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community.

114.    Plaintiffs, the Le Family, maintained a close loving relationship with the deceased, Tommy Le, who was raised with his parents, aunts, grandmother, and family members. The unlawful death of Tommy Le has resulted in Decedent Tommy Le's parents, grandmother, aunts, and siblings' loss of the benefit and enjoyment of the parent/child, grandmother/grandson, aunts/nephew, and siblings' relationships.

115.    A contributing cause of the death of Tommy Le, and the violation of his Washington state and federal constitutional rights to be free of unreasonable seizure, was the unconstitutional policies, practices, and operating procedures of the King County Sheriff's Office.

116.    A contributing cause of the death of Tommy Le, and the violation of his Washington state and federal constitutional rights to be free of unreasonable seizure, was the improper selection, training, and supervision of Deputy Sheriffs by the King County Sheriff's Office.

117.    A contributing cause of the death of Tommy Le was the negligence of the King County Deputies present at the scene of the shooting and of the King County Sheriff's Office.

**COMPLAINT FOR DAMAGES   – 17**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

118.    The negligence of the King County Sheriff's Office was a contributing cause of the death of Tommy Le.

119.    The negligence of King County Sheriff John Urquhart was a contributing cause of the death of Tommy Le.

120.    King County Sheriff John Urquhart failed to develop, implement, and supervise policies and practices that assured that Deputy Sheriffs were properly selected, trained, instructed, and supervised regarding the constitutional restrictions upon, and the effective alternatives to, the use of deadly force against suspects who appear to be disturbed or confused persons suffering from some type of emotional or mental disorder and on racially selective law enforcement.

121.    The negligence of King County, King County Sheriff John Urquhart, and the King County Sheriff's Office includes, but was not limited to: the negligent selection, training, assignment, and supervision of King County Deputy Sheriffs Caesar Molina and Owens.

122.    The negligence of the King County, King County Sheriff John Urquhart, and the King County Sheriff's Office includes, but is not limited to: failure to employ effective de-escalation tactics; failure to employ available non-lethal alternative methods to detain, seize, or restrain Tommy Le; negligent selection, training, assignment, and supervision of deputy sheriffs;  failure to properly train and encourage deputies in the effective use of de-escalation and alternative non-lethal methods to detain, seize, and restrain individuals including individuals suffering from apparent mental or psychological episodes; and, other actions and non-actions to be proven at trial.

123.    Several weeks after Tommy Le was shot and killed by King County Deputy Sheriffs, the then King County Sheriff John Urquhart went to the Le family home and told the Le family members that given the facts of the case, *"he would not have shot Tommy Le."*

**COMPLAINT FOR DAMAGES   – 18**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

124.    On October 11th, 2017 in public statements to members of the Asian Pacific Director's

Coalition, the then King County Sheriff John Urquhart responded to individuals expressions of

concerns about the inappropriate use of deadly force upon Tommy Le and stated "*I can't tell you why*

*the officer didn't wrestle him to the ground and take that pen out of his hand. That's what I would have*

*done.*"

## 6.    FIRST CAUSE OF ACTION:

### Federal Civil Rights Violations of the United States Constitution 4th and 14th Amendments, under 42 U.S.C. § 1983

125.    By virtue of the facts set forth above, all the defendants are liable for compensatory and

punitive damages for the deprivation of the civil rights of the deceased Tommy Le, which is guaranteed

by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from

unreasonable seizure of his person in the form of the Deputy Sheriffs' use of excessive (deadly) force.

126.    King County Deputy Sheriff Caesar Molina violated 42 U.S.C. § 1983 when he used

excessive (deadly force) against Tommy Le.

127.    By virtue of the facts set forth above, all the defendants are liable for compensatory and

punitive damages for the deprivation of the civil rights of the deceased Tommy Le which are guaranteed

by the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983, to be free of racially

selective law enforcement and/or the use of deadly force.

128.    Defendant King County Deputy Sheriff Caesar Molina violated 42 U.S.C. § 1983 and

Tommy Le's right as an Asian American to equal protection of the law irrespective of his race, as

guaranteed by 14th Amendment to the United States Constitution.

129.    By virtue of the facts set forth above, all the defendants are liable for compensatory and

punitive damages for the deprivation of the civil rights of, defined as the liberty interests of the deceased

COMPLAINT FOR DAMAGES   – 19

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1   Tommy Le's parents, Dieu Ho and Hoai "Sunny" Le, for the loss of companionship and society of their

2   adult child Tommy Le guaranteed by the 14th Amendment to the United States Constitution and 42

3   U.S.C. § 1983.

### 7.   SECOND CAUSE OF ACTON:

**Washington State Law Claim of Wrongful Death RCW 4.20.020 and Survival Action RCW 4.20.046**

130.   Due to the facts set forth above, all the defendants are liable to the Estate of Tommy Le for compensatory damages for negligently causing the death of Tommy Le.

