1

2                                                      The Honorable Thomas S. Zilly
                                                       Trial Date:  June 3, 2019
3

4

5

6

7          IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
                                        AT SEATTLE
8

9

10   BAO XUYEN LE, INDIVIDUALLY, and
     as the Court appointed PERSONAL
11   REPRESENTATIVE OF THE ESTATE              NO.   2:18-CV-00055-TSZ
     OF TOMMY LE, HOAI "SUNNY" LE,
12   Tommy Le's Father, DIEU HO, Tommy         **PLAINTIFFS' SECOND AMENDED**
     Le's Mother, UYEN LE and BAO XUYEN        **COMPLAINT FOR DAMAGES for**
13   LE, Tommy Le's Aunts, KIM TUYET LE,       **VIOLATION OF CIVIL RIGHTS**
     Tommy Le's Grandmother, and QUOC          **42 U.S.C. § 1983, and under WASHINGTON**
14   NGUYEN, TAM NGUYEN, DUNG                  **STATE LAW:  TORTS OF WRONGFUL**
     NGUYEN, JULIA NGUYEN AND                  **DEATH (RCW 4.20.020) & SURVIVAL**
15   JEFFERSON NGUYEN, Tommy Le's              **ACTION (RCW 4.20.060), NEGLIGENCE,**
     Siblings,                                 **NEGLIGENT TRAINING and, and**
16                                             **TORT OF OUTRAGE**

17                      Plaintiffs,            **Jury Trial Requested**

     v.
18

19   MARTIN LUTHER KING JR. COUNTY
     as sub-division of the STATE of
20   WASHINGTON, and KING COUNTY
     DEPUTY SHERIFF CESAR MOLINA.
21
                        Defendants.
22

23

     **PLAINTIFFS' SECOND AMENDED**                **CAMPICHE ARNOLD, PLLC**
     **COMPLAINT FOR DAMAGES       – 1**             Market Place Tower
     NO.   2:18-CV-00055-TSZ                        2025 First Avenue, Suite 830
                                                    Seattle, WA 98121
                                                    TEL: (206) 281-9000
                                                    FAX: (206) 281-9111

Plaintiffs Le, Ho, and Nguyen by and through their attorneys Campiche Arnold, PLLC and for this Complaint allege:

## 1.  JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments to the United States Constitution, and various Washington State constitutional, statutory, and common law tort claims. This Court has original jurisdiction over the plaintiffs' claims for violations of the United States Constitution and the deceased Tommy Le's civil rights, pursuant to 28 U.S.C. §§ 1331, 1343, and 1376 *et. seq.*



2.      Venue is appropriate in the U.S. District Court, Western District of Washington at Seattle, pursuant to 28 U.S.C. § 1391 because the defendants are all believed to reside in the district, the municipal corporations of Martin Luther King Jr. County (King County), and the King County Sheriff's Office is located in the district, the plaintiffs all reside in the district, and because the shooting of Tommy Le and medical treatment occurring in the last hours of his life all occurred in the district.

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES**      **– 2**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

3.    There exists a common nucleus of operative facts as to plaintiffs' Washington State and federal claims.   As a consequence, this Court has pendent or supplemental jurisdiction over the Washington State claims pursuant to 28 U.S.C. § 1367.

## 2.  PARTIES

### 2.A Plaintiffs

4.    Plaintiffs are residents of the Western District of Washington, all but one of which reside in Seattle, King County, Washington.   Plaintiff Uyen Le is a resident of Snohomish County, Washington.

5.    Boa Xuyen Le is the Court Appointed Personal Representative of the Estate of Tommy Le.

6.    Hoai "Sunny" Le is the father of the deceased Tommy Le.

7.    Dieu Ho is the mother of the deceased Tommy Le.

8.    Uyen Le and Bao Xuyen Le are the aunts of the deceased Tommy Le.

9.    Kim Tuyet Le is the grandmother of the deceased Tommy Le.

10.    Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen are the brothers and sisters of the deceased Tommy Le.

### 2.B Defendants

11.    X

12.    X

13.    King County is a political sub-division of the State of Washington with the right to sue and be sued in its own name and stead.

