UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO XUYEN LE, individually and as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; DIEU HO; UYEN LE; KIM TUYET LE; QUOC NGUYEN; TAM NGUYEN; DUNG NGYUEN; and JEFFERSON HO<br><br>Plaintiffs,<br><br>v.<br><br>REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,<br><br>Defendants. | C18-55 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant King County's motion for summary judgment, docket no. 78, is GRANTED in part, STRICKEN in part, DENIED in part, and DEFERRED in part, as follows:

(a) With regard to the wrongful death and survival actions asserted by Bao Xuyen Le as Personal Representative of the Estate of Tommy Le (Second Cause of Action), King County's motion for summary judgment, which was unopposed on the subject, is GRANTED, the wrongful death action is DISMISSED with prejudice, *see* RCW 4.20.020, and damages for pain and suffering, anxiety, emotional distress, and/or humiliation suffered by Tommy Le will not be recoverable in the survival action, *see* RCW 4.20.046(1);

MINUTE ORDER - 1

(b) With regard to any immunity from suit pursuant to RCW 4.24.420, King County's motion for summary judgment is STRICKEN as moot;

(c) With regard to whether King County Deputy Sheriff Cesar Molina used excessive force in tasering and/or shooting Tommy Le (First Cause of Action), and whether any use of excessive force deprived Le's parents of a liberty interest in the companionship and society of their son (First Cause of Action), the Court concludes that genuine disputes of material fact exist, and King County's motion for summary judgment on those issues is DENIED;

(d) With regard to plaintiffs' assertion that King County is liable under *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978), and its progeny, King County's motion for summary judgment is DEFERRED; and

(e) With regard to the outrage claim (Third Cause of Action), King County's motion for summary judgment is DEFERRED.

(2) Defendant Deputy Molina's motion for summary judgment, docket no. 87, is GRANTED in part, DENIED in part, and DEFERRED in part, as follows:

(a) With regard to the wrongful death and survival actions asserted by Bao Xuyen Le as Personal Representative of the Estate of Tommy Le (Second Cause of Action), Deputy Molina's motion for summary judgment, which joined in King County's motion for summary judgment, which was unopposed on the subject, is GRANTED as set forth in Paragraph 1(a), above;

(b) With regard to plaintiffs' claim of outrage (Third Cause of Action), Deputy Molina's motion for summary judgment is GRANTED, and such claim is DISMISSED with prejudice as to Deputy Molina; plaintiffs' outrage claim is not based on any actions taken by Deputy Molina, and plaintiffs have described no theory pursuant to which they seek to hold Deputy Molina liable for outrage, *see* Plas.' Resp. at 75-80 (docket no. 127);

(c) With regard to whether Deputy Molina used excessive force in tasering and/or shooting Tommy Le (First Cause of Action), and whether any use of excessive force deprived Le's parents of a liberty interest in the companionship and society of their son (First Cause of Action), the Court concludes that genuine disputes of material fact exist, and Deputy Molina's motion for summary judgment on those issues is DENIED; and

(d) With regard to Deputy Molina's assertion of qualified immunity, his motion for summary judgment is DEFERRED.

(3) At oral argument, scheduled for May 9, 2019, at 10:00 a.m., counsel shall be prepared to address the deferred portions of the pending motions,[1] as well as whether the Court may and/or should defer ruling until trial on Deputy Molina's assertion of qualified immunity.

(4) Pursuant to the parties' stipulation, docket no. 144, the deadline for defendants to serve their pretrial statements is EXTENDED to May 7, 2019.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 26th day of April, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[1] In connection with the issue of whether King County has *Monell* liability, counsel shall be prepared to address (i) at the relevant time, who was an official with final policy-making authority for King County, (ii) whether King County can be liable under *Monell* when King County Sheriff Mitzi Johanknecht did not explicitly accept or reject the findings of the Use of Force Review Board, and (iii) whether a factual dispute exists concerning plaintiff's assertion that the Use of Force Review Board's process was flawed or a "sham," and, if so, what facts are in dispute. *See Larez v. L.A.*, 946 F.2d 630 (9th Cir. 1991); *McRorie v. Shimoda*, 795 F.2d 780 (9th Cir. 1986); *German v. Roberts*, 2017 WL 6547472 (W.D. Wash. Dec. 22, 2017); *Kaur v. City of Lodi*, 263 F. Supp. 3d 947 (E.D. Cal. 2017); *Thomas v. Cannon*, 2017 WL 2289081 (W.D. Wash. May 25, 2017); *Edenfield v. Estate of Willets*, 2006 WL 1041724 (D. Haw. Apr. 14, 2006); *Long v. City & Cty. of Honolulu*, 378 F. Supp. 2d 1241 (D. Haw. 2005); *Mendez v. Cty. of San Bernardino*, 2005 WL 5801541 (C.D. Cal. Apr. 4, 2005); *Kanae v. Hodson*, 294 F. Supp. 2d 1179 (D. Haw. 2003). With respect to the outrage claim, counsel shall be prepared to address (i) whether King County has a qualified privilege with respect to the press releases at issue and any other communications with the media and public, *see Bender v. City of Seattle*, 99 Wn.2d 582, 601-02, 664 P.2d 492 (1983), and (ii) whether Le's mother, one of his aunts (Uyen Le), and his siblings, who were not present when King County Detective Chris Johnson allegedly made the statements on which the outrage claim is partially based, are outside the class of persons entitled to assert such claim, *see* Restatement (Second) of Torts § 46(2)(a) & cmt. *l* (AM. LAW INST. 1965) (cited with approval in *Grimsby v. Samson*, 85 Wn.2d 52, 59-60, 530 P.2d 291 (1975)); *see also Reid v. Pierce Cty.*, 136 Wn.2d 195, 202-04, 961 P.2d 333 (1998).

MINUTE ORDER - 3