UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, et al.,

        Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY, et al.,

        Defendants.

C18-55 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Defendants' motion for clarification or reconsideration, docket no. 162, is GRANTED in part and DENIED in part as follows:

    (a)    The Court CLARIFIES the Minute Order entered April 26, 2019, docket no. 148, as follows. Contrary to defendants' contention, the Court's ruling striking the portion of King County's motion for summary judgment asserting immunity from suit pursuant to RCW 4.24.420 was not inconsistent with the survival of the claim brought under 42 U.S.C. § 1983 by plaintiff Bao Xuyen Le, the Personal Representative of the Estate of Tommy Le. RCW 4.24.420 explicitly states that it does not affect a right of action under § 1983. With respect to the survival of § 1983 claims, state law applies to the extent that it is not inconsistent with federal law and the policies underlying § 1983. *See* 42 U.S.C. § 1988(a); *Chaudhry v. L.A.*, 751 F.3d 1096, 1103 (9th Cir. 2014). Defendants' assertion that the remaining survival action is premised on a negligence theory under state law, *see* Defs.' Mot. at 5 (docket no. 162), is simply incorrect. The remaining survival action is brought under § 1983, and is viable because federal law, specifically § 1988, incorporates Washington's law allowing all causes of action to survive to the personal representative of the decedent's estate. *See* RCW 4.20.046(1).

    (b)    Defendants' motion is otherwise denied.

MINUTE ORDER - 1

(2)     As a result of defendants' motion for clarification or reconsideration, the Court has reviewed the jurisprudence concerning the survival of § 1983 claims, and has concluded that its earlier acceptance of plaintiffs' concession regarding the unavailability of damages for "pain and suffering, anxiety, emotional distress, or humiliation" suffered by Tommy Le prior to his death might have been contrary to binding precedent. *See Chaudhry*, 751 F.3d at 1105; *see also Erickson v. Camarillo*, 2017 WL 2335659 (D. Ariz. May 30, 2017); *Ostling v. City of Bainbridge Is.*, 872 F. Supp. 2d 1117, 1125-27 (W.D. Wash. 2012).  The Court therefore VACATES the portions of the Minute Order entered April 26, 2019, docket no. 148, limiting the damages that are recoverable in the survival action, *i.e.*, the last clause of Paragraph 1(a) and the related language in Paragraph 2(a). The portions of defendants' motions for summary judgment in which they assert that RCW 4.20.046(1) operates to prohibit non-economic damages as to the § 1983 claim are DEFERRED, and counsel shall be prepared to address this issue at oral argument on May 16, 2019, at 9:00 a.m.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 8th day of May, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2