UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; and DIEU HO,

Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

C18-55 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deferred portion of the motion for summary judgment brought by defendant King County Deputy Sheriff Cesar Molina, docket no. 87, in which he sought qualified immunity as a matter of law, is DENIED.

Qualified immunity involves a two-pronged inquiry: (i) whether the facts, taken "in the light most favorable" to the party asserting injury, show that the state actor violated a constitutional right; and (ii) whether, when all inferences from the evidence are drawn "in the light most favorable" to the party asserting injury, the constitutional right in question was "clearly established" at the time of the violation. *See* <u>Tolan v. Cotton</u>, 572 U.S. 650, 655-57 (2014). Whether Deputy Molina is entitled to qualified immunity is an issue of law that must be decided by the Court, <u>see</u> <u>Hunter v. Bryant</u>, 502 U.S. 224, 228 (1991), but the Court may submit the related factual questions to the jury, <u>see</u> <u>Morales v. Fry</u>, 873 F.3d 817, 824 (9th Cir. 2017) (citing cases from the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Eleventh, and District of Columbia Circuits).

With regard to the first part of the qualified immunity analysis, <u>i.e.</u>, whether Deputy Molina used excessive force in violation of the Fourth Amendment, the Court has already concluded that genuine disputes of material fact preclude summary judgment; the parties disagree about the events preceding the fatal shooting of Tommy Le. *See* Minute

MINUTE ORDER - 1

Order at ¶ 2(c) (docket no. 148). As to the second question posed under the qualified immunity doctrine, Deputy Molina argues that recent opinions of the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit require the Court to rule as a matter of law that, in shooting Tommy Le, Deputy Molina did not violate a "clearly established" constitutional right. None of the authorities on which Deputy Molina relies, however, permit the Court to resolve the parties' factual disputes about what happened just prior to Tommy Le's death. *See Kisela v. Hughes*, 138 S. Ct. 1148 (2018); *District of Columbia v. Wesby*, 138 S. Ct. 577 (2018); *White v. Pauly*, 137 S. Ct. 548 (2017); *Vos v. City of Newport Beach*, 892 F.3d 1024 (9th Cir. 2018); *Woodward v. City of Tucson*, 870 F.3d 1154 (9th Cir. 2017); *S.B. v. Cty. of San Diego*, 864 F.3d 1010 (9th Cir. 2017); *see also Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018) (reiterating that, with respect to the "clearly established" prong of the qualified immunity analysis, "only the jury can decide the disputed factual issues" (quoting *Morales*, 873 F.3d at 823)).

Indeed, in *Reese*, the issue of qualified immunity was not resolved until after a seven-day jury trial, on a post-verdict motion for judgment as a matter of law, 888 F.3d at 1035-36, and in every other recent opinion cited by Deputy Molina, the facts either (i) were "largely undisputed," *see Woodward*, 870 F.3d at 1155; *see also Vos*, 892 F.3d at 1028 (events were captured on surveillance video); *S.B.*, 864 F.3d at 1012 (three sheriff's deputies provided generally consistent accounts); or (ii) established beyond doubt that the injured individual had been armed and posed a threat to someone at the scene, *see Kisela*, 138 S. Ct. at 1150-51 (woman with a large kitchen knife standing within six feet of her roommate); *White*, 137 S. Ct. at 549-50 (after decedent's brother fired two shotgun blasts, decedent pointed a handgun out an open window at an officer and was shot by a different officer).

The Supreme Court has articulated a reasonableness standard for evaluating whether the force used to effect a particular seizure was consistent with the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386 (1989). The factors outlined in *Graham* include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The Ninth Circuit also considers the quantum of force used, the availability of alternative methods of capturing or detaining the suspect, and the suspect's mental and emotional state. *See*, *e.g.*, *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). According to the Ninth Circuit, since before June 2017, when Tommy Le was fatally shot, the law has been "clearly established" that law enforcement personnel "may not kill suspects who do not pose an immediate threat to their safety or to the safety of others simply because [the suspects] are armed." *Van Bui v. City & Cty. of San Francisco*, 699 Fed. App'x 614, 616 (9th Cir. 2017) (defining "clearly established" law as of December 2010). In this matter, whether Tommy Le was "armed" is in dispute. Moreover, plaintiffs have raised triable issues concerning (i) whether a reasonable officer in the same situation as Deputy Molina would have believed Tommy Le posed an immediate threat to the safety of the officers or others at the scene; and (ii) whether the use of less drastic measures was feasible. Whether

MINUTE ORDER - 2

Deputy Molina is entitled to qualified immunity cannot be determined in advance of trial, and his motion for summary judgment must be denied.

    (2)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of May, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3