# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; and DIEU HO,

Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

C18-55 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The deferred portions of plaintiffs' motions to exclude expert testimony, docket nos. 67 and 95, are GRANTED in part and DENIED in part, and defendants' supplemental motion in limine concerning expert testimony, docket no. 173, is GRANTED in part, STRICKEN in part, and DENIED in part, as follows:

(a) Defendant King County's expert James Borden and plaintiffs' experts William Harmening and Scott DeFoe will not be permitted to testify at trial concerning whether or not King County Deputy Sheriff Cesar Molina used lawful, reasonable, justified, or appropriate force when he shot Tommy Le on June 14, 2017. Although the Federal Rules of Evidence do not preclude an expert from opining about an ultimate issue, *see* Fed. R. Evid. 704(a), the Court may bar such testimony when it is not helpful to the jury, *see* Fed. R. Evid. 702(a), or when it might be unduly prejudicial, *see* Fed. R. Evid. 403. *See United States v. Diaz*, 876 F.3d 1194, 1196-97 (9th Cir. 2017); *see also United States v. Schatzle*, 901 F.2d 252, 257 (2d Cir. 1990); *Falk v. Clarke*, 1990 WL 43581 at *5 (N.D. Ill.

MINUTE ORDER - 1

Apr. 3, 1990). The Court concludes that the issue of whether or not the force used by Deputy Molina was excessive is properly within the province of the jury, and that expert testimony will not assist the jury in making this determination. *See Seals v. Mitchell*, 2011 WL 1399245 at *9 (N.D. Cal. Apr. 13, 2011); *see also Halsted v. City of Portland*, 2012 WL 13054271 at *1-*2 (D. Ore. Mar. 7, 2012); *Shannon v. Koehler*, 2011 WL 10483363 at *29-*30 (N.D. Iowa Sep. 16, 2011) (reasoning that an expert's opinion concerning the reasonableness of an officer's conduct is a legal conclusion, not a fact-based opinion that might assist the jury); *United States v. Eberle*, 2008 WL 4858438 at *2-*3 (E.D. Mich. Nov. 10, 2008). In addition, the experts will not be permitted to opine about which version of events is more credible or which facts actually occurred, they may not speculate about the intent, motive, or state of mind of anyone involved, including Tommy Le and Deputy Molina, and they may not testify about the law concerning the use of force. *See* Fed. R. Evid. 704 advisory committee's note to 1972 proposed rule (these provisions protect against "the admission of opinions which would merely tell the jury what result to reach"); *Halsted*, 2012 WL 13054271 at *2.

(b) Borden, Harmening, and DeFoe will, however, be permitted to testify about law enforcement practices, tactics, techniques, and training, which are subjects beyond the common knowledge of the average juror. *See Bates v. King County*, 2007 WL 1412889 at *3 (W.D. Wash. May 9, 2007); *see also Seals*, 2011 WL 1399245 at *10. They may also respond to hypotheticals posed by counsel. To the extent that any of their opinions are speculative, irrelevant, unduly prejudicial, outside their field of expertise, or otherwise inadmissible, the Court will address any objection made during the course of their testimony at trial.

(c) Plaintiffs have indicated that they do not intend to call Robert Johnson as a witness, and defendants' motion to preclude him from testifying about hedonic damages is therefore STRICKEN as moot.

(d) Except as granted or stricken, the motions are DENIED.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 29th day of May, 2019.

                                              William M. McCool
                                              Clerk

                                              s/Karen Dews
                                              Deputy Clerk