UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; and DIEU HO,

Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

C18-55 TSZ

ORDER

THIS MATTER comes before the Court on plaintiffs' motion to certify defendants' interlocutory appeals as frivolous, docket no. 196. Having reviewed all papers filed in support of, and in opposition to, plaintiffs' motion, the Court DENIES the motion for the reasons stated in this Order, STRIKES the pretrial conference and the trial date, and STAYS this case pending appeal.

**<u>Discussion</u>**

By Minute Order entered May 24, 2019, docket no. 190, the Court denied defendant King County Deputy Sheriff Cesar Molina's motion for summary judgment seeking qualified immunity as a matter of law. In the Minute Order, the Court identified

ORDER - 1

disputes of material fact that preclude summary judgment with respect to Deputy Molina's assertion of qualified immunity, namely whether Tommy Le was "armed" at the time he was shot by Deputy Molina, whether a reasonable officer in the same situation as Deputy Molina would have believed Tommy Le posed an immediate threat to the safety of the officers or others at the scene, and whether the use of less drastic measures was feasible. <u>See</u> Minute Order at 2 (docket no. 190). The Court did not indicate whether or not Deputy Molina might be entitled to qualified immunity at a later date, but rather made clear that factual questions relating to the shooting of Tommy Le prevented the Court from deciding the issue one way or the other prior to trial.

On May 28, 2019, Deputy Molina filed a Notice of Appeal, docket no. 191. Defendant Reverend Dr. Martin Luther King, Jr. County ("King County") also filed a Notice of Appeal, docket no. 193. In their motion, plaintiffs request a certification that Deputy Molina's appeal is frivolous, and they seek to go to trial as scheduled on June 10, 2019. Plaintiffs did not separately argue until their reply brief that King County's appeal is frivolous. Although plaintiffs are correct that King County could be held liable even if Deputy Molina secures qualified immunity, the Court would not, for reasons of judicial economy, bifurcate this matter or proceed to trial on plaintiffs' claims against King County while Deputy Molina's appeal is pending. Thus, the status of this case depends solely on whether Deputy Molina may pursue his appeal, and the Court makes no ruling concerning whether King County's appeal is "inextricably intertwined" with Deputy Molina's claim of qualified immunity, <u>see</u> Notice of Appeal (docket no. 193), or raises matters over which the Ninth Circuit has interlocutory jurisdiction.

Qualified immunity balances two important interests: the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from liability when they perform their duties reasonably. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It provides "immunity from suit rather than a mere defense to liability," and it is effectively lost if a case is erroneously permitted to go to trial. *Id.* Thus, a district court's denial of qualified immunity on legal grounds is treated as a final decision subject to interlocutory appeal. *See Knox v. Sw. Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). Deputy Molina's appeal from the Court's denial of qualified immunity would divest the Court of jurisdiction with respect to plaintiffs' claims against Deputy Molina unless his appeal is frivolous. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). If the Court were to certify, in writing, that Deputy Molina's interlocutory appeal is frivolous, then this matter could proceed to trial in the absence of a stay granted by the Ninth Circuit. *See id.* at 105 & n.1; *see also Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 790-92 (9th Cir. 2018).

An appeal is "frivolous" if "the results are obvious, or the arguments of error are wholly without merit." *E.g.*, *Vasquez-Brenes v. Las Vegas Metro. Police Dep't*, 2015 WL 1268026 at *1 (D. Nev. Mar. 19, 2015). An interlocutory appeal would not be available, and therefore frivolous, "when the district court determines that factual issues genuinely in dispute preclude summary adjudication" as to a plea of qualified immunity. *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011); *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). In contrast, an interlocutory appeal is permitted, and thus not frivolous, if the

qualified immunity analysis "do[es] not require resolution of factual disputes." *Rodriguez*, 891 F.3d at 791. The Ninth Circuit has explained that it

> may adjudicate "legal" interlocutory appeals; that is, we may properly review a denial of qualified immunity where a defendant argues . . . that the facts, even when considered in the light most favorable to the plaintiff, show no violation of a constitutional right, or no violation of a right that is clearly established in law.

*Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017).

Deputy Molina argues that, even assuming the facts "in the light most favorable" to plaintiffs, *see* Tolan v. Cotton, 572 U.S. 650, 655-57 (2014), the Court may rule, as a matter of law, that the constitutional right at issue was not "clearly established" at the time of the alleged violation and that the qualified immunity doctrine bars plaintiffs' claims against him. During oral argument on his motion for summary judgment, and again in opposition to plaintiffs' motion to certify his appeal as frivolous, Deputy Molina indicated that he accepts the facts as presented by plaintiffs for purposes of determining whether he is entitled to qualified immunity in advance of trial. *See* Tr. at 7:22-25, 10:3-6, 12:2-4, 18:24-19:1 (May 16, 2019), Ex. 1 to Gosselin Decl. (docket no. 203); Def.'s Resp. at 4 (docket no. 202). Deputy Molina contends that his appeal raises only legal challenges to the Court's denial of his motion for summary judgment, and that he is therefore entitled to appeal. *See* Johnson v. Cty. of Los Angeles, 340 F.3d 787, 791 n.1 (9th Cir. 2003) ("we have jurisdiction over interlocutory appeals that concern qualified immunity even when 'the determination of qualified immunity depends upon disputed issues of material fact' so long as 'we assume the version of the material facts asserted by the non-moving party to be correct'").

The Court continues to believe, based on the record in this matter, that genuine disputes of material fact preclude a finding of qualified immunity in advance of trial; however, the Court DECLINES to rule that Deputy Molina's appeal on this issue is "frivolous" within the meaning of <u>Chuman</u>. To the extent that Deputy Molina does not contest the facts as outlined by plaintiffs, but nevertheless contends that qualified immunity precludes plaintiffs' action against him, he is entitled to appeal the Court's denial of qualified immunity prior to trial.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiffs' motion to certify defendants' interlocutory appeals as frivolous, docket no. 196, is DENIED.

(2) As a result of its ruling, the Court is divested of jurisdiction over the aspects of the case involved in the appeal. <u>See</u> <u>Vasquez-Brenes</u>, 2015 WL 1268026 at *2. Accordingly, the pretrial conference set for June 4, 2019, and the trial date of June 10, 2019, are STRICKEN, and this matter is STAYED pending appeal.

(3) The Clerk is directed to send a copy of this Order to all counsel of record and to the United States Court of Appeals for the Ninth Circuit (Case Nos. 19-35464 and 19-35465).

IT IS SO ORDERED.

Dated this 4th day of June, 2019.

Thomas S. Zilly
United States District Judge