1

The Honorable Thomas S. Zilly

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9
BAO XUYEN LE, INDIVIDUALLY, as
Personal Representative of the Estate of
10
TOMMY LE; HOAI "SUNNY" LE; and DIEU
HO,
11

No. 2:18-CV-00055-TSZ

12
Plaintiffs,

DEFENDANT KING COUNTY'S
MOTION FOR CERTIFICATION
13
vs.
UNDER 28 U.S.C. § 1292(b)

14
REVEREND DR. MARTIN LUTHER KING
JR. COUNTY; and KING COUNTY DEPUTY
15
SHERIFF CESAR MOLINA,

**Noted on Calendar: June 21, 2019**

16
Defendants.

17

18
## I.   RELIEF REQUESTED

19
        Pursuant to 28 U.S.C. §1292(b), defendant King County respectfully requests that

20
the court certify the following question to the Ninth Circuit Court of Appeals:

21
        When the material facts of this case are considered in a light most favorable to
        plaintiffs, is King County liable as a matter of law under the *Monell* requirements of
22
        42 U.S.C. § 1983 through proper application of the ratification doctrine?

23

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1

## II.     STATEMENT OF FACTS

2

The Plaintiffs filed suit against King County and King County Sheriff Deputy

3

Cesar Molina alleging a variety of state claims and federal civil rights claims against

4

them, following an officer-involved-shooting on June 14, 2017. See Dkts. 1 & 17.

5

Plaintiffs' complaints went through a series of revisions after certain parties and claims

6

identified by plaintiffs were voluntarily dismissed. Dkt. 27.

7

The remaining defendants subsequently filed separate motions for summary

8

judgment as to plaintiffs' surviving claims. Dkts. 78 & 87. The court initially filed a

9

minute order, dated April 15, 2019, granting in part, striking in part, and deferring in

10

part, the defendants' motions for summary judgment. Dkt. 143. In that order, the court

11

deferred the remaining claims against King County, namely *Monell* liability with regard

12

to any ratification of Deputy Molina's use of allegedly excessive force; *Monell* liability

13

with regard to any ratification as to any deprivation of liberty; wrongful death and

14

survival action under RCW 4.20.020 and 046; and lastly, the tort of Outrage, until oral

15

argument. Dkt. 143. The court also ruled that Deputy Molina's motion for summary

16

judgment, which dealt with qualified immunity, was deferred until oral argument on

17

May 9, 2019. *Id.*

18

Eleven days later, on April 26, 2019, the court filed another minute order denying

19

King County's and Deputy Molina's motions for summary judgment as to plaintiffs'

20

Fourth and Fourteenth Amendment claims but deferring plaintiffs' *Monell* claim against

21

King County and deferring Deputy Molina's assertion of qualified immunity. Dkt. 148.

22

23

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

The court granted the defendants' motions for summary judgment on the wrongful death and general survival claims and limited plaintiffs' possible recovery under the special survival statute, RCW 4.20.046. *Id.*

On May 16, 2019, the court heard oral argument on the deferred summary judgment motions and issued minute orders denying King County's motion under *Monell* liability and Deputy Molina's motion for qualified immunity. Dkts. 178 & 190.

On May 28, 2019, Deputy Molina filed a Notice of Appeal. Dkt 191. King County also filed a Notice of Appeal. Dkt. 193. Deputy Molina's appeal challenges the denial of summary judgment on qualified immunity. The sole issue in King County's existing appeal is whether Deputy Molina violated plaintiffs' constitutional rights – the same issue presented in the first prong of the qualified immunity inquiry.

On May 29, 2019, Plaintiffs' filed a motion to certify the appeals as frivolous and on June 4, 2019, the court denied Plaintiffs' motion and stayed the proceedings. Dkts. 196 & 209.  The Ninth Circuit Court of Appeals issued a Time Schedule Order setting a deadline of July 29, 2019, for Deputy Molina and King County to file their opening briefs. Dkt. 198.

