UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; and DIEU HO,

Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

C18-55 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant King County's motion for certification pursuant to 28 U.S.C. § 1292(b), docket no. 211, is DENIED. King County has asked the Court to certify for purposes of interlocutory appeal the question of whether, taking the facts "in the light most favorable" to plaintiffs, a court could determine, as a matter of law, that King County cannot be held liable pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658 (1978), and its progeny. The Court has already answered in the negative, ruling that genuine disputes of material fact preclude summary judgment. *See* Minute Order at ¶ 1(b) (docket no. 178). King County nevertheless contends that it can present a solely legal issue on appeal by assuming the truth of plaintiffs' evidence. King County does not, however, fully acknowledge plaintiffs' version of events or all of the reasonable inferences to be drawn in plaintiffs' favor. Rather, King County resists plaintiff's accusation that the Use of Force Review Board's investigation was a "sham," and it leaves unresolved the question of whether the shooting of Tommy Le was so unjustified that Sheriff Mitzi Johanknecht should have known she needed to discipline Deputy Molina despite the Use of Force Review Board's findings exonerating him. *See McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (holding that the requisite policy or custom "may be inferred" when a supervisory official knows about a constitutional violation and

MINUTE ORDER - 1

does not discipline the wrongdoer or otherwise rectify the situation); *see also* <u>Larez v. L.A.</u>, 946 F.2d 630, 647 (9th Cir. 1991) (indicating that ratification occurs when a municipality exonerates an officer following an investigation containing "'holes' and inconsistencies 'that should have been visible to any reasonable police administrator'"); <u>Mendez v. Cty. of San Bernardino</u>, 2005 WL 5801541 at *4 (C.D. Cal. Apr. 4, 2005) (indicating that ratification occurs when the unconstitutional conduct is so "outrageous" that "a reasonable administrator should have known that he or she should do something about it"). Thus, King County does not present any "controlling question of law," but rather seeks review with regard to factual matters properly reserved for a jury. Interlocutory appeal as to the <u>Monell</u> issues would not "materially advance the ultimate termination of the litigation," <u>see</u> 28 U.S.C. § 1292(b), but would instead involve the Ninth Circuit in a purely factual controversy and force it to review the case in the context of an underdeveloped record. <u>See</u> <u>Johnson v. Jones</u>, 515 U.S. 304, 316-17 (1995) (outlining the reasons for limiting interlocutory appeals to cases presenting "neat abstract issues of law").

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of June, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2