**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAO XUYEN LE, as the court appointed Personal Representative of the estate of Tommy Le; HOAI SUNNY LE, Tommy Le's Father; DIEU HO, Tommy Le's Mother, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CESAR MOLINA, King County Deputy Sheriff, <br> Defendant-Appellant, <br><br> and <br><br> MARTIN LUTHER KING JR. COUNTY, <br><br> Defendant. | No. 19-35464 <br><br> D.C. No. 2:18-cv-00055-TSZ <br> Western District of Washington, Seattle <br><br> ORDER |
| BAO XUYEN LE, as the court appointed Personal Representative of the estate of Tommy Le; HOAI SUNNY LE, Tommy Le's Father; DIEU HO, Tommy Le's Mother, <br><br> Plaintiffs-Appellees, <br><br> v. | No. 19-35465 <br><br> D.C. No. 2:18-cv-00055-TSZ <br> Western District of Washington, Seattle <br><br> ORDER |

MH/Appellate Commissioner

MARTIN LUTHER KING JR. COUNTY,

        Defendant-Appellant,

and

CESAR MOLINA, King County Deputy Sheriff,

        Defendant.

Before: Peter L. Shaw, Appellate Commissioner.

# I
# Background

Deputy Sheriff Cesar Molina fatally shot Tommy Le, and Bao Xuyen Le, Hoai Sunny Le, and Dieu Ho (together, "Le") brought a civil rights action against Molina and Martin Luther King Jr. County (together, "Appellants"). *See Le v. Molina*, 810 F. App'x 550, 551 (9th Cir. 2020). The district court denied Molina's motion for summary judgment based on a claim of qualified immunity, and Molina filed appeal number 19-35464. *Id*. The district court denied King County's motion for summary judgment on all causes of action, in which Molina joined, and King County filed appeal number 19-35465. *Id*. This court consolidated the appeals and dismissed the appeals for lack of jurisdiction, because Appellants did not accept Le's version of the facts and failed to present a question of law. *Id*.

Le filed a motion for an award of attorneys' fees and double costs as a sanction under Federal Rule of Appellate Procedure 38 against Appellants for filing frivolous appeals. Appellants filed an opposition, and Le filed a reply. In an order at Docket Entry No. 73, the court granted Le's motion for sanctions, denied Appellants' request for reconsideration, and referred to the Appellate Commissioner the determination of an appropriate amount of attorneys' fees and costs. *See* 9th Cir. R. 39-1.9.

The Appellate Commissioner ordered the parties to brief the question of the amount of fees and costs, citing *Blixseth v. Yellowstone Mtn. Club, LLC*, 854 F.3d 626, 630-31 (9th Cir. 2017) (the only inquiry in determining the propriety of the amount of attorneys' fees to be paid as damages under Rule 38 is whether the appellees have actually incurred the fees sought in defending against the frivolous appeal). Le filed a motion for attorneys' fees and double costs, Appellants filed an opposition, and Le filed a reply.

II
Discussion

A. Attorneys' Fees

Le requests $87,440 in attorneys' fees for 245.25 hours of work at hourly rates of $450 and $475 for attorney Philip Talmadge, $300 and $350 for attorney

Aaron Orheim, and $125 and $140 for paralegal Matt Albers of Talmadge/Fitzpatrick, and $400 for Philip G. Arnold of Campiche Arnold, PLLC, in Seattle, Washington.  Contrary to Appellants' argument, Le's fee motion is sufficient to satisfy the burden to submit evidence of the hours worked and the rates claimed.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000).

Le presents Talmadge's declaration and fee awards in other cases showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers [and paralegals] of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).  Appellants do not object to the requested hourly rates, and the rates are awarded.

Le also presents Talmadge/Fitzgerald's invoices and the attorneys' and paralegal's time records.  Le requests 245.25 hours for preparing notices of appearance, a motion to certify the appeals as frivolous and reply, a response to a motion to certify an interlocutory appeal, a mediation questionnaire, a motion to amend the complaint and reply, a motion to dismiss and reply, a response to a motion to consolidate, extension requests, a 14,289-word consolidated answering brief, supplemental excerpts of record, citations of supplemental authorities, a bill of costs, a sanction motion, a sanction reply, a fee motion, and a fee reply, and for

participating in a mediation teleconference and appearing at oral argument in Seattle.

Appellants object to awarding Le's requested 245.25 hours and $87,440 in fees, arguing that no more than $51,690 in fees were direct costs actually incurred in defending against the frivolous appeals. *See Blixseth*, 854 F.3d at 630-31. Le does not dispute Appellants' calculation of the proposed number of hours and amount of fees to be disallowed. Le argues that the court may award under Rule 38 all fees that would not have occurred but for the sanctionable conduct, but *Blixseth* distinguished sanctions awards of "just damages" under Rule 38 from sanctions awards under the court's inherent power. *Id.*; *cf. Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1182 (2017).

    1. District Court Motions

        a. Motion To Certify Appeal As Frivolous

Appellants argue that $5,140 in fees should be disallowed for Le's unsuccessful district court motion to certify the appeals as frivolous and for the reply to Appellants' opposition to the motion. After Appellants filed the notices of appeal, the district court set a deadline for Le's filing of any motion pursuant to *Chuman v. Wright*, 960 F.2d 104, 104-05 (9th Cir. 1992). *Chuman* holds that "should the district court finds that the defendants' claim of qualified immunity is

frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial. In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal." *Id*. at 105.

