The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO XUYEN LE, as Personal Representative of the Estate of TOMMY LE; HOAI "SUNNY" LE; and DIEU HO, | No. 2:18-CV-00055-TSZ |
| Plaintiffs, | |
| vs. | KING COUNTY'S MOTION TO QUASH AND FOR PROTECTIVE ORDER |
| REVEREND DR. MARTIN LUTHER KING JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA, | *Noted for: January 15, 2021* |
| Defendants. | |

## I. RELIEF REQUESTED

Defendant King County, on behalf of King County Council member Girmay Zahilay, moves for an order quashing his notice of deposition and protecting him from being compelled to testify at a deposition in this case due to testimonial privilege.

## II. FACTS RELEVANT TO MOTION

This federal civil rights and state common law lawsuit arises out of an officer-involved shooting after several King County deputies responded to multiple 911 calls of

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 1

Daniel T. Satterberg, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

armed male, later identified as Tommy Le, terrorizing residents in a Burien

neighborhood on June 13, 2017. The case has been through a series of iterations,

including the dismissal of plaintiffs' claims of racially-motivated selective law

enforcement in violation of the Fourteenth Amendment, negligence under respondeat

superior, the tort of Outrage, and Reckless or Negligent Infliction of Emotional Distress

*See Dkts. #38, 143, 178, 189.*

Following the original scheduled trial date, the King County Office of Law

Enforcement ("OLEO"),  at the direction of former OLEO Director Deborah Jacobs,

authorized a report about the June 14, 2017 officer-involved shooting.

This report was one matter on the agenda of the King County Council Law and

Justice Committee on September 2, 2020.  The committee consists of seven King County

Council members, with council member Zahilay servinging as the chair of the

committee. The remarks of Councilman Zahilay (and those of the other council

members) at the September 2, 2020 meeting were recorded and videotaped. *Declaration

of Daniel L. Kinerk, Exhibit 1, King County Council transcript of 9/2/20 hearing.*

On October 15, 2020, plaintiffs' counsel sought permission to re-open discovery

to conduct additional depositions, including that of Council member Zahilay. *Kinerk

Dec., Ex. 2, Status Conference transcript,10/15/2020.*  King County objected, indicating that

Council member Zahilay did not speak on behalf of the other King County council

members or on behalf of King County in his remarks at the committee hearing. *Id.* at

*23:14-25, 24:1-20.* King County further objected to deposing Council member Zahilay as

his testimony was collateral to the issues in the case and introduced the risk that the

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   County would need to call other council members to refute Mr. Zahilay's comments. *Id*.

2   The Court stated:

3
> …you will have the opportunity to take Zahilay's deposition
4   on what he said and try and determine or sort out whether
    anything he said would be in any way binding on the
5   county. But this is discovery. This is not admissibility. And
    from what I've heard today, it seems highly unlikely that his
6   comments would in any way bind the county, or even be
    admissible, if it's one council person's views of what a report
7   says.
    The jury is going to decide whether this was, as I say,
8   excessive force, whether something was improper. And
    we're not going to have all of the council members coming
9   in to tell us their views.

10  *Kinerk Dec. Ex. 2, 26:6-18.*

11          On October 19, 2020, the Court issued a Minute Entry following the October 15,

12  2020 status conference holding that "plaintiffs may also depose King County Council

13  member Girmay Zahilay regarding the comments he made about or after issuance of

14  the OLEO report." *See Dkt. #246.* The Court also noted that "I can't conceive that this

15  OLEO report would ever be admitted in evidence." *Kinerk Dec., Ex. 2, 25:24-25.* Council

16  member Zahilay's deposition has now been noted for  January 21, 2021.

17          The Court's approval of Council member Zahilay's deposition was made without

18  the opportunity for the Court to be fully briefed on the legislative privilege against suit

19  and testifying in this matter. This motion follows.

20

21                          **III. EVIDENCE RELIED UPON**

22          1. The declaration of King County Council member Girmay Zahilay;

23          2. The declaration of Daniel L. Kinerk, with exhibits;

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    3. The pleadings on file with the Court.

2                    **IV. STATEMENT OF ISSUE**

3          Whether the Court should recognize the testimonial privilege afforded a King

4    County Council member operating in his legislative capacity and quash his notice of

5    deposition in this matter? Yes.

6                         **V. ARGUMENT**

7    **A.  Local Legislators are immune and cannot be compelled to testify as to legislative**

8    **actions.**

9          Local legislators are absolutely immune from civil liability for their legislative

10   acts. See *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163 (9th Cir.2005). The

11   legislative immunity doctrine also creates an evidentiary and testimonial privilege.

12   *Suhre v. Board of Comm'rs*, 894 F.Supp. 927, 932 (W.D.N.C.1995*), reversed on other grounds.*

13   Where a legislator is immune from suit for a legislative act, he cannot be called to testify

14   regarding those same actions. See *Marylanders for Fair Representation, Inc. v. Schaefer*, 144

15   F.R.D. 292, 298 (D.Md.1992).

16         Testimonial privilege protects speech and other activities undertaken by

17   members of Congress who are acting within a legitimate sphere. *Laurel Park Community,*

18   *LLC v. Tumwater,* 2010 WL 1474073 citing *Eastland v. United States Servicemen's Fund*, 421

19   U.S. 491, 502-503, 95 (1975). "Committee reports, resolutions, and the act of voting are

20   equally covered …."). *Id.* quoting *United States v. Gravel*, 408 U.S. 606, 617, 92 S.Ct. 2614,

21   33 L.Ed.2d 583 (1972).

