The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of TOMMY LE; HOAI "SUNNY" LE; and DIEU HO,

Plaintiffs,

vs.

REVEREND DR. MARTIN LUTHER KING JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

No. 2:18-CV-00055-TSZ

DEFENDANTS' MOTION TO AMEND ANSWERS

*Noted for: February 19, 2021*

## I. MOTION

In accordance with Civil Rules 15(a)(2) and 16(b)(4), defendants King County and KCSO Deputy Cesar Molina hereby seek leave of court to amend their answers to add the affirmative defense of assumption of risk.

Defendant King County also seeks leave to further amend its answer to include comparative fault. Both the defenses are in response to plaintiffs' new negligence claim, brought pursuant to *Beltran-Serrano v. City of Tacoma*, 193 Wn.2d 537 (2019).

DEFENDANTS' MOTION TO AMEND ANSWERS - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## II. PROCEDURAL FACTS

Plaintiffs have filed a Complaint, an Amended Complaint, a Second Amended Complaint, a Third Amended Complaint, a *Corrected* Third Amended Complaint and a *Second Corrected* Third Amended Complaint in this lawsuit. *See Dkts. #1, 17, 27, 227, 228, and 234.*

Defendant King County filed an Answer To Plaintiffs' Amended Complaint and an Answer to Plaintiffs' Second *Corrected* Third Amended Complaint as well as Defendants' Motion To Strike Plaintiffs' *Corrected* Third Amended Complaint.[1] *See Dkts. #33, 237and 229..* Defendant Cesar Molina filed an Answer to Plaintiffs' Second Amended Complaint and an Answer to Plaintiffs' Second *Corrected* Third Amended Complaint. *See Dkts. #34 and 239.*

This Court entered a Minute Order authorizing plaintiffs to file a Third Amended Complaint to include a claim of negligence (but no other new causes of action) and prohibiting alleging any claims that were previously dismissed, on or before July 20, 2020. *Dkt. #226.*

The Court subsequently entered another Minute Order granting plaintiffs leave to "again amend their pleadings" pursuant to the parties' stipulation. *Dkt. #235.*

Plaintiffs' filed their Second *Corrected* Third Amended Complaint on August 14, 2020. *Dkt. #234.* Defendant King County filed its answer to plaintiffs' most recent

---

[1] The parties entered a Stipulation and Order Resolving Defendants' Motion To Strike Plaintiffs' *Corrected* Third Amended Complaint, (Dkt. #233) which resulted in Plaintiffs' filing their last complaint.

DEFENDANTS' MOTION TO AMEND ANSWERS - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

complaint on September 10, 2020. *Dkt. #237.* Defendant Cesar Molina filed his answer on the same day. *Dkt. #239.*

On September 21, 2020, the Court entered a Minute Order setting a trial date of April 19, 2021, along with other deadlines.[2] *Dkt. #245.*

The defendants respectfully move to amend their answers related to plaintiffs' negligence claim alleged in their Second *Corrected* Third Amended Complaint.

### III. ARGUMENT

Fed. R. Civ. P 15(a)(2) provides, in part, that "a party may amend its pleadings only with the opposing party's written consent or the court's leave," which "[t]the court should freely give … when justice so requires." Fed R. Civ. P. 15(a)(2). Federal R. Civ. P 16(b)(4) provides, however , that "[a] schedule [established pursuant to a Rule 16(b)(1) scheduling order] maybe modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

This case has had a protracted procedural history (outlined above) in which plaintiffs' state law claims were dismissed only to be resurrected by developments in Washington's caselaw. The defendants' request is simply to supplement its defenses to plaintiffs' new negligence claim.

The defendants recognize that while Rule 15 generally provides for liberal amendment of pleadings, any request to do so after a pretrial scheduling order has been entered pursuant to Rule 16(b)(1), requires an additional showing of "good cause."

---

[2] No specific deadline for amending pleadings was set in the Minute Order.

