Case 2:18-cv-00055-TSZ   Document 259   Filed 02/04/21   Page 1 of 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOIA "SUNNY" LE; and DIEU HO,

Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

C18-55 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)  Defendant King County's motion, docket no. 249, to quash a notice of deposition issued to King County Councilmember Girmay Zahilay, the Chair of the Law and Justice Committee of the King County Council, is GRANTED. A subpoena must be quashed if it requires the disclosure of privileged matter, unless the privilege has been waived. Fed. R. Civ. P. 45(d)(3). Nothing in the record suggests that Councilmember Zahilay has waived the testimonial privilege he enjoys with respect to his legislative activities. See Dyas v. City of Fairhope, No. 08-232, 2009 WL 3151879 at *2 (S.D. Ala. Sep. 24, 2009) (observing that testimonial privilege exists whenever legislative immunity exists); see also Benisek v. Lamone, 241 F. Supp. 3d 566, 573 (D. Md. 2017) (indicating that the doctrine of immunity shielding state, regional, and local officials from liability for their legislative actions is a product of federal common law, rooted in principles of comity and enjoying a history that predates the Constitution).

MINUTE ORDER - 1

The only question before the Court is whether the statements[1] about which plaintiffs wish to depose Councilmember Zahilay were made in a "legislative" context. In assessing whether an action is legislative, the Court must consider four factors: (i) whether the action involves ad hoc decision making or the formulation of policy; (ii) whether the action applies to a few individuals or to a larger segment of the public; (iii) whether the action is formally legislative in character; and (iv) whether the action bears all the hallmarks of traditional legislation. <u>Kaahumanu v. County of Maui</u>, 315 F.3d 1215, 1220 (9th Cir. 2003); <u>Dyas</u>, 2009 WL 3151879 at *2 (defining a legislative act as involving policymaking rather than "mere administrative application of existing policies"). Under this standard, the Court concludes Councilmember Zahilay's deposition is precluded by his testimonial privilege.

During the meeting at issue, which was conducted on September 2, 2020, the Law and Justice Committee heard from inter alia[2] (i) Deborah Jacobs, then director of King County's Office of Law Enforcement Oversight ("OLEO"), (ii) Michael Gennaco, founder of OIR Group, and co-author of a report commissioned by OLEO, which evaluated the internal review conducted by the King County Sheriff's Office ("KCSO") after the deputy-involved shooting of Tommy Le, and (iii) Mitzi Johanknecht, who was not the King County Sheriff at the time of the shooting, but was elected before the KCSO's internal review occurred. A recording of the proceedings is available at http://king.granicus.com/MediaPlayer.php?view_id=4&clip_id=8244, and the parties

---

[1] In their response to King County's motion, plaintiffs assert that Councilmember Zahilay "admitted that the Review Board report omitted and twisted critical facts of the shooting which was 'like a clear obstruction of justice.'" Plas.' Resp. at 2 (docket no. 252). Plaintiffs have mischaracterized Councilmember Zahilay's remarks. What Councilmember Zahilay actually said is as follows:

> Mr. Gennaco, throughout, you mentioned that throughout this review, throughout this process, it seems like critical facts were either missing or changed, you know, the status of what was in Tommy's hands[, w]here Tommy was shot. These are critical -- critical facts. It almost, you know, I don't want to ascribe someone's intent, but it would be hard to misstate those facts without intention. What -- what consequences are there for an investigator who misrepresents critical pieces of information like this[? A]re there any mechanisms in place? Because this seems like a clear obstruction of justice[.]"

<u>Compare</u> Tr. (Sep. 2, 2020) at 30:15-31:1 (by Seattle Deposition Reporters, LLC), Ex. 1 to Kinerk Decl. (docket no. 250) <u>with</u> Tr. (Sep. 2, 2020) at 27:13-23 (by Buell Realtime Reporting, LLC), Ex. A to Arnold Decl. (docket no. 253-1).

[2] At the start of the session, all three plaintiffs, who are Tommy Le's mother, father, and aunt, addressed the Law and Justice Committee, mainly to express their grief.

MINUTE ORDER - 2

have provided two slightly different versions of a written transcript, Ex. 1 to Kinerk Decl. (docket no. 250) and Ex. A to Arnold Decl. (docket no. 253-1).

OLEO is an agency within the legislative branch of King County. *See* King County Code ("KCC") 2.75.020. It was created in October 2006, but revamped in May 2009 as a result of a collective bargaining agreement between King County and the King County Police Officers Guild. *See* Ordinances 15611 and 16511 (available at https://kingcounty.gov/council/clerk/search_archive.aspx); *see also* OLEO First Report (2011) (available at https://www.kingcounty.gov/independent/law-enforcement-oversight/reports.aspx). In April 2017, OLEO's authority was expanded, and it may now investigate complaints about the KCSO and conduct "systemic reviews" concerning the KCSO's "operations, training, policies, rules, procedures, practices or general orders." Ordinance 18500 at § 4 (codified at KCC 2.75.040(A)(2) & (E)).

Mr. Gennaco's September 2020 presentation to the Law and Justice Committee summarized from "a 50,000 foot level" the systemic review he performed with respect to the KCSO's "Policy, Practice, and Review Mechanisms for Officer-Involved Shootings" following Tommy Le's death in June 2017. *See* Tr. at 13:20 (docket no. 250); *see also* OIR Group Report, Ex. B to Arnold Decl. (docket no. 253-2). Sheriff Johanknecht provided an abbreviated response to Mr. Gennaco's findings, emphasizing that she and her staff had had only "a handful of days" to digest his report. *Id.* at 38:19 & 39:18. Councilmembers Zahilay and Rod Dembowski each asked questions of Mr. Gennaco and Sheriff Johanknecht, and their inquiries appeared primarily aimed at understanding how administrative reviews of officer-involved shootings should be conducted. *See* Tr. at 25:8-20, 26:11-27:2, 28:17-29:1, 30:14-31:1, 32:5-11, 34:18-35:7, 49:13-19, & 50:9-51:6 (docket no. 250). Indeed, at one point, Councilmember Zahilay expressed an opinion that King County "should have an independent entity conducting administrative reviews," and OLEO "should be much stronger" and "able to conduct those reviews independently." *Id.* at 50:10-14. On this subject, he solicited the views of both Mr. Gennaco and Sheriff Johanknecht. *See id.* at 25:11-20 & 51:2-6 & 18-22.

The Court concludes that, although the September 2020 briefing focused on the systemic review of the KCSO's conduct in the aftermath of Tommy Le's shooting, the purpose of the meeting was much broader, namely to consider whether the administrative review process for officer-involved shootings needs modification, which might require a strengthening of OLEO's mandate from the King County Council. This activity is quintessentially legislative. *See Dyas*, 2009 WL 3151879 at *6 ("Legitimate legislative activity includes such things as preparing committee reports and participating in committee investigations, hearings and proceedings"). To the extent that plaintiffs seek to interrogate Councilmember Zahilay about the views he formed after reviewing Mr. Gennaco's report and considering the responses of Sheriffi Johanknecht, such inquiry would have a chilling effect on legislative functioning, *see id.* at *7-10, while producing nothing more than inadmissible lay opinions based entirely on hearsay.

MINUTE ORDER - 3

Councilmember Zahilay's statements and/or questions posed during the Law and Justice Committee meeting are matters of public record, available to plaintiffs without deposing him.  *See* *Austin Lifecare, Inc. v. City of Austin*, No. A-11-CA-875, 2012 WL 12850268 at *2 (W.D. Tex. Mar. 20, 2012) (quashing two notices of deposition, indicating that the plaintiffs had "alternative methods for discovering the information they seek, . . . such as records of public proceedings [and] public statements of council members").  The Court, however, makes no ruling at this time concerning whether Councilmember Zahilay's statements and/or questions during the meeting at issue, the related OIR Group Report (also described as the OLEO Report), or any testimony regarding the OIR Group Report or OLEO itself will be admissible at trial.

(2) This case remains set for trial on April 19, 2021, with a Pretrial Conference scheduled for April 9, 2021, at 10:00 a.m.  The parties have agreed to engage in jury selection remotely.  *See* Minutes (docket no. 246).  Within fourteen (14) days of the date of this Minute Order, the parties shall file any objections, not to exceed five (5) pages in length, to conducting the entire trial in a virtual manner via the ZoomGov.com platform.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of February, 2021.

        William M. McCool  
        Clerk

        s/Gail Glass  
        Deputy Clerk

MINUTE ORDER - 4