The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; and DIEU HO,<br><br>Plaintiffs,<br>vs.<br><br>REVEREND DR. MARTIN LUTHER KING JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,<br><br>Defendants. | NO. 2:18-cv-00055-TSZ<br><br>DEFENDANT DEPUTY CESAR MOLINA'S OPPOSITION TO A VIRTUAL JURY TRIAL<br><br>*Noted for February 18, 2021* |

For nearly 300 years, jury trials have occurred in person, where jurors, witnesses parties attorney and judges could take the full measure of the person and evidence before them.  In a matter of months that system has been discarded in favor of so-called Zoom trials.  Despite the high level of scientific certainty our courts require for the presentation of evidence, that change occurred with virtually no scientific study, with little if any reasoned debate, and certainly without any public debate.

Since the pandemic began, we have also learned that what works in one case does not work in all.  For example, Zoom learning has been highly successful for those who choose it as a

DEFENDANT DEPUTY CESAR MOLINA'S OPPOSITION TO A VIRTUAL JURY TRIAL
[No. 2:18-cv-00055-TSZ]
Page - 1

GOSSELIN LAW OFFICE, PLLC
1901 JEFFERSON AVENUE, SUITE 304
TACOMA, WASHINGTON 98402
OFFICE: 253.627.0684 FACSIMILE: 253.627.2028

1  way of getting a college education, but it has been shown to be a dismal failure as a forced
2  alternative to in-person primary education.  Technical limitations, inattention and distraction,
3  racial and economic disparities, and the absence of social interaction, are just a few of the many
4  factors that have lead to the call for a return to in-person learning despite risks of Covid19.

5       The point here is this:  The utilization of Zoom trials may have been necessary at the
6  beginning of the pandemic, where no end was in sight and there was a risk that the judicial
7  system my come to a grinding halt, or where the parties agreed to conduct the trial in that format.
8  They should not, however, be forced on the parties where the parties do not agree, or where, as
9  now, reasonable suspicion has arisen regarding the effectiveness and equivalency of Zoom
10 proceedings, and an end to the pandemic is in site.  According to National Public Radio, as of
11 February 18th, more than 56 million doses of vaccine have been administered, reaching 12.1% of
12 the total U.S. population, according to federal data collected by the Centers for Disease Control
13 and Prevention. https://www.npr.org/sections/health-shots/2021/01/28/ 960901166/how-
14 is-the-covid-19-vaccination-campaign-going-in-your-state.  The U.S. is currently administering
15 over 1.8 million shots a day. *Id.*  President Biden has declared a goal of getting 100 million shots
16 into arms in the first 100 days of his administration, by April. *Id.*   On February 11, the
17 President announced the federal government has inked deals to purchase 600 million vaccine
18 doses from Pfizer and Moderna, to be delivered by the summer. We have learned now that
19 gatherings can occur safely – hence children returning to school, restaurants re-opening, etc.
20 Where the end of the pandemic (or at least reasonable control of it) is in sight, where alternatives
21 exist that allow for safe in person gatherings, expediency no longer justifies scrapping a system
22 that has proved itself both highly effective and enduring for centuries, certainly not without at
23 least exploring whether other alternatives exist.

24      Another point bears mentioning:  The court's order seems to place the burden on the
25 party objecting to a Zoom trial to establish why it is inappropriate. Given the fact that Zoom
26

DEFENDANT DEPUTY CESAR MOLINA'S
OPPOSITION TO A VIRTUAL JURY TRIAL
[No. 2:18-cv-00055-TSZ]
Page - 2

GOSSELIN LAW OFFICE, PLLC
1901 JEFFERSON AVENUE, SUITE 304
TACOMA, WASHINGTON 98402
OFFICE: 253.627.0684 FACSIMILE: 253.627.2028

trials are an aberration from the norm, and a very recent one at that, and that our entire system of jurisprudence has been built around the in-person jury trial for centuries, placing the burden on the party opposing Zoom trials seems backwards. The burden should be on the proponent of Zoom trials to establish they are at least as effective as an in person trial, if not in general, at least in the particular case at issue. This notion seems to underlie Judge Bryant's decision discussed in King County's Objection.

Deputy Molina joins with King County in objecting to the use of a Zoom trial in this case for several reasons, some of which have been articulated in the County's motion. They include the following:

1. Dilution of the impact of visual evidence. This is not a car accident case, or a case where emotion plays no role, or movements can be depicted by animation or charts. In this case terms like "reasonable fear" and "threat" play key roles. The precise movements of the parties, the distances between them, their actions and sounds also play key roles. My client is entitled to stand in front of the people judging him and assure that they have a full and even visceral understanding of the fear he and the other witnesses felt when Tommy Le confronted them, the speed with which Le moved, the actions he made. My client wants to confront the experts hired to criticize his actions, and have the jury see their reactions as they are forced to acknowledge the fallacies in their opinions. And, it is respectfully submitted that an accurate judgment of that evidence cannot occur when the evidence and testimony is filtered through a camera and a flat twenty-inch computer screen to people sitting alone in their kitchen or living room.

2. The greater likelihood that the participants in the trial will lose engagement of the jury. To some extent, trials are teaching opportunities. We know from experience that teaching via Zoom has mixed success. As noted above, while it may work for those who choose it as a way of getting a college education and willingly adapt their lives to it, it has been shown to be a dismal failure (albeit a necessary evil) as a forced alternative to in-person primary education.

DEFENDANT DEPUTY CESAR MOLINA'S
OPPOSITION TO A VIRTUAL JURY TRIAL
[No. 2:18-cv-00055-TSZ]
Page - 3

GOSSELIN LAW OFFICE, PLLC
1901 JEFFERSON AVENUE, SUITE 304
TACOMA, WASHINGTON 98402
OFFICE: 253.627.0684 FACSIMILE: 253.627.2028

While a jury has some similarity to the college student in that the jurors are adults, it has many similarities with forced on-line education. At least some jurors will not be fully willing or voluntary participants. Certainly none will have organized their lives around a three or four week trial. Under these circumstances, it is fair to assume distractions will be more compelling and attention spans more limited, in a way that does not occur with in-person juries.

3. Essential elements of in-person trials are lost. These include, among other things, the visceral role of the courtroom and observing witnesses in person, social interaction of jurors, the formality of the judicial process, and the ability of jurors to monitor their collective conduct during trial.

4. Deputy Molina shares the County's concern that the selection of jurors able to participate in Zoom trials has potential racial and economic bias. Any qualified person can attend court. Access to the kind of skills and technology needed to comfortably participate in jury selection as well as a weeks-long jury trial over a computer is another matter. Those kinds of skills are not uniformly shared across racial and economic lines. Forced, on-line primary education has revealed that fact. At a minimum, those potential effects should be studied and ruled out before Zoom trials are forced on litigants.

5. No reason has been presented showing that in-person trials cannot be conducted safely. This court's courtroom is large, jurors can be spread out over safe distances, jurors can remain masked, safe courthouse screening processes are in place.

There is no doubt trial can occur via Zoom. That does not mean it should or that such a trial would be either effective or fair. Deputy Molina opposes a Zoom trial in this case because he believes it will interfere with his right to due process and trial by jury, and with the effective presentation of his case; its effectiveness is untested and unproven across different types of cases in general and this type of case in particular; and, it is unnecessary given where we are with regard to the pandemic.

DEFENDANT DEPUTY CESAR MOLINA'S OPPOSITION TO A VIRTUAL JURY TRIAL
[No. 2:18-cv-00055-TSZ]
Page - 4

GOSSELIN LAW OFFICE, PLLC
1901 JEFFERSON AVENUE, SUITE 304
TACOMA, WASHINGTON 98402
OFFICE: 253.627.0684 FACSIMILE: 253.627.2028

1 | Dated this 18th day of February, 2021,

2 | By : _____
Timothy R. Gosselin, WSBA #13730
3 | GOSSELIN LAW OFFICE, PLLC
1901 Jefferson Ave., Suite 304
4 | Tacoma, WA 98402
253-627-0684
5 | tim@gosselinlawoffice.com
Attorney for Defendant Molina

DEFENDANT DEPUTY CESAR MOLINA'S OPPOSITION TO A VIRTUAL JURY TRIAL
[No. 2:18-cv-00055-TSZ]
Page - 5

GOSSELIN LAW OFFICE, PLLC
1901 JEFFERSON AVENUE, SUITE 304
TACOMA, WASHINGTON 98402
OFFICE: 253.627.0684 FACSIMILE: 253.627.2028

CERTIFICATE OF MAILING AND SERVICE

I hereby certify that on the 18th day of February, 2021, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey M. Campiche | Daniel Kinerk |
| Philip G. Arnold | Carla Carlstrom |
| Attorneys for Plaintiff | Senior Deputy Prosecuting Attorney |
| CAMPICHE ARNOLD PLLC | King County Prosecuting Attorney's Office, |
| 2025 First Avenue, Suite 830 | Civil Division |
| Seattle, WA 98121 | 500 Fourth Avenue, Suite 900 |
| (206) 281-9000 | Seattle, Washington 98104 |
| jcampiche@campichearnold.com | 206-296-8820 |
| parnold@campichearnold.com | dan.kinerk@kingcounty.gov |
| | Carla.Carlstrom@kingcounty.gov |

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 18th day of February, 2021 at Seattle, Washington.

*s/ Timothy R. Gosselin*
TIMOTHY R. GOSSELIN

DEFENDANT DEPUTY CESAR MOLINA'S OPPOSITION TO A VIRTUAL JURY TRIAL
[No. 2:18-cv-00055-TSZ]
Page - 6

GOSSELIN LAW OFFICE, PLLC
1901 JEFFERSON AVENUE, SUITE 304
TACOMA, WASHINGTON 98402
OFFICE: 253.627.0684 FACSIMILE: 253.627.2028