### 8.   THIRD CAUSE OF ACTION:

**Washington State Law Claim for the Tort of Outrage**

131.   By virtue of the facts set forth above, all the defendants are liable to Plaintiffs, the Le family members, for the tort of outrage.

### 9.   FOURTH CAUSE OF ACTION:

**Washington State Law Claims for Reckless or Negligent Infliction of Emotional Distress**

132.   By virtue of the facts set forth above, all the defendants are liable to Plaintiffs, the Le family members, for reckless or negligent infliction of emotional distress.

### 10.   FIFTH CAUSE OF ACTION:

**Negligent Selection, Training, and Supervision**

133.   By virtue of the facts set forth above, Defendants Dow Constantine, King County Executive, King County, John Urquhart, former King County Sheriff, and the King County Sheriff's Office, and each of them, are liable to plaintiffs Le estate and family for negligent selection, training, and supervision of the King County Deputy Sheriffs, including Deputy Sheriff Caesar Molina.

### 11.   SIXTH CAUSE OF ACTION

COMPLAINT FOR DAMAGES   – 20

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

*Respondeat Superior*

128. By virtue of the facts set forth above, Defendant King County and the King County Sheriff's Office are liable under the doctrine of *respondeat superior* for the negligent acts of their employees, the King County Deputy Sheriffs, including King County Deputy Sheriff Caesar Molina, who were at the time of shooting of Tommy Le acting in the course of and in the scope of their employment with King County and the King County Sheriff's Office.

## 12.   RELIEF REQUESTED

129. Plaintiffs request the Court enter judgment for the plaintiff for:

    1.    Compensatory damages in excess of $75,000.00;

    2.    General damages to be proven at trial;

    3.    Punitive damages as the jury finds just and proper;

    4.    Prejudgment interest on liquidated damages;

    5.    Attorney fees and litigation costs as determined by the Court;

    6.    Other such remedies as this Court deems appropriate.

DATED January 16th, 2018.

By _____
Jeffery M. Campiche, WSBA No. 7592
Philip G. Arnold, WSBA No. 2675
Linda Tran, WSBA No. 50109
Jacqueline Hackler, WSBA No. 52636
CAMPICHE ARNOLD PLLC
   Attorneys for Plaintiffs Le family
Market Place Tower, Suite 830
2025 First Avenue
Seattle, WA 98121
Tele: 206.281.9000 Facsimile: 206.281.9111
Email addresses:
jcampiche@campichearnold.com

**COMPLAINT FOR DAMAGES  – 21**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1

2

3

4

parnold@campichearnold.com
ltran@campichearnold.com
jhackler@campichearnold.com
smacias@campichearnold.com
lharris@campichearnold.com
slandholm@campichearnold.com

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**COMPLAINT FOR DAMAGES** – 22

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

# Estate of Tommy Le & the Le Family's
# *AMENDED* NOTICE OF CLAIM (page 2, ¶ 4)
# To King County, King County Sheriff's Office, &
# John Urquhart, King County Sheriff



**Mail or deliver**
**Original claim**
**to:**

**Martin Luther King Jr. County**
**King County Sheriff**
**John Urquhart, King County Sheriff**
**Caesar Molina, King County Deputy Sheriff**
**King County Clerk of the Council**
**King County Courthouse**
**Room W-1200**
**516 Third Avenue**
**Seattle, WA  98104**

## CLAIMANT INFORMATION:

1. Claimants' names:
   **Estate of Tommy Le**
   **Personal Representative Xuyen Le and the Le Family:**
   **Hoai "Sunny" Le, Father; Dieu Ho, Mother; Uyen Le**
   **and Xuyen Le, Aunts; Kim Tuyet Le, Grandmother;**
   **Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia**
   **Nguyen, and Jefferson Nguyen, brothers and sister; of**
   **the deceased Tommy Le.**

2. Current residential address:
   **c/o Campiche Arnold PLLC**

3. Mailing address (if different):

   **c/o Attorneys Jeffery M. Campiche & Linda D. Tran**
   **CAMPICHE ARNOLD PLLC**
   **Market Place Tower**
   **2025 First Avenue, Suite 830**
   **Seattle, WA  98121**
   **Tele: 206.281.9000 Facsimile:  206.281.9111**
   **Email addresses:**
   **jcampiche@campichearnld.com**
   **ltran@campichearnold.com**
   **lharris@campichearnold.com**

- 1 - *AMENDED*

**4.** Residential address for six months prior to the date of the incident (if different from current address):

                        **Same as No. 2. & 3.**

**5.** Claimant's daytime telephone number:

                        **c/o Jeffery M. Campiche & Linda D. Tran**
                        **206.281.9000**

**6.** Claimant's e-mail address:

                        **c/o jcampiche@campichearnold.com**
                        **ltran@campichearnold.com**
                        **lharris@campichearnold.com**

## INCIDENT INFORMATION

**7.** Date of the incident(s):       **June 14th, 2017**

### FACTS

On June 14th, 2017 King County Deputy Sheriff Caesar Molina, shot and killed unarmed 120 pound Tommy Le in Burien, WA. Deputy Molina shot the unarmed student twice in the back.

Tommy Le, a member of a large lawful Vietnamese refugee family residing here in King County, was a thoughtful and kind high school student who was set to graduate later that day.

Tommy Le had no history of violent or criminal behavior. Unarmed and small in stature, 5' 4" and approximately 120 pounds, Tommy Le did not present an imminent risk of serious physical injury or death to the several trained police officers who confronted him, nor was he a risk to any other persons. The deputies did not exhaust effective non-lethal means to detain or help Tommy Le, who the Sheriff's Deputies claim may have been suffering from some type of mental health crisis. It was not necessary for the King County Deputy Sheriff Molina to employ deadly force to protect himself, fellow officers, or others. The decision to use deadly force is believed to be an overreaction from poorly trained officers, the result of a failure of policy and procedures in the King County Sheriff's Office as well as negligent selection and hiring, and the inadequate training and supervision of King County's Deputy Sheriffs - including Deputy Sheriff Caesar Molina.

After the shooting death of Tommy Le, the King County Sheriff's Office chose to conceal the truth that Tommy Le was unarmed when he was shot in the back – twice. The Sheriff's Office and its Public Information Officer (PIO) - affirmatively released untrue facts stating that Tommy Le was attacking the deputies with a knife when he was shot. The King County Sheriff's Office knew within minutes of the shooting that Tommy Le was unarmed and shot in the back. Several days later, ~~the King County Sheriff John Urquhart and~~ King County Deputy Sheriffs went to the Le's family home and deliberately ~~lied~~

*misrepresented* to the family, telling them that Tommy Le was shot dead because he was "attacking the deputies with a knife". The family was not told that Tommy was unarmed when he was shot in the back. This intentional fabrication caused the Le family predictable needless emotional harm and humiliation.

## LEGAL CLAIMS

### Estate of Tommy Le's Claim of Damages for Washington Wrongful Death & 42 USC § 1983 and the Violations of Deceased Tommy Le's Federal Civil Rights

### Violation of Tommy Le and the Le Family's Civil Rights, 42 USC § 1983, and Washington Wrongful Death/Survivorship Claims, and Negligent Infliction of Emotional Distress and the Tort of Outrage

Xuyen Le, the duly appointed Personal Representative of the Estate of Tommy Le, (King County Superior Court Number 17-4-04798-5) hereby notifies Martin Luther King Jr. (King) County, The King County Sheriff's Office, John Urquhart, King County Sheriff, and Caesar Molina, Deputy King County Sheriff, of her intention to file suit for monetary and punitive damages in the United States District Court for Western Washington at Seattle. The suit will allege that under the color of state law, Caesar Molina, a King County Deputy Sheriff, shot and killed Tommy Le, an unarmed 120 pound student in violation of Tommy Le's United States' Constitutional 4th Amendment right to be free from the application of excessive deadly force by police officers. Deputy Sheriff Molina's use of deadly force under the circumstances constituted excessive force and an unreasonable seizure. The Estate of Tommy Le seeks redress for his death under 42 USC § 1983, applicable Washington state wrongful death/survivorship laws, federal laws, and both state and federal legal remedies.

A substantial contributing cause of Tommy Le's wrongful death and deprivation of civil rights was the unconstitutional policies, practices and operating procedures of Martin Luther King Jr. County (King County), the King County Sheriff's Office, and the failure of King County Sheriff John Urquhart, who was the final policy maker at the King County Sheriff's Office, to develop, implement and supervise policies that assured that deputy sheriffs were properly selected,  trained, instructed, and supervised regarding the constitutional restrictions upon and effective alternatives to the use of deadly force against citizens including individuals who appear to be a disturbed or confused person suffering from some type of emotional or mental disorder.

**Tommy Le's Family's Civil Rights Claims**

Tommy Le's Father, Hoai "Sunny" Le; Mother, Dieu Ho;  Aunts, Uyen Le and Xuyen Le; Grandmother, Kim Tuyet Le; brothers and sister, Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen;  of the deceased Tommy Le hereby notify Martin Luther King Jr. County (King County), the King County Sheriff's Office, John Urquhart, King County Sheriff, and Caesar Molina, Deputy King County Sheriff of their intention to file suit for monetary & punitive damages in the United States District Court for Western Washington at Seattle for the violation of civil rights including the family member's US Constitutional 5th and 14th amendment liberty right to the family relationship and consortium with the deceased, Tommy Le, and as well as harms caused by the negligence and outrageous conduct of the named King County Officials related to the concealment. In addition to the private and public misrepresentation of the facts surrounding the death of Tommy Le including, but not limited to: misstating that Tommy Le was armed and attacking the deputy sheriffs and other individuals when he was shot and killed by King County Deputy Sheriff Molina. It was foreseeable that such an untrue statement would and in fact did cause emotional harm to the family members.  Such behavior of concealing the truth from the public and announcing misstatements to the family constitute the Tort of Outrage under Washington state law.

**Washington State Torts of Negligence: Infliction of Emotional Distress and Outrage**

The Le family is a family of non-violent and law-abiding Vietnamese Refugees/Immigrants of the Buddhist faith, who fled the violent police state of Vietnam in the 80s and early 90s.  Like most Buddhists, Tommy Le and the entire Le family do not tolerate or participate in violence. None of the Le family have committed crimes and certainly no acts of violence. King County Sheriff John Urquhart and King County Deputy Sheriff Caesar Molina, and other unknown individuals employed by the King County Sheriff's Office, knowing that Tommy Le was unarmed at the time he was shot dead, conspired to withhold from the press and family the crucial facts that Tommy Le was unarmed at the time he was shot by Deputy Sheriff Molina and that he was shot in the back. The Sheriff's officers also disseminated an untrue account of the shooting of Tommy Le in which the public was told that Tommy Le was attacking the police officers with a knife when he was shot.  The sheriff officers concealed the fact that was shot in the back. Certainly, the fact that Tommy Le was unarmed and shot in the back, twice, was known to King County Sheriff's Office when they made the untrue statements.  Shortly after Tommy Le's shooting death several King County Sheriff officers came to the Le family home and notified the Le family of Tommy Le's death. These King County Sheriff's personnel told the Le family that Tommy Le was shot because he was attempting to kill the deputy sheriff's that shot him with a knife. The deputies' statements were knowingly untrue, false, and misleading and predictably caused Tommy Le's family members emotional and psychological harm constituting the Washington State torts of negligence infliction of emotional distress and outrage.  It was foreseeable that such an untrue statement relating to Tommy Le attacking police officers with a knife would and in fact did cause emotional harm to the family members.

**Parents of Tommy Le, Hoai "Sunny" Le and Dieu Ho, Claim for 42 USC § 1983 deprivation of their US Constitution 5th and 14th Amendment Liberty Rights in the Relationship with their Adult Child, Tommy Le.**

In addition to violation of Tommy Le's US Constitutional right to be free of excessive force during arrest or seizure, Tommy Le's parents, Hoai "Sunny" Le and Dieu Ho, seek compensation for Deputy Molina, Sheriff Urquhart and King County Sheriff and King County's unconstitutional deprivation of their US Constitutional 5th and 14th Amendment rights. Under their 14th Amendment rights, Deputy Molina, Sheriff Urquhart, King County Sheriff's Office, and King County acted with deliberate indifference to take away their rights to enjoy their parent/child relationship with their child, Tommy Le.

**9.** Location of incident:  **136th Avenue South and 3rd Avenue South, Burien, WA.**

**10.** If the incident occurred on a street or highway:

**Yes, 136th Avenue South and 3rd Avenue South, Burien, WA.**

**11.** Agency or department alleged responsible for damage/injury:

**King County, King County Sheriff's Office / John Urquhart, Sheriff**

**12.** Names, addresses and telephone numbers of all persons involved in or witness to this incident:

**The King County Sheriff's Office has compiled but refused to release witness statements to the representatives of the deceased Tommy Le.**

**Brian Maxrim MD, Associate King County Medical Examiner**

**Richard Harruff MD PhD, King County Medical Examiner**

**King County Medic One**

**13.** Names, addresses and telephone numbers of all entity employees having knowledge about this incident:

**Caesar Molina, King County Deputy Sheriff**
**Matt Paul, King County Deputy Sheriff**
**Tanner Owens, King County Deputy Sheriff**
**King County Deputy Sheriffs who responded ("10 cars") known to King County but whose identities have been concealed from Tommy Le's representatives**
**John Urquhart, King County Sheriff**
**Christopher Berringer, Deputy King County Sheriff**

**Adam E. Easterbrook, reporting officer on scene, King County Deputy Sheriff**

Laurence J. Zimnisky, KCSO Reviewer of Report, King County Deputy Sheriff
Christo Johnson, Investigator assigned, King County Deputy Sheriff
Cindy West, King County Sheriff Public Information Officer

Donovan Marley, 9-1-1 Responder, EMT-Paramedic – 1265
Anthony DeSanto, 9-1-1 Responder

Harborview Emergency Department Personnel as yet unknown

Brian Maxrim MD, Associate King County Medical Examiner
Richard Harruff MD PhD, King County Medical Examiner

Burien residents whose identities are known to King County Sheriff but whose
identities have been concealed from Tommy Le's representatives.

Deceased Tommy Le's family, c/o Campiche Arnold PLLC.

**14.** Names, addresses and telephone numbers of all individuals not already identified in
No. 12 and No. 13 above that have knowledge regarding the liability issues involved in this
incident, or knowledge of the Claimant's resulting damages. Please include a brief
description as to the nature and extent of each person's knowledge. Attach additional sheets
if necessary.

See above.

**15.** Describe the cause of the injury or damages. Explain the extent of property loss or
medical, physical or mental injuries. Attach additional sheets if necessary:

Factual Synopsis: On June 14th, 2017 in Burien, King County, Washington, at the
corner of 136th and 3rd Avenue South, King County Deputy Sheriff Caesar Molina
unlawfully shot and killed Tommy Le, an unarmed 120 pound student. Deputy
Molina shot Tommy in the back - twice. A cause of the killing was King County
Sheriff John Urquhart, King County Sheriff's Office and King County's
unconstitutional policies and procedures and the negligent training, supervision, and
selection of Deputy Molina.

Causes include, but are not limited to: Tommy Le's death was caused by the unlawful
use of deadly force by King County Deputy Sheriff Caesar Molina. Deputy Molina
shot the unarmed 120lb student, Tommy Le in the back. A cause of Tommy Le's
killing was King County Sheriff John Urquhart, King County Sheriff's Office and
King County's unconstitutional policies and procedures and the negligent selection
training, and supervision of Deputy Molina.

<u>Harms, Losses and Damages:</u>

Deprivation of the claimant's US civil rights to be free of unreasonable seizures and to enjoy the family and parent – child relationship, loss of life, future economic loss, pre-death pain and suffering and loss of parent's liberty right in relationship with Tommy Le, their child. Family emotional distress, humiliation, and outrage.

17. Names, addresses and telephone numbers of treating medical providers. Attach copies of all medical reports and billings.

9-1-1 King County Medic One Report attached at No. A.
University of Washington Harborview Medical Center Emergency Medicine Department Chart, to be supplemented.
King County Medical Examiner's Report attached at No. B.

See above at No. 12.

18. Please attach documents that support the claim's allegations.

Those records in counsel's possession are produced on the attached CD Rom. Updated copies will be provided upon receipt.

19. Damages:

The Estate of Tommy Le has suffered and claims compensatory damages as determined by a jury but not less than $10,000,000.00. The Le family seek compensatory damages in the amount to be determined by a jury but not less than $10,000,000.00. The Estate and family of Tommy Le seek punitive damages as determined by a jury but not less than $10,000,000.00. The claimants will also seek attorney fees and litigation costs, as determined by the fees and costs incurred in the prosecution of this case.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

September 7, 2017 at Seattle, Washington


Xuyen Le,
**Personal Representative**
of the Estate of Tommy Le


Jeffery M. Campiche, WSBA No. 7592
Linda D. Tran, WSBA No. 50109

- 7 - *AMENDED*

**CAMPICHE ARNOLD PLLC**
**Attorneys for Estate of Tommy Le and the Le family**

**Attachments (not attached to Amendment/Attached to Notice of Claim):**

 A. Medic One Report
 B. King County Medical Examiner's Report