14.    X

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**   **– 3**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

15. King County Deputy Sheriff Cesar Molina is and was a King County Deputy Sheriff employed by Defendant King County Sheriff's Office, who on June 14th, 2017, under the color of state law and acting in the scope of his employment as a King County Deputy Sheriff, shot and killed Tommy Le.

### 3. CLAIM FOR DAMAGES

16. A Claim for Damages and Amended Claim were properly filed with Defendants King County, and the King County Sheriff. More than 60 days has passed without a response from any defendant. Attached hereto, as Attachment No. 1, is a copy of Plaintiffs' Amended Claim for Damages, which by this reference is incorporated in this Complaint.

### 4. JURY DEMAND

17. Pursuant to Fed. R. Civ. Pro. 38, plaintiffs hereby request a trial by jury.

### 5. BACKGROUND FACTS

18. On June 14th, 2017, Tommy Le was scheduled to graduate from high school.

19. Tommy Le was of Asian, specifically Vietnamese, descent.

20. As is the tradition in many families who immigrate from Vietnam, Tommy Le was raised by his extended family that included his paternal grandmother, Plaintiff Kim Tuyet Le, his father Plaintiff Hoai "Sunny" Le, his mother Plaintiff Dieu Ho, his aunts Plaintiffs Boa Xuyen Le and Uyen Le, and his (half) brothers and sisters, Plaintiffs Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen.

21. The Le family were Vietnamese refugees to the United States and of the Buddhist faith.

22. Tommy Le was born in the United States of America and was a United States citizen of Asian descent.

PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES      – 4
NO.  2:18-CV-00055-TSZ

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

23.     The Le family, including Tommy Le, placed a very high value on human life and opposed the use of violence.

24.     Prior to his death, Tommy Le had never been arrested for, much less convicted of a crime.

25.     At the time of his death, Tommy Le was five feet four inches (5'4") tall and weighed 120 pounds, and was substantially smaller in stature and weight than the much larger and physically fit King County Deputy Sheriffs who were involved in his death.

26.     The King County Deputy Sheriffs involved in Tommy Le's death were not Asian.

27.     At the time relevant to this lawsuit, Defendant King County had a duty to properly select, train, and supervise King County Deputy Sheriffs to understand and comply with the requirements of the United States Constitutional limitations on the use of deadly force, to employ less than lethal methods of detaining individuals including individuals who appear to be suffering from some type of mental illness or delusions, and to de-escalate encounters with individuals who appear hostile, impaired, emotional, or mentally disturbed, to restrain from racially selective police practices and to avoid the use of deadly force unless necessary to protect against immediate danger of death or serious injury to officers or others.

28.     At the time relevant to this lawsuit, Defendant King County breached its  duty to properly select, train, and supervise King County Deputy Sheriffs to understand and comply with the requirements of the United States Constitutional limitations on the use of deadly force, to employ less than lethal methods of detaining individuals including individuals who appear to suffering from some type of mental illness or delusions, and to de-escalate police encounters with individuals who appear hostile, impaired, emotional, or mental disturbed, to restrain from racially selective police practices and

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES      – 5**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

to avoid the use of deadly force unless necessary to protect against immediate danger of death or serious injury to officer or others.

29.     In June 2017 King County Deputy Sheriff Cesar Molina was employed as a King County Sheriff's Deputy.

30.     On June 14th, 2017 in King County, Washington, King County Deputy Sheriff Cesar Molina shot and killed Tommy Le.

31.     At the time that King County Deputy Sheriff Cesar Molina shot and killed Tommy Le, King County Deputy Sheriff Cesar Molina was acting under the color of state law and within the scope and course of his employment as a King County Deputy Sheriff.

32.     King County Deputy Sheriff Cesar Molina's decision to employ deadly force and to shoot and kill unarmed Tommy Le in the back was in part caused by the negligent failure of his employer's selection, training, and supervision of King County Deputy Sheriffs, including the failure to properly emphasize and train the deputies to restrain from racially selective police practices, in effective de-escalation techniques and non-lethal methods of detention and arrest.

33.     The named defendants and all law enforcement officers, including the King County Sheriff's Office, have a duty to protect human life.

34.     Law enforcement officers have a duty to help individuals suffering from a period of emotional and mental impairment.

35.     King County Deputy Sheriff Cesar Molina had a legal duty to restrain from racially selective police practices, to employ de-escalation techniques and non-lethal detention methods to detain Tommy Le, before he shot and killed Tommy Le.

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES      – 6**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1        36.     King County Deputy Sheriff Cesar Molina did not restrain from racially selective police

2   practices, use de-escalation and effective non-lethal techniques to detain Tommy Le before he shot and

3   killed Tommy Le.

4        37.     King County Deputy Sheriff Cesar Molina did not effectively use available and effective

5   non-lethal techniques to detain Tommy Le before he shot and killed Tommy Le.

6        38.     The King County Deputy Sheriffs who were at the scene of the incident that led to the

7   death of Tommy Le did not employ available and effective de-escalation techniques with Tommy Le

8   before Tommy Le's death.

9        39.     Deputy Sheriffs and defendants, including King County Deputy Sheriff Cesar Molina,

10  did not have probable cause to believe that Tommy Le posed an imminent threat of death or serious

11  physical injury to King County Deputy Sheriff Cesar Molina, the other King County Deputy Sheriffs,

12  or to others, at the time that King County Deputy Sheriff Cesar Molina employed deadly force on

13  Tommy Le.

14       40.     Tommy Le was unarmed when King County Deputy Sheriff Cesar Molina shot and

15  killed Tommy Le.

16       41.     All of the King County Deputy Sheriffs present at the time and place where Tommy Le

17  was fatally shot were all armed with lethal and non-lethal weapons.

18       42.     All of the King County Deputy Sheriffs present at the time and place where Tommy Le

19  was fatally shot were physically stronger, larger, and more physically capable than Tommy Le and

20  were trained in physical defensive tactic including "take down" movements.

21

22

23

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES**    **– 7**
NO.  2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

43.    The King County Sheriff's Office claims that at the time Tommy Le was shot by King County Deputy Sheriff Cesar Molina, Tommy Le possessed a black Papermate "1.0 m" ballpoint medium point ink pen.



44.    The Papermate ballpoint medium point ink pen thought to be held by Tommy Le when he was shot was not a weapon and could not inflict death or serious physical injury

45.    At the time of the shooting, Tommy Le was wearing shorts and a T-shirt.

46.    At the time of the shooting, there was no place to conceal a knife or weapon on Tommy Le's person.

47.    In his post shooting statement, King County Deputy Sheriff Cesar Molina did not claim to have seen a knife or deadly weapon in Tommy Le's hands.

48.    A TASER™ or tazer (taser) is an electrical weapon that when properly deployed fires two dart-like electrodes, which stay connected to the weapon and deliver an electric charge that immobilizes the person "tazed".

49.    King County Deputy Sheriffs Molina and Owen both independently attempted to tase Tommy Le in the chest before King County Deputy Sheriff Cesar Molina fatally shot Tommy Le with a 9mm handgun.

50.    The maximum range of the tasers Defendant King County Deputy Sheriffs deployed against Tommy Le was 25 feet.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES**     **– 8**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

51.     The tasers the Defendant King County Deputy Sheriffs deployed against Tommy Le were ineffective due to improper maintenance, deployment, or use.

52.     Defendants King County Deputy Sheriff Molina and other King County Deputy Sheriffs made a decision not to employ available and effective de-escalation tactics or non-lethal methods of detaining (for example a physical take down) Tommy Le.

53.     At the time, place, and circumstances of Tommy Le's shooting death, the proper use of alternative non-lethal methods, de-escalation tactics, and physical non-lethal force would have effectively detained Tommy Le.

54.     The use of deadly force was not necessary to detain Tommy Le.

55.     The use of deadly force was not necessary to protect the King County Deputy Sheriffs or other individuals present from imminent death or serious physical injury.

56.     King County Deputy Sheriff Cesar Molina shot Tommy Le three times in the back with a 9 mm handgun.

57.     The 9 mm bullets used to shoot and kill Tommy Le were hollow point 9mm bullets, which is an expanding bullet with a hollowed-out tip designed to expand and flatten when it enters a human body so as to disrupt more tissue as it travels through the person's body.

58.     The use of hollow point ammunition in warfare is barred by The Hague Convention; the relevant portion of which reads: "*the contracting parties agree to abstain from the use of bullets which expand or flatten easily in human body. . .*"

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES    – 9**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

59.     The King County Medical Examiner described the gunshot wounds that caused Tommy Le's death:

a.      *"penetrating handgun wound of the left lateral back with the entrance wound, left lateral back, (4.24 inches to the left of midline and 42.5 inches superior to the heels) perforation of the left kidney, spleen and liver, and the bullet recovered from the right anterior chest wall." The path of the bullet "back to front, left to right, and slightly upwards".*

b.      *"penetrating handgun wound of the medial left back, (0.5 inches to the left of midline and 40.5 inches superior to the heels) with entrance wound, medial left back, perforation of the right kidney and liver and the bulled recovered from right lateral chest wall." The path of the bullet is back to front, left to right and slightly upwards".*

c.      *Perforation handgun wound of the left wrist, entrance wound, ulnar left wrist, perforation of the soft tissues and 5th metacarpal bone, with exist wound, palmar left hand".*

60.     Bullet wounds that penetrate the kidney, liver, and spleen are very painful and after a period of time, usually fatal.

61.     After Tommy Le had turned away from King County Deputy Sheriff Cesar Molina and from the other officers and citizens, King County Deputy Sheriff Cesar Molina shot Tommy Le twice in the mid back and one time in his wrist at close range with a 9 mm handgun.

62.     At the moment King County Deputy Sheriff Cesar Molina shot to kill Tommy Le, Tommy Le was not advancing towards Deputy Molina or the other deputies or persons.

63.     No other person was struck by bullets.

64.     Several bullets shot by King County Deputy Sheriff Cesar Molina at Tommy Le missed Tommy Le and lodged in a home across the street.

65.     The King County Sheriff's Office issued King County Deputy Sheriff Cesar Molina the 9 mm handgun he used to shoot and kill Tommy Le.

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES        – 10
NO.   2:18-CV-00055-TSZ**

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

66.     Tommy Le did not touch or inflict any wounds on any of the King County Deputy Sheriffs or other persons present at the time that King County Deputy Sheriff Cesar Molina shot and killed Tommy Le.

67.     King County Deputy Sheriff Cesar Molina shot Tommy Le in the back, twice in his mid-back and once in the back of his forearm.

68.     At the time King County Deputy Sheriff Cesar Molina shot Tommy Le in the back, Tommy Le was unarmed.

69.     At the time King County Deputy Sheriff Cesar Molina shot Tommy Le in the back Tommy Le was walking away from King County Deputy Sheriff Cesar Molina, Deputy Owen, the other King County Deputy Sheriffs and other present persons.

70.     At the time King County Deputy Sheriff Cesar Molina shot Tommy Le, Tommy Le lacked the present capacity to cause serious physical injury or death to King County Deputy Molina, the other deputy Sheriffs, or any other individuals present.

71.     At the time King County Deputy Sheriff Cesar Molina shot Tommy Le in the back, he knew or had sufficient information for a reasonably competent police officer to know or suspect that Tommy Le was suffering from some type of mental impairment or confusion and required assistance.

72.     At the time King County Deputy Sheriff Cesar Molina shot and killed Tommy Le, there were not objective facts providing probable cause to believe that the unarmed 120 pound Tommy Le presented an imminent risk of causing serious physical injury or death to the King County Sheriff Deputies or other individuals.

73.     At the time of the fatal shooting, Tommy Le was in the presence of a number of armed, trained, and equipped King County Deputy Sheriffs who were all wearing protective clothing.

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES        – 11**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

74.     Any one of the King County Deputy Sheriffs present when King County Deputy Sheriff Cesar Molina shot to kill Tommy Le was capable of physically detaining, seizing, or restraining Tommy Le by employing less than deadly force.

75.     Together the several King County Deputy Sheriffs were capable of physically detaining, seizing, or restraining Tommy Le by employing less than deadly force.

76.     At the time King County Deputy Sheriff Cesar Molina shot to kill Tommy Le, it was not necessary to employ deadly force to detain, seize, or restrain Tommy Le.

77.     King County Deputy Sheriff Cesar Molina knew that the use of deadly force was not necessary to detain, seize, or restrain Tommy Le.

78.     King County Deputy Sheriff Cesar Molina knew that there were available effective alternative methods to the use of deadly force to detain, seize, or restrain Tommy Le.

79.     King County Deputy Sheriff Cesar Molina's use of deadly force to detain, seize, or restrain Tommy Le constituted use of excessive (deadly) force.

80.     King County Deputy Sheriff Cesar Molina's use of excessive (deadly) force to seize Tommy Le violated Tommy Le's United States Constitutional Fourth Amendment right to be free from unreasonable seizure.

81.     King County Deputy Sheriff Cesar Molina's use of excessive (deadly) force to seize Tommy Le constituted racially selective use of deadly force and violated Tommy Le's United States Constitutional 14th Amendment right to be free racially based selective policing practice and use of deadly force.

82.     After King County Deputy Sheriff Cesar Molina shot Tommy Le three times, the King County Deputy Sheriff handcuffed Tommy Le despite the profuse bleeding from his very serious bullet wounds.

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES        – 12**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

83.     A competent police officer would have known that the use of deadly force to detain, seize, or restrain Tommy Le, violated clearly established statutory and constitutional prohibitions on the use of deadly force and violated Tommy Le's state and federal constitutional rights to be free from the use of excessive, deadly force.

84.     A competent police officer would have known that the use of deadly force to detain, seize, or restrain Tommy Le, violated clearly established statutory and constitutional prohibitions on the use of racially selective deadly force and violated Tommy Le's state and federal constitutional rights to be free racially selective policing practices and deadly force.

85.     King County Deputy Sheriff Cesar Molina knew or a reasonable law enforcement officer would have known that the use of deadly force upon the fleeing unarmed Tommy Le violated Tommy Le's clearly established statutory and constitutional rights to be free of excessive force upon detention or arrest.

86.     The King County Sheriff's Office use of deadly force to detain, seize, or restrain Tommy Le, violated clearly established statutory and constitutional rights.

87.     The King County Sheriff's Office use of deadly force to detain, seize, or restrain Tommy Le was unlawful.

88.     The King County Sheriff's Office knew that King County Deputy Sheriff Cesar Molina's use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

89.     The King County Sheriff's Office knew that the King County Sheriff's Office use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES      – 13**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

90.     King County Deputy Sheriff Cesar Molina knew, or should have known, that the use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

91.     King County Deputy Cesar Molina knew, or should have known, that racial selective law enforcement is prohibited by both state and federal statutes and constitutions.

92.     One factor that influenced King County Deputy Sheriff Cesar Molina's decision to employ deadly force by shooting unarmed Tommy Le was Tommy Le being of Asian descent.

93.     Racially selective enforcement of the law including the employment of deadly force violates the equal protection clause of the 14th Amendment of the United States Constitution.

94.      King County Deputy Sheriff Cesar Molina's use of deadly force upon the unarmed Tommy Le violated Tommy Le's United States Constitutional 14th Amendment right that citizens of all races are to receive equal treatment by law enforcement.

95.     Clearly established statutory and case law restrict the employment of deadly force to situations where objective facts support the conclusion that the use of deadly force is necessary for a police officer to protect against imminent risk of serious physical injury or death.

96.     The King County Deputy Sheriffs, including King County Deputy Sheriff Cesar Molina and the Deputy Sheriffs present when Deputy Molina shot to kill Tommy Le, knew that the use of deadly force to detain, seize, or restrain Tommy Le violated clearly established statutory and constitutional rights.

97.     The King County Sheriff's Office knew that at the time King County Deputy Sheriff Cesar Molina shot to kill Tommy Le, Tommy Le was not armed with a knife or other weapon capable of inflicting serious injury or death.

**PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES** **– 14**
NO.  2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

98.     Prior to speaking with the press, public, and the Le family, the King County Sheriff's Office knew that Tommy Le was not armed with a knife or other dangerous object when he was shot and killed by King County Deputy Sheriffs.

99.     At the time and place that King County Deputy Sheriff Cesar Molina shot to kill Tommy Le, there were at least five (5) armed deputy sheriffs present, who were capable of physically restraining and arresting the unarmed 120 pound student without the use of deadly force.

100.     After being shot through the back into his vital organs and prior to his death, Tommy Le endured hours of pre-death pain and suffering.

101.     After King County Deputy Cesar Molina Shot Tommy Le, the King County Deputy Sheriffs handcuffed Tommy Le despite the fact that he was bleeding profusely from mortal wounds.

102.     King County Sheriff Deputy Cesar Molina knowingly violated Tommy Le's United States Constitutional right to be free of excessive force upon detention and arrest in violation of 42 U.S.C. § 1983.

103.     After being shot, Tommy Le was transported by Aid Car to Harborview Medical Center in Seattle, and died of the wounds inflicted by King County Deputy Sheriff Cesar Molina.

104.     Knowing that the use of deadly force to detain, seize, or restrain unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office intentionally concealed the fact that Tommy Le was unarmed when he was shot and killed.

105.     Knowing that use of deadly force to detain, seize, or restrain unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office intentionally concealed the fact that Tommy Le was shot two times in the back.

106.     Knowing that the use of deadly force to detain, seize, or restrain the unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office

PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES     – 15
NO.   2:18-CV-00055-TSZ

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

intentionally misstated to the public that, "*Tommy Le was shot because he was attacking the deputies with a knife*".

107.    Knowing that Tommy Le was unarmed when he was shot by King County Deputy Sheriffs, representatives of the King County Sheriff's Office, went to the Le family home and told the Le family members that, "*Tommy Le was shot because he was attacking the deputies with a knife*".

108.    Knowing that use of deadly force to detain, seize, or restrain the unarmed Tommy Le violated clearly established statutory and constitutional rights, the King County Sheriff's Office intentionally misstated to Tommy Le's family that Tommy Le was armed with a knife and was attacking the Sheriff Deputies with a knife when he was shot and killed.

109.    It was reasonably foreseeable to defendants that the unlawful killing of Tommy Le would cause the Le family to suffer emotional and psychological harm.

110.    Defendants unlawful, reckless, and/or negligent shooting and killing of Tommy Le, an unarmed 120 pound high school student, caused the Plaintiff Le family emotional distress and psychological harm.

111.    It was reasonably foreseeable to Defendant King County Sheriff's Office that misrepresenting to the public, press, and to the Le family privately that Tommy Le was armed with a knife and was attacking the Sheriff's deputies with a knife when he was shot and killed would cause additional emotional and psychological harm to the Le family, loss of the respect of the Vietnamese community, and extreme shame from these alleged actions of an armed Tommy Le

112.    The Le family members, Plaintiffs Hoai "Sunny" Le, Tommy Le's father, Dieu Ho, Tommy Le's mother, Bao Xuyen Le and Uyen Le, Tommy Le's aunts, Kim Tuyet Le, Tommy Le's grandmother, and Quoc Nguyen, Tam Nguyen, Dung Nguyen, Julia Nguyen, and Jefferson Nguyen Tommy Le's brothers and sisters, suffered avoidable humiliation and emotional and psychological

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES      – 16**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

harm as a result of the King County Sheriff's Office's intentional misrepresentations that Tommy Le was armed with and attacking Deputy Sheriffs with a knife when he was shot and killed.

113.    The actions of the King County Sheriff's Office in knowingly misrepresenting to the public, press, and family that at the time Tommy Le was shot, "*Tommy Le was armed with  knife and shot because he was attacking deputy sheriffs with a knife*", and the actions of conspiring to conceal the truth that Tommy Le was unarmed when he was shot in the back was intentional or reckless and constitutes outrageous conduct that was so extreme and outrageous in degree and character as to go beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community.

114.    Plaintiffs, the Le Family, maintained a close loving relationship with the deceased, Tommy Le, who was raised with his parents, aunts, grandmother, and family members.  The unlawful death of Tommy Le has resulted in Decedent Tommy Le's parents, grandmother, aunts, and siblings' loss of the benefit and enjoyment of the parent/child, grandmother/grandson, aunts/nephew, and siblings' relationships.

115.    A contributing cause of the death of Tommy Le, and the violation of his Washington state and federal constitutional rights to be free of unreasonable seizure, was the unconstitutional policies, practices, and operating procedures of the King County Sheriff's Office.

116.    A contributing cause of the death of Tommy Le, and the violation of his Washington state and federal constitutional rights to be free of unreasonable seizure, was the improper selection, training, and supervision of Deputy Sheriffs by the King County Sheriff's Office.

117.    A contributing cause of the death of Tommy Le was the negligence of the King County Deputies present at the scene of the shooting and of the King County Sheriff's Office.

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES        – 17**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

118.    The negligence of the King County Sheriff's Office was a contributing cause of the death of Tommy Le.

119.    X

120.    King County Sheriff failed to develop, implement, and supervise policies and practices that assured that Deputy Sheriffs were properly selected, trained, instructed, and supervised regarding the constitutional restrictions upon, and the effective alternatives to, the use of deadly force against suspects who appear to be disturbed or confused persons suffering from some type of emotional or mental disorder and on racially selective law enforcement.

121.    The negligence of King County, King County Sheriff, and the King County Sheriff's Office includes, but was not limited to: the negligent selection, training, assignment, and supervision of King County Deputy Sheriffs Cesar Molina and Owens.

122.    The negligence of the King County, King County Sheriff, and the King County Sheriff's Office includes, but is not limited to: failure to employ effective de-escalation tactics; failure to employ available non-lethal alternative methods to detain, seize, or restrain Tommy Le; negligent selection, training, assignment, and supervision of deputy sheriffs;  failure to properly train and encourage deputies in the effective use of de-escalation and alternative non-lethal methods to detain, seize, and restrain individuals including individuals suffering from apparent mental or psychological episodes; and, other actions and non-actions to be proven at trial.

123.    Several weeks after Tommy Le was shot and killed by King County Deputy Sheriffs, the then King County Sheriff John Urquhart went to the Le family home and told the Le family members that given the facts of the case, "*he would not have shot Tommy Le*."

124.    On October 11th, 2017 in public statements to members of the Asian Pacific Director's Coalition, the then King County Sheriff John Urquhart responded to individuals expressions of

PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES        – 18
NO.  2:18-CV-00055-TSZ

CAMPICHE ARNOLD, PLLC
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1   concerns about the inappropriate use of deadly force upon Tommy Le and stated "*I can't tell you why*

2   *the officer didn't wrestle him to the ground and take that pen out of his hand. That's what I would have*

3   *done.*"

4       125.    The Le family Plaintiffs are a traditional Vietnamese family. Traditional Vietnamese

5   families seek to bring honor to the family and family ancestors and avoid shame. Shame results in the

6   loss of honor.

7       126.    The false claim by King County and the King County Sheriff that Tommy Le attacked

8   police officers armed with a knife was deeply shameful for the Le family Plaintiffs.

9

### 6. FIRST CAUSE OF ACTION:

10

### Federal Civil Rights Violations of the United States Constitution 4th and 14th Amendments, under 42 U.S.C. § 1983

11       127.    By virtue of the facts set forth above, all the defendants are liable for compensatory and

12   punitive damages for the deprivation of the civil rights of the deceased Tommy Le, which is guaranteed

13   by the Fourth Amendment to the United States Constitution and 42 U.S.C. § 1983 to be free from

14   unreasonable seizure of his person in the form of the Deputy Sheriffs' use of excessive (deadly) force.

15       128.    King County Deputy Sheriff Cesar Molina violated 42 U.S.C. § 1983 when he used

16   excessive (deadly force) against Tommy Le.

17       129.    By virtue of the facts set forth above, all the defendants are liable for compensatory and

18   punitive damages for the deprivation of the civil rights of the deceased Tommy Le which are guaranteed

19   by the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983, to be free of racially

20   selective law enforcement and/or the use of deadly force.

21

22

23

**PLAINTIFFS' SECOND AMENDED
COMMPLAINT FOR DAMAGES      – 19**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

130.    Defendant King County Deputy Sheriff Cesar Molina violated 42 U.S.C. § 1983 and Tommy Le's right as an Asian American to equal protection of the law irrespective of his race, as guaranteed by 14th Amendment to the United States Constitution.

131.    By virtue of the facts set forth above, all the defendants are liable for compensatory and punitive damages for the deprivation of the civil rights of, defined as the liberty interests of the deceased Tommy Le's parents, Dieu Ho and Hoai "Sunny" Le, for the loss of companionship and society of their adult child Tommy Le guaranteed by the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

**7.    SECOND CAUSE OF ACTON:**

**Washington State Law Claim of Wrongful Death RCW 4.20.020
and Survival Action RCW 4.20.046**

132.    Due to the facts set forth above, all the defendants are liable to the Estate of Tommy Le for compensatory damages for negligently causing the death of Tommy Le.

**8.    THIRD CAUSE OF ACTION:**

**Washington State Law Claim for the Tort of Outrage**

133.    By virtue of the facts set forth above, all the defendants are liable to Plaintiffs, the Le family members, for the tort of outrage.

**9.    FOURTH CAUSE OF ACTION:**

**Washington State Law Claims for Reckless or Negligent Infliction of Emotional Distress**

134.    By virtue of the facts set forth above, all the defendants are liable to Plaintiffs, the Le family members, for reckless or negligent infliction of emotional distress.

**10.    FIFTH CAUSE OF ACTION:**

**Negligent Selection, Training, and Supervision**

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES        – 20**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

135.    By virtue of the facts set forth above, Defendant King County, is liable to the Plaintiffs for negligent selection, training, and supervision of the King County Deputy Sheriffs, including Deputy Sheriff Cesar Molina.

## 11.    SIXTH CAUSE OF ACTION

### *Respondeat Superior*

128.  By virtue of the facts set forth above, Defendant King County is liable under the doctrine of *respondeat superior* for the negligent acts of its employees, the King County Sheriff, the King County Deputy Sheriffs, including King County Deputy Sheriff Cesar Molina, who were at all material times hereto acting in the course of and in the scope of their employment with King County and the King County Sheriff's Office.

## 12.    RELIEF REQUESTED

129.    Plaintiffs request the Court enter judgment for the plaintiff for:

1.    Compensatory damages in excess of $75,000.00;

2.    General damages to be proven at trial;

3.    Punitive damages as the jury finds just and proper;

4.    Prejudgment interest on liquidated damages;

5.    Attorney fees and litigation costs as determined by the Court;

6.    Other such remedies as this Court deems appropriate.

DATED May 30th, 2018.

By___s/ Jeffery M. Campiche_____
Jeffery M. Campiche, WSBA No. 7592
Philip G. Arnold, WSBA No. 2675
Linda Tran, WSBA No.  50109
Jacqueline Hackler, WSBA No. 52636

**PLAINTIFFS' SECOND AMENDED
COMPLAINT FOR DAMAGES        – 21**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CAMPICHE ARNOLD PLLC
   Attorneys for Plaintiffs Le family
Market Place Tower, Suite 830
2025 First Avenue
Seattle, WA  98121
Tele: 206.281.9000 Facsimile:  206.281.9111
Email addresses:
jcampiche@campichearnold.com
parnold@campichearnold.com
ltran@campichearnold.com
jhackler@campichearnold.com
smacias@campichearnold.com
lharris@campichearnold.com
slandholm@campichearnold.com

**PLAINTIFFS' SECOND AMENDED**
**COMPLAINT FOR DAMAGES          – 22**
NO.   2:18-CV-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
Market Place Tower
2025 First Avenue, Suite 830
Seattle, WA 98121
TEL: (206) 281-9000
FAX: (206) 281-9111