### III.    ARGUMENT

Through the 28 U.S.C. §1292(b) certification process, King County asks this court to expand the issues on appeal to include the difficult *Monell* issues raised by application of ratification doctrine to the facts of this case. As noted below, the requirements for certification are well satisfied. Placing the ratification issue – which

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    has been problematic and vexing to District Court judges both within and outside the

2    Western District – would serve the interests of judicial economy and advance ultimate

3    resolution of this case. The existing case law from the Ninth Circuit does not provide a

4    definitive answer under the facts of this case, as this court noted in making its decision,

5    the District Court decisions provide authority that favors the positions of both sides in

6    this case. "Where an issue has not been squarely addressed by the Ninth Circuit Court

7    of Appeals and is 'inextricably intertwined' with an issue already on appeal,

8    certification is appropriate." *United States v. Washington*, 20 F. Supp.3d 899, 938 (W.D.

9    Wash. 2008).

10

11   **A.   The District Court has Discretion to Certify an Interlocutory Appeal When
          the Requirements of 28 U.S.C. § 1292(b) Are Satisfied.**

12        Generally, the United States Courts of Appeals have jurisdiction over appeals

13   from "final decisions of the district courts." *See* 28 U.S.C. § 1291. Congress created an

14   exception to that final-judgment rule, however, in 28 U.S.C. § 1292(b), which "provides

15   a mechanism by which litigants can bring an immediate appeal of a non-final order

16   upon the consent of both the district court and the court of appeals." *In re Cement

17   Antitrust*, 673 F.2d 1020, 1025–26 (9th Cir.1982) (*en banc*); *Villarreal v. Caremark LLC*, 85 F.

18   Supp.3d 1063, 1067 (D. Ariz. 2015). Although King County acknowledges that relief

19   under 28 U.S.C. § 1292(b) is applied sparingly and viewed as a narrow exception to the

20   final judgment rule, it is nonetheless available when a District Judge is "of the opinion

21   that such order involves a controlling question of law as to which there is substantial

22

23

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation, he shall so state in writing

in such order." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Thus, a district court may certify an otherwise non-appealable order for review

by an appellate court when three conditions are met: (1) the order involves a

"controlling question of law"; (2) there is "substantial ground for difference of opinion";

and (3) "an immediate appeal from the order may materially advance the ultimate

termination of the litigation." 28 U.S.C. § 1292(b). All three criteria must be met in order

for a district court to certify an issue for interlocutory appeal. *Couch*, 611 F.3d at 633; *see

also City of San Diego v. Monsanto Co.*, 310 F. Supp.3d 1057, 1065 (S.D. Cal. 2018).  In this

case, the three conditions for certification are satisfied and review to the Ninth Circuit

Court of Appeals is appropriate.

   **B.    King County Has Satisfied the Requirements Under 28 U.S.C. § 1292(b)
          And Therefore, This Court Should Certify Review to the Ninth Circuit
          Court of Appeals.**

   **1. The order involves a "controlling question of law."**

   To meet the requirement that the proposed interlocutory appeal raises a

controlling question of law, the moving party must show "that resolution of the issue

on appeal could materially affect the outcome of litigation in the district court." *Hawaii

ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp.2d 1059, 1065 (D. Haw. 2013)(quoting

*in re Cement Antitrust Litig.*, 673 F.2d at 1026). Here, if ratification fails as a matter of law

to establish King County's liability under *Monell*, then the remaining §1983 claims

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   against King County are necessarily dismissed and the litigation against the County

2   terminates. This is a quintessential controlling question of law.

3        **2. There is substantial ground for difference of opinion.**

4        There is a "substantial ground for difference of opinion" if "there is a genuine

5   dispute over the question of law that is the subject of the appeal." *In re Cement Antitrust*

6   *Litig.*, 673 F.2d at 1026. As the Ninth Circuit explained in *Couch v. Telescope Inc.*, 611 F.3d

7   629, 633 (9th Cir. 2010):

8           To determine if a "substantial ground for difference of opinion" exists under §
9           1292(b), courts must examine to what extent the controlling law is unclear. *Courts*
        *traditionally will find that a substantial ground for difference of opinion exists where*
10          *"the circuits are in dispute on the question and the court of appeals of the circuit has not*
        *spoken on the point, if complicated questions arise under foreign law, or if novel and*
11          *difficult questions of first impression are presented."* 3 Federal Procedure, Lawyers
        Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the
12          first to rule on a particular question or just because counsel contends that one
        precedent rather than another is controlling does not mean there is such a
13          substantial difference of opinion as will support an interlocutory appeal." *Id.*
14          (footnotes omitted).

15  (Emphasis added). Although this court ruled in plaintiffs favor when denying summary

16  judgment, it specifically noted at oral argument the disagreement among courts

17  deciding this issue under similar facts.

18       The disagreement over ratification law within this District -- as illustrated by the

19  inconsistent approaches taken in *Thomas v. Cannon*, 2017 WL 2289081 (W.D. WA. May

20  25, 2017) and *German v. Roberts*, 2017 WL 6547472 (W.D. Wa. Dec. 22, 2017) -- supports

21  this element of certification. In deciding the *German* case, Judge Settle noted the *Thomas*

22  case when pointing out that "lower courts appear to be divided on whether a Plaintiff

23  

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

adequately supports a theory of *Monell* ratification on summary judgment whenever an internal police investigation concludes that a shooting by its officers was lawful and within the municipality's policies." 2017 WL 6547472 at *2.

In *Thomas*, Plaintiffs successfully argued that the municipalities were liable under *Monell* under a ratification theory due to the finding of the Shooting Review Board that concluded the sniper's actions were lawful and within policy. They relied on *Rosales v City of Chico*, 2015 WL 6167740 (E.D. Cal. Oct. 20, 2015) in which the court said that the pronouncement by the Chief of Police that the officer's alleged use of force was in compliance with Department policy gives rise to a *Monell* claim. The court rejected the municipalities' theories, which relied, in part, on *Kanae v. Hodson*, 294 F. Supp.2d 1179, 1191 (D. Haw. 2003). An opposing approach ruled the day in *German*, where the court followed *Kanae* and not the analysis of *Thomas*.

The U.S. District Court in Oregon also has acknowledged the conflict regarding the evidence required to establish *Monell* municipal liability on a ratification theory based on a final policymaker's after-the-fact conduct. In *Ashley v. Sutton*, 492 F. Supp.2d 1230, 1253 (D. Or. 2007), an arrestee brought claims under § 1983 for unconstitutional seizure and excessive force against the involved police officer, the department police chief and the City of Milton-Freewater for her arrest and tasering. During the litigation of the case, the Chief of Police for the Milton-Freewater Police Department submitted a declaration stating that he had reviewed the police report completed by the involved deputy and the interviews of any involved personnel, and he concluded that there were

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   "no City of Milton-Freewater Police Department policies or procedures that were not

2   properly followed in this case." *Id.* The court denied the City's summary judgment

3   motion based solely on the representations of the Police Chief in his declaration stating,

4   "the City can be liable for actions taken by [officer] Sutton that lead to a finding of

5   liability on the excessive force claim that were ratified by [Chief] Gallaher as a

6   policymaker." *Id.* at 1253. However, one year later, the U.S. District Court in *Kaady v.*

7   *City of Sandy,* 2008 W.L. 5111101 (D. Or. Nov. 26, 2008) did not follow *Ashley* and

8   granted summary judgment on plaintiff's ratification theory of *Monell* liability despite

9   decisions by both the Clackamas County Sheriff and the City of Sandy Police Chief

10  adopting the findings of their shooting review boards that their officers acted in

11  accordance with policy. *Id.* at *23. *See also Estate v. Morad v. City of Long Beach,* 2017 WL

12  10511122 (C.D. Cal. Dec. 20, 2017)(The court granted summary judgment for the City

13  despite police chief's finding that officer's conduct was within policy and assessed no

14  discipline after receiving the recommendation of the shooting review board. The court

15  stated, "This single decision was therefore not an affirmative choice to ratify

16  unconstitutional conduct.").

17       The point of King County's request for certification is not to re-litigate which of

18  the above approaches to ratification is appropriate in the Ninth Circuit, but to point out

19  the divergent opinions between learned district court judges. Because this issue has

20  resulted in substantially different legal approaches and no controlling Ninth Circuit

21

22

23

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

authority that is dispositive under the facts of this case, it meets the certification requirement of "substantial ground for difference of opinion."

### 3. An immediate appeal from the order may materially advance the ultimate termination of the litigation.

Certification "materially advances the ultimate termination of the litigation" when "allowing an interlocutory appeal would avoid protracted and expensive litigation," saving both the court and the parties "unnecessary trouble and expense." *In re Cement Antitrust Litig.*, 673 F.2d at 1026; *Hawaii ex rel. Louie*, 921 F. Supp. at 1067 (quoting *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp.2d 1180, 1182 (C.D. Cal. 2004)). There is little doubt that this element of certification is met here.

If this case survives the current appeal, a trial addressed to the question of ratification is necessary. Jury instructions on this issue are problematic due to the differing lines of authority. Thus, regardless of trial outcome, further appeals and the possibility of retrial loom. With the case already on appeal, it makes sense to resolve the controlling and problematic question of ratification now, rather than through a later appeal. Certifying the ratification issue would materially advance the termination of this litigation by allowing the parties to obtain determinative guidance from the Ninth Circuit on this dispositive issue. The current appeal will be no longer and no shorter with an additional issue included in the briefing. In contrast, if resolution of ratification is delayed until an appeal following a final judgment, this case could go on far, far longer and occupy substantially more court resources.

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## IV.  CONCLUSION

For these reasons, King County requests certification of the ratification issue for

immediate appeal.

DATED this 6th day of June 2019, at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney


/s/Daniel L. Kinerk_____
DANIEL L. KINERK, WSBA #13537
KATHY VAN OLST, WSBA #21186
Senior Deputy Prosecuting Attorney
Attorney for King County Defendants
King County Prosecuting Attorney
500 Fourth Avenue, Suite 900
Seattle, WA. 98104
(206) 296-8820   Fax (206) 296-8819
dan.kinerk@kingcounty.gov
kathy.vanolst@kingcounty.gov

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I hereby certify that on June 6, 2019, I electronically filed the foregoing

3

document(s) with the Clerk of the Court using the CM/ECF System, which will send

4

notification of such filing to the following participants:

5

**Jeffrey M Campiche**

6

**Philip G. Arnold**
**Attorneys for Plaintiff**

7

**CAMPICHE ARNOLD PLLC**
**1201 Third Ave, Suite 3810**

8

**Seattle, WA 98101**
**(206) 281-9000**

9

**jcampiche@campichearnold.com**
**parnold@campichearnold.com**

10

11

**Timothy R. Gosselin**
**GOSSELIN LAW OFFICE, PLLC**

12

**1901 Jefferson Ave., Suite 304**
**Tacoma, WA 98402**

13

**253-627-0684**
tim@gosselinlawoffice.com

14

15

**Philip A. Talmadge**
**Aaron Orheim**

16

**TALMADGE FITZPATRICK TRIBE**
**2775 Harbor Avenue SW**

17

**Third Floor, Suite C**
**Seattle, WA 98126**

18

**(206) 574-6661**
**phil@tal-fitzlaw.com**

19

**aaron@tal-fitzlaw.com**

20

I declare under penalty of perjury under the laws of the United States and the

21

State of Washington that the foregoing is true and correct.

22

23

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

1       DATED this 6th day of June 2019 at Seattle, Washington.

2

                  _s/Angela Lindsey_____

3                 ANGELA LINDSEY
                 Legal Secretary

4                 King County Prosecuting Attorney's Office

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT KING COUNTY'S MOTION FOR
CERTIFICATION UNDER 28 U.S.C. § 1292(b) - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819