Thus, the time spent on Le's motion to certify the appeals as frivolous was actually incurred to defend against delay of the district court trial pending disposition of the appeals, but was not a direct cost actually incurred to defend against the appeals themselves, which would go forward regardless of the filing and disposition of the motion. *See Blixseth*, 854 F.3d at 630-31. Le could have elected not to file the *Chuman* motion in the district court, and nevertheless still presented all of his arguments on the merits in the court of appeals. Accordingly, $5,140 in fees are disallowed on this ground. *Id*.

    b. Motion To Amend The Complaint

Appellants object to $5,370 in fees for preparing a district court motion to amend the complaint to add a claim based on a newly decided case, as well as for preparing a reply to the opposition to the motion. This work solely furthered the district court action. Again, these fees were not a direct cost actually incurred in defending against the frivolous appeals, and they are disallowed. *Id*.

      c. Response To Motion For 28 U.S.C. § 1292(b) Certification

Appellants object to $6,080 in fees for Le's district court response to King County's motion to certify for interlocutory review pursuant to 28 U.S.C. § 1292(b) the issue of its liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), for failure to investigate and ratification of Molina's decision to shoot Tommy Le.  The district court denied the motion because King County sought review of factual matters properly reserved for the jury.  King County did not seek appellate court permission to appeal under § 1292(b), but argued unsuccessfully in the reply brief that the court had pendent appellate jurisdiction.  Le's district court work on the § 1292(b) response was not a direct cost actually incurred to defend against the appeals.  *See Blixseth*, 854 F.3d at 630-31.  Accordingly, $6,080 in fees for the § 1292(b) response are disallowed.

    2. Court Of Appeals Motions

      a. Motion To Dismiss King County's Appeal

Appellants object to $3,825 in fees for Le's court of appeals motion to dismiss King County's appeal and Le's reply to King County's opposition to the motion, arguing that these fees were not direct costs actually incurred in defending against the frivolous issues or portions of the appeal.  *Id*.  This objection lacks merit.  Le sought to dismiss for lack of jurisdiction King's County's pendent

appeal of the *Monell* issue discussed above.  The court denied the motion without prejudice to renewing the arguments in the answering brief.  After Le renewed the arguments in the answering brief, the court dismissed King County's appeal for lack of jurisdiction.  *See Le*, 810 F. App'x at 551.  Work on the motion to dismiss was a direct cost actually incurred in defending against King County's frivolous appeal, and therefore the $3,825 in fees spent on it are awarded.  *See Blixseth*, 854 F.3d at 630-31.

          b.  Sanctions And Fees Motions And Replies

Appellants object to $15,155 in fees for preparing the sanctions and fees motions and replies.  This objection has merit.  Le's fees for preparing the sanctions and fees motions and replies may not be awarded under Rule 38.  *Id*.  The "just damages" authorized under Rule 38 may not include fees incurred in obtaining the sanctions or damages.  *Id*.; *see also Lyddon v. Geothermal Props., Inc.*, 996 F.2d 212, 215 n.2 (9th Cir. 1993) (based on analogy to former Rule 11, declining to award under Rule 38 fees for obtaining sanctions).

Le's argument that fees for obtaining sanctions are authorized by Rule 11 as amended after *Lyddon* is unavailing.  Rule 11 was amended before the *Blixseth* decision, and *Blixseth* nevertheless held that fees for obtaining sanctions may not be awarded under Rule 38's "just damages" provision.  *See Blixseth*, 854 F.3d at

630-31 & n.4. *Blixseth* and Rule 38, not Rule 11, govern the award of fees here. Accordingly, $15,155 in fees for preparing the fees and sanctions motions and replies are disallowed.

    3.  Time Unrelated To Appeals

Appellants object to $180 in fees for "Continue preparation of settlement to the City attorney; emails with Judge Allen re: same," arguing that the time has no apparent relationship to this case. Le does not respond to this objection, and it has merit. Thus, $180 in fees are disallowed as not a direct cost actually incurred in defending against the frivolous appeals. *See Blixseth*, 854 F.3d at 630-31.

    4.  Summary

Le's remaining $55,515 in fees were direct costs actually incurred for defending against Appellants' frivolous appeals, and they are awarded under Rule 38. *Id.*

B.  Double Costs

Appellants argue that the court's order at Docket Entry No. 73 did not award double costs. But the court's order granted Le's motion for sanctions, which specifically requested an award of double costs under Rule 38. Accordingly, Le's taxed costs of $618.80 are doubled, and Le is awarded $1,237.60 in double costs. *See* Fed. R. App. P. 38; *Erde v. Bodnar*, 889 F.3d 975, 978 & n.1 (9th Cir. 2018)

(bill of costs underlies request for double costs under Rule 38); *see also* Gregory P. Joseph, Sanctions: The Federal Law of Litigation Abuse § 33(A) (LexisNexis 2013) (The "'costs' referred to in Appellate Rule 38 . . . are those itemized in 28 U.S.C. § 1920.").

C.  Joint And Several Liability

The award of attorneys' fees and double costs under Rule 38 is imposed against Molina, King County, and their attorneys "jointly and severally, since attorney and client are in the best position between them to determine who caused the appeal to be taken." *Int'l Union of Bricklayers Local 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1407 n.8 (9th Cir. 1985).

III
Conclusion

Pursuant to Federal Rule of Appellate Procedure 38 and the court's order at Docket Entry No. 73, attorneys' fees and double costs in the amount of $56,752.60 are awarded in favor of Bao Xuyen Le, Hoai Sunny Le, and Dieu Ho, and jointly and severally against Cesar Molina, Timothy R. Gosselin, Martin Luther King Jr. County, Daniel Louis Kinerk, David J. Hackett, and Kathleen Cullen Van Olst. This order amends the court's mandate.