22

23

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   King County Council member Zahilay's remarks regarding the OLEO report

2   were made during a committee meeting. *Declaration of Girmay Zahilay.* The testimonial

3   privilege precludes deposing a legislator about words spoken in that capacity. The

4   testimonial privilege also extends into inquiry into the motivation or purposes of the

5   legislative act. *Id.* citing *U.S. v. Brewster*, 408 U.S. 501, 502, 525, 92 S.Ct. 2531, 33 L.Ed.2d

6   507 (1972).  In *Laurel,* plaintiffs sought to depose City Council members regarding two

7   new local ordinances that were adopted by the City Council. The court ruled :

8
9   > … a legislator shall not be questioned in any place *(to include a deposition)* where the inquiry reaches the legislative acts or motivations for such acts.

10
11  *Id*. at *3. (emphasis added)

12  In granting defendant's motion to quash and for protective order, the court

13  found that plaintiff's request to depose the council members fell "within the scope of

14  activities considered to be within the legislative sphere."

15  The situation here is no different. The comments County Council member

16  Zahilay made about the OLEO report were made during a Law and Justice County

17  Council meeting and can only be construed as an activity within the legislative sphere.

18  They are privileged and protect him from be subjected to a deposition. This makes

19  complete sense because if every legislator is subject to a deposition for his legislative

20  activities, his "time, energy and attention" is diverted from his legislative tasks and his

21  legislative independence adversely affected.

22  The privilege precludes deposing city council members absent extraordinary

23

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    circumstances, like personal benefit to the legislator, which is not applicable here.

2    *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, (1951).

3        The Ninth Circuit has applied these principles to preclude testimony by

4    individual City Council members concerning their adoption of zoning ordinances. *City*

5    *of Las Vegas v. Foley*, 747 F.2d 1294 (9th Cir. 1984). The underlying policy goal of this

6    immunity is to protect legislators from interference with their legislative duties. See

7    *Dombrowski v. Eastland*, 387 U.S. 82, 84-85, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967).

8        Requiring testimony about communications that reflect objective facts related to

9    legislation subject legislators to the same burden and inconvenience as requiring them

10   to testify about subjective motivations, which is clearly forbidden by the cases cited

11   above.

12       In this case, Council member Zahilay's remarks that plaintiffs seek to discover

13   occurred during a council hearing. *Zahilay Dec*. This is exactly the type of legislative

14   action for which that he enjoys complete immunity and equally important, is afforded

15   testimonial privilege.

16                           **VI. CONCLUSION**

17       The Court should grant the motion to quash and for a protective order

18   preventing the deposition of King County Council member Girmay Zahilay due to

19   testimonial privilege for his legislative acts.

20

21

22

23

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   DATED this 7ᵗʰ day of January, 2021 at Seattle, Washington.

2

3         DANIEL T. SATTERBERG
         King County Prosecuting Attorney
4

5         *s/Daniel L. Kinerk*
         DANIEL KINERK, WSBA #13537
6         CARLA B. CARLSTROM, WSBA #27521
         Senior Deputy Prosecuting Attorneys
7         Attorney for King County Defendants
         King County Prosecuting Attorney
8         500 Fourth Avenue, Suite 900
         Seattle, WA.  98104
9         (206) 296-8820   Fax (206) 296-8819
         dan.kinerk@kingcounty.gov
10        carla.carlstrom@kingcounty.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## CERTIFICATE OF MAILING AND SERVICE

2

I hereby certify that on January 7, 2021, I electronically filed the foregoing

3

document(s) with the Clerk of the Court using the CM/ECF System which will send

4

notification of such filing to the following participants:

5

Jeffrey M Campiche
6       Philip G. Arnold
        Jeffrey Katz
7       Attorneys for Plaintiff
        CAMPICHE ARNOLD PLLC
8       111 Queen Anne Avenue North, Suite 510
        Seattle, WA 98109
9       (206) 281-9000
        jcampiche@campichearnold.com
10      parnold@campichearnold.com
        jkratz@campichearnold.com
11

Timothy R. Gosselin
12      GOSSELIN LAW OFFICE, PLLC
        1901 Jefferson Ave., Suite 304
13      Tacoma, WA 98402
        253-627-0684
14      tim@gosselinlawoffice.com

15

16      I declare under penalty of perjury under the laws of the United States and the

17      State of Washington that the foregoing is true and correct.

18      DATED this 7th day of January, 2021 at Seattle, Washington.

19

20

21      _____
        Rafael A. Munoz-Cintron
22      Legal Assistant
        King County Prosecuting Attorney's Office
23

KING COUNTY'S MOTION TO QUASH AND FOR
PROTECTIVE ORDER - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819