DEFENDANTS' MOTION TO AMEND ANSWERS - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

*Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604 (9th Cir. 1992). The defendants 'request requires no modification of the latest scheduling order. Permitting the amendment would not require any additional discovery. In reviewing plaintiffs' Second *Corrected* Third Amended Complaint and its answer to it in preparation for trial, King County's counsel realized its affirmative defense of assumption of risk had not been plead. *Declaration of Daniel L. Kinerk*. Fed. R. Civ. P. 8(c) requires that defense be affirmatively stated in a pleading. The parties have worked diligently to complete nearly all the discovery allowed related to any conceivable negligence claim. Good cause exists to allow leave to amend.

The defendants also satisfy the factors considered by the courts when determining whether or not granting leave is proper: undue delay, bad faith, or dilatory motive on the part of the moving party, undue prejudice to the opposing party and futility of amendment.[3] *Forman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed2d 222 (1962); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999).

The resurrection of plaintiffs' negligence claim under *Beltran-Serrano* did not result in any additional need by the parties to conduct further discovery relative to assumption of risk or comparative negligence. What is unique in this case is that plaintiffs originally had state law claims in which discovery was conducted, only to have them return much later. The defenses requested to be added to defendants'

---

[3] *Allen v. City of Beverly Hills*, 911 F.2d 367 (9th Cir. 1990) also cites a fifth factor, whether the party has previously amended its pleading. The defendants have not made any previous request.

DEFENDANTS' MOTION TO AMEND ANSWERS - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

answers are responsive to plaintiffs' most recent complaint. There is no dilatory motive or undue prejudice to plaintiffs by this request.

The amendment is not futile as the defenses have merit. Mr. Le precipitated a response by KCSO deputies after he had threatened neighbors, ignored their lawful commands, failed to comply with non-lethal use of force while advancing on others, thus creating the split-second decision-making actions by the KCSO deputies. The defendants are entitled to argue that Mr. Lee assumed the risk that a law enforcement deputy might misinterpret his actions and the threat he posed and the level of force needed to subdue him. The defendants should also be able argue that Mr. Le's actions outlined above reflect his comparative negligence. All of that information was gathered in discovery well before plaintiffs filed their Second *Corrected* Third Amended Complaint.

The additional defenses the defendants seek leave to amend are not done in bad faith. After the Court allowed plaintiffs to amend their complaint to bring a negligence claim, plaintiffs never supplemented their liability experts' opinions nor sought further discovery on their negligence theory. Presumably, they did so because they felt that any discovery on that theory was complete. There is no prejudice to them by allowing the defendants to argue the defenses of assumption of risk and comparative fault.

## IV. CONCLUSION

The defendants respectfully request this Court grant their request to amend their answers respectively, with King County adding assumption of risk and comparative

DEFENDANTS' MOTION TO AMEND ANSWERS - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

negligence and Deputy Molina adding assumption of risk as additional defenses to plaintiffs' negligence claim.

DATED this 29th day of January 2021 at Seattle, Washington.

                DANIEL T. SATTERBERG
                King County Prosecuting Attorney

                *s/Daniel L. Kinerk*_____
                DANIEL KINERK, WSBA #13537
                CARLA B. CARLSTROM, WSBA #27521
                Senior Deputy Prosecuting Attorneys
                Attorney for King County Defendants
                King County Prosecuting Attorney
                500 Fourth Avenue, Suite 900
                Seattle, WA.  98104
                (206) 296-8820   Fax (206) 296-8819
                dan.kinerk@kingcounty.gov
                carla.carlstrom@kingcounty.gov

DEFENDANTS' MOTION TO AMEND ANSWERS - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

**CERTIFICATE OF MAILING AND SERVICE**

I hereby certify that on January 29, 2021, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following participants:

Jeffrey M Campiche
Philip G. Arnold
Jeffrey Katz
Attorneys for Plaintiffs
CAMPICHE ARNOLD PLLC
111 Queen Anne Avenue North, Suite 510
Seattle, WA 98109
(206) 281-9000
jcampiche@campichearnold.com
parnold@campichearnold.com
jkratz@campichearnold.com

Timothy R. Gosselin
GOSSELIN LAW OFFICE, PLLC
1901 Jefferson Ave., Suite 304
Tacoma, WA 98402
253-627-0684
tim@gosselinlawoffice.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 29th day of January 2021 at Bellevue, Washington.

_____
Rafael A. Munoz-Cintron
Legal Assistant
King County Prosecuting Attorney's Office

DEFENDANTS' MOTION TO AMEND ANSWERS - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819