Judge Thomas S. Zilly
Trial Date:  04-19-21

IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BAO XUYEN LE, as Personal Representative of the Estate of Tommy Le; HOAI "SUNNY" LE; and DIEU HO,

Plaintiffs,

v.

REVEREND DR. MARTIN LUTHER KING, JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,

Defendants.

NO.  2:18-cv-00055-TSZ

**PLAINTIFF LE ESTATE'S RESPONSE TO DEFENDANTS' OBJECTION TO ZOOM JURY TRIAL, Dkt. Nos. 268-271**

Plaintiffs Le respectfully submit the following response to the defendants' objection as directed by the Court's February 19, 2021 Minute Order (*Dkt.* 272).

*Trial by jury in civil cases is as essential to secure the liberty of the people as any one of the pre-existent rights of nature - James Madison.*

*I consider trial by jury as the only anchor ever yet imagined by man, by which government can be held to the principles of its constitution – Thomas Jefferson.*

### 1.   INTRODUCTION & BACKGROUND

The ongoing COVID-19 pandemic has required adaptation and adjustment to the standard functioning of many of our society's institutions, including our Courts and justice system. A jury trial is a fundamental and essential function by which the government may be held to the principles set forth in the Constitution. The Zoom trial option enables the Court to safely fulfill one of its essential functions

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL                                   -1
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

within the constraints imposed by the virus. It is unreasonable to believe that a jury trial could currently be conducted safely in person. It is also unreasonable to believe that a jury trial could be conducted in a pre-pandemic manner in a span of a few months. This matter should proceed to trial on April 19, 2021 through the Zoomgov.com video interface. Plaintiffs Le should have the opportunity to present its case to the jury remotely. The Court should reject the most recent delay tactic of Defendant King County and Defendant Molina ("the defendants").

An in-person jury trial in April 2021 would run afoul of King County's current public health guidelines concerning groups gathering indoors. An in-person jury trial would be unfairly prejudicial to the plaintiff because conducting an in-person trial in April 2021 would be an unreasonable and unnecessary health risk to the participants and the jurors. Yesterday, February 22, 2021, the U.S. passed 500,000 COVID-19 deaths, an astonishing number. We have yet to see the effects of the other variants of COVID-19. Assuming the trial is continued a short time as infection numbers decrease and vaccination numbers increase, an in-person jury trial will nonetheless prejudice the plaintiff because, as the party who filed the case and brought the claim, the jury would blame the plaintiff and hold it responsible for requiring them to risk exposure to the virus by coming to the courthouse. Until the time that in-person gathering is definitively safe, an in-person jury trial would deprive the plaintiff of the fair opportunity to have its case heard by an impartial jury.

A delay of this trial until a time where it is reasonably safe to hold an in-person jury trial would also prejudice the plaintiff who is ready to proceed to trial. Justice delayed is justice denied. Nearly four years ago, on June 14, 2017, King County Sheriff's Deputy Cesar Molina shot and killed 20-year-old Tommy Le in the back as he lay on the ground, unarmed, and posing no immediate threat to anyone. The plaintiff was prepared for trial in June 2019 until an eleventh hour frivolous interlocutory appeal stayed the case.

This matter should be heard and decided remotely by a jury beginning on April 19th.

**PLTF RESP. TO DEF. OBJECTION**
**TO ZOOM JURY TRIAL**     -2
NO. 2:cv-18-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

## 2. ARGUMENT

Defendants King County and Molina's objection to a Zoom jury trial is the latest delay tactic intended to impede the resolution of this case and deny the plaintiff access to justice. The defendants do not want to see the facts of this case heard by a jury. The defendants are willing to let the parties get to the courtroom door, but each time the Le family has ascended the steps and gripped the door handle, the defendants impose a last-minute effort to bar the door. This time, the defendants object to the Zoom jury trial. One the eve of trial two years ago, the defendants filed an interlocutory appeal which placed the case on hold at the District Court. The U.S. Court of Appeals for the Ninth Circuit rejected the appeal as frivolous and returned the case for trial. The current objection to a Zoom trial is yet another delay tactic. The defendants should not be permitted to impede the plaintiff's access to justice again.

The COVID-19 global pandemic has disrupted not only the typical functioning of American Courts but also the typical functioning of human society at its foundational levels. Nationwide, courts have adopted remote videoconference technology as a workable and fair solution to keep the courts open and operating in the face of this ongoing public health crisis. The Western District of Washington set the example to show that the remote jury trials are possible even with complex cases. The use of videoconference technology preserves the ability of citizens to hold their government accountable to the principles and protections of the U.S. Constitution despite the inability to gather safely in person.

Apart from the 1918 "Spanish Flu" influenza crisis, there is no precedent on how to maintain the operation of the court system in the face of an infectious deadly virus. The absence of authority claimed by the defendants should not be permitted to paralyze the court system nor the Le family's right to a trial, without delay. It is an appropriate exercise of the Court's discretion and within its ability to control its own docket to proceed with a Zoom trial on April 19, 2021 without further delay.

**PLTF RESP. TO DEF. OBJECTION TO ZOOM JURY TRIAL**  
NO. 2:cv-18-00055-TSZ
-3
**CAMPICHE ARNOLD, PLLC**  
111 Queen Anne Avenue N., Suite 510  
Seattle, WA 98109  
TEL: (206) 281-9000  
FAX: (206) 281-9111

Fed. R. Civ. P. 77(b) states that "Every trial on the merits must be conducted in open court, so far as convenient, in a regular courtroom." Fed. R. Civ. P. 43(a) provides that witness testimony must be taken in open court except for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. Both Rule 77(b) and Rule 43(a) afford flexibility when the circumstances require it. Good cause and compelling circumstances currently require testimony from a different location. The danger presented by COVID-19 satisfies the standard.[1] The determination of whether good cause and compelling circumstances exist falls within the trial court's discretion. *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018). Contemporaneous videoconferencing provides adequate safeguards that the witness testimony may be subject to cross-examination and that the trier of fact may observe the demeanor of the witness. *See In re RFC Res Cap Liquidating Trust Action*, 444 F. Supp. 3d 967, 971 (D. Minn. 2020) ("Given the speed and clarity of modern videoconference technology, where good cause and compelling circumstances are shown, such testimony satisfies the goals of live, in-person testimony and avoids the shortcomings of deposition testimony.") The Advisory Committee Notes to Fed.R.Civ. P. 43(a) specifically state that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons such as accident or illness, but remains able to testify from a different place."[2] The Western District of Washington recognized COVID-19 as the unexpected occurrence justifying remote video proceedings in General Order 15-20.[3]

### A.    An In-Person Trial Prejudices Plaintiff Le Estate

---

[1] See, Gould Electronics Inc. v. Livingston County Rd. Comm., F.Supp.3d 2020 WL 3717792 at 4-5 (E.D. Mich., 2020).
[2] Fed. R. Civ. P. Advisory Cmte. Note to 1996 Amendment.
[3] In Re: New Modified Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus, W. Dist. Of WA., General Order 15-20.

| PLTF RESP. TO DEF. OBJECTION | | CAMPICHE ARNOLD, PLLC |
| TO ZOOM JURY TRIAL | -4 | 111 Queen Anne Avenue N., Suite 510 |
| NO. 2:cv-18-00055-TSZ | | Seattle, WA 98109 |
| | | TEL: (206) 281-9000 |
| | | FAX: (206) 281-9111 |

Jurors must feel safe to fairly hear and consider the evidence in this case. If the jurors do not feel safe, then the Court should not require them to appear and gather in person. As the party that filed the case, the jurors will blame the plaintiff if they are required to come to the courthouse to hear this case in person. The Le family does not want to put the health of any jurors at risk when there is a safe alternative. Despite the optimistic forecast offered by the defendants, the nation does not yet have the COVID-19 pandemic under control. The pandemic still poses significant public health risks, which would be aggravated by gathering inside a courtroom for an in-person jury trial.

Reductions in daily infection numbers and the ongoing roll-out of two currently approved vaccines are signs of progress, but the danger of the virus, and its variants, have not been eliminated. Total infections rates eclipsed 28 million cases in the United States and total deaths passed 500,000 people on Monday, February 22nd, according to reports from the New York Times and Washington Post.[4] Daily death rates have declined from the record high points of 4,400 per day earlier this winter, but Johns Hopkins University data continues to track approximately 2,000 COVID-19 deaths per day.[5]

The approval and distribution of two coronavirus vaccines is a positive development which should assist in controlling the spread. The vaccines, however, are not an instant solution. "The return to many of our old familiar ways will take time, and how much time remains unclear. The answers await more research into the vaccines, how they can be distributed and how many people are willing to get them."[6] General Order No. 18-20 issued by Chief Judge Martinez recognized that the distribution of vaccine to members of the general public is anticipated to proceed in phases through the coming

---

[4] Paul Schemm, "New Case Numbers Drop to Levels Not Seen Since Fall as U.S. Death Toll Nears 500,000," The *Washington Post* (February 22, 2021).
[5] Pien Huang, "'A Loss to the Whole Society': U.S. COVID-19 Death Toll Reaches 500,00," *National Public Radio* (February 22, 2021) (available at https://www.npr.org/sections/health-shots/2021/02/22/969494791/a-loss-to-the-whole-society-u-s-covid-19-death-toll-reaches-500-000).
[6] Marlene Cimons, "Reports of two promising covid-19 vaccines don't mean we 'magically,' quickly return to normal," Washington Post (11/21/20) (available at https://www.washingtonpost.com/health/covid-vaccine-masks-normal-life/2020/11/20/b4ed16c8-2922-11eb-9b14-ad872157ebc9_story.html

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL                    -5
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

1  months and "it appears likely that the majority of individuals with business in the Courthouses,
2  including potential jurors, will not be fully vaccinated before March 31, 2021."[7]  General Order No.
3  18-20 concluded that "**limiting the size and frequency of gatherings remains critical to preventing**
4  **serious injury and death from COVID-19**."[8] (emphasis added)  There will not be additional sufficient
5  progress in vaccinations to protect all of the jurors in April 2021.  The Le Family and counsel will not
6  be vaccinated by April.  It remains unclear whether even when vaccinated if individuals can continue
7  to spread and incubate the virus.

8  In-person jury service runs counter to social distancing.  The idea of putting six to 12
9  individuals together in a jury room in April 2021 should be a non-starter.  There is no need to gather
10 individuals together when there is safe alternative as recognized by the Court.  A Zoom trial reduces
11 the risk of COVID-19 transmission.  The trial in this matter should not be a "super spreader" event.

12 Chief U.S. District Judge Ricardo Martinez captured the importance of jurors feeling safe when
13 he said: "**We will never go back to holding trials like we have for the past 230 years until we can**
14 **convince jurors that it is safe to come back to the courthouse**."[9] (emphasis added) Declaring
15 prematurely that the virus has been defeated, will fly away, or be gone by Easter does not mean it is
16 safe to gather for in-person jury trials nor does it mean jurors will feel safe being asked to gather in
17 person for a trial.  If the jurors do not feel safe, then they cannot be expected to fairly decide the case.
18 The plaintiff bears the risk of drawing the jurors' ire for summoning them to courthouse during a
19 pandemic.

---

[7] In Re: New Modified Court Operations under the Exigent Circumstances Created by COVID-19 and Related Coronavirus, General Order No. 18-20, U.S. Dist. Ct., W. WA., December 30, 2020.
[8] Id.
[9] Mike Carter and Sara Jean Green, "Your Right to a Jury Trial is on Hold.  Here's How Coronavirus is Changing the Justice System," *The Seattle Times* (June 2, 2020).

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL                -6
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

**B. An Indefinite Delay Until it is Safe to Conduct an In-Person Jury Trial Prejudices Plaintiff Le Estate**

Over the last year, there have many too many proclamations that the country is "rounding the corner" or that "the light is at the end of tunnel" is visible. The danger of an in-person jury trial will not subside in the next few months. It is unknown when the danger of in-person gathering will be eliminated. Defendants assert that the end of the pandemic is in sight and note that vaccinations occur daily, but the defendants essentially request an indefinite continuance. It would prejudice the plaintiff to place the trial on hold until it is safe to be appear at the courthouse in person. Tommy Le's family has waited four years already. The Le family should not be made to wait another unknown number of months (possibly years) until it is safe to resume in-person jury trials, particularly when it is possible to conduct a remote jury trial that ameliorates the defendants' objections and satisfies Rules 77(b) and 43(a).[10]

Even if the Court ordered the parties to wait until a more significant number of the population have been vaccinated, an in-person trial would still require masks and social distancing which impede the presentation of evidence and witness testimony demonstrably. It is an unrealistic fantasy to believe that an in-person trial in 2021 will resemble a pre-pandemic trial anytime in the foreseeable future. Anthony Fauci, MD, chief medical advisor to President Biden, stated on February 22, 2021 that masks may be necessary until 2022.[11] Medical experts continue to advise that even as vaccination numbers increase it will continue to be essential to wear masks and maintain social distancing. Rochelle Walensky, MD, MPH, the director of the U.S. Centers for Disease Control and Prevention (CDC) cautioned against viewing downward case trends as a reason to relax safety precautions.[12] The CDC maintains that continued adherence to public health measures like wearing face coverings, observing physical distancing, regular handwashing and avoiding crowds and poorly ventilated areas is still recommended even for someone who has received the vaccine.[13] CDC guidance states, "It's important

---

[10]   *See*, *Liu v. State Farm*, Case No. 2:18-1862-BJR, Order Directing Jury Trial by Videoconference, (W.D. WA., December 17, 2020), Attachment No. 2 to Campiche Declaration.

[11]   Luke Money and Rong-Gong Lin II, "We Might Need to Keep Wearing Masks into 2022 to Defeat COVID-19", *Los Angeles Times* (February 22, 2021).

[12]   *Id.*

[13]   Frequently Asked Questions About COVID-19 Vaccination, CDC, cdc.gov/coronavirus/2019-ncov/vaccines/faq.html; updated February 19, 2021.

| | |
|---|---|
| **PLTF RESP. TO DEF. OBJECTION**<br>**TO ZOOM JURY TRIAL**         -7<br>NO. 2:cv-18-00055-TSZ | **CAMPICHE ARNOLD, PLLC**<br>111 Queen Anne Avenue N., Suite 510<br>Seattle, WA 98109<br>TEL: (206) 281-9000<br>FAX: (206) 281-9111 |

for everyone to continue using all the tools available to help stop this pandemic as we learn more about how COVID-19 vaccines work in real-world conditions."[14]  Even as more people are vaccinated, discipline and adherence to coronavirus guidelines will remain vital.  A Zoom jury trial is a safer and more effective method to present a case to a jury than an in-person trial muffled and obstructed by personal protective equipment.

### C.  The Zoom Jury Trial is Fair and a Safe Alternative for All Parties

The Zoom trial is the way forward because as the courts have recognized "to stand still is to fall behind."  Several successfully completed trials in the District Court prove that Zoom jury trials work and preserve the participants' constitutional and legal rights to a jury trial.  Contrary to the assertions of Defendant Molina, this District Court for Western Washington devoted substantial time to research the possibility of Zoom jury trials and explore different technology options.  The recommendation to proceed with Zoom jury trials was not a snap decision.  It was a considered and pragmatic solution accounting for the realities of current and future COVID-19 interruptions of the court's in-person proceedings.  All reports indicate that Zoom jury trials presided over by this Court, the Honorable Barbara J. Rothstein, and the Honorable Marsha J. Pechman proceeded smoothly with few technological glitches. Any interruptions or time lost did not exceed the normal course of interruptions and delay incumbent to a jury trial when in person or by Zoom.[15]

Defendants King County and Molina oppose a remote jury trial.  However, King County's court system, adhering to King County's public health guidelines, has adopted the Zoom jury trial as a safe alternative. The most recent Emergency Order issued by the King County Superior Court on January 22, 2021 establishes that ***"there is good cause and compelling circumstances to allow all pending civil jury trials to proceed virtually via video using Zoom or an equivalent platform."***  *In the Matter of the Response by King County Superior Court to the Public Health Emergency in Washington State,* Emergency Order #28 Re: Suspending In-Person Jury Trials for Civil Cases to March 29, 2021, at 3, January 22, 2021 (emphasis added).  King County Emergency Order #28 notes that the Court "has

---

[14]     *Id.*
[15]     *See*, Attachment No. 3 to Campiche Declaration: Declaration of Darrell L. Cochran.

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL                          -8
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

recently conducted several virtual civil jury trials with all parties, witnesses, and jurors attending remotely via Zoom. King County's own Superior Court judges have concluded that there is no material risk that witness testimony would be compromised or that constitutional protections eschewed. The defendants stand at odds with the county's health department and superior court.

The defendants claim that their constitutional rights will be infringed if the trial occurs by Zoom. The defendants make several claims regarding the deficiencies of Zoom trials. However, many of those critiques are arguably facets of trial which are improved not weakened by the Zoom presentation method.

The defendants assert that the evaluation of witness credibility will be crucial in the jury's determination of this case and that a Zoom trial will deny the defendant the ability to present its witnesses for the jury's in-person assessment. Defendants object that jurors will not be able to take the "full measure of the person and evidence before them" in a remote trial. In many instances a zoom presentation presents a larger image of the witness than an in-person trial with jurors at various distance from the witness stand. A better assessment of witness credibility is allowed. Every trial involves determinations of witness credibility. The standard jury instructions inform the jury of its duty to decide whether they find the testimony, or simply portions of the testimony, of witnesses to be credible. Jurors are presumed to follow the instructions. That is a crucial presumption underlying the trial by jury system. If the Court were to delay this trial on the grounds that it is impossible to make fair credibility determinations in a virtual trial, that would be tantamount to declaring a mistrial in every virtual trial that has been previously held before the Court during which any witness testimony was presented to the jury. Defendants have no concrete evidence that jurors are incapable of making the necessary determinations of witness credibility via Zoom. Anecdotal references and speculation do not justify ordering an in-person trial.

Another complex case concerning police officers firing their weapons, *Orn v. City of Tacoma* Case No. 3-13-cv-05974 was tried via Zoom in this district for eight trial days until the parties reached a settlement.[16] This Court has already demonstrated it is possible to try a complex case using Zoom. In fact, federal courts in other districts have consulted with this district and based their Zoom jury trial

---

[16]   *See*, Declaration of Darrell L. Cochran, Attachment No. 3 to Campiche Declaration.

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL                -9-
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

orders on orders issued by this District.[17] Technological glitches and connectivity issues may arise in a Zoom trial, but in person trials have their own hiccups or disruptions on a daily basis. Unforeseen occurrences are part of the process, and something the parties and Court will work together to address. That is the nature of a trial.

Defendants also argue that jurors will struggle to assess the evidence and witnesses if presented by Zoom because the jury will not be physically present to observe and evaluate. That statement ignores the reality of what an in-person trial utilizing required precautions would demand. The Court, the lawyers, and the witnesses will all be wearing masks that obscure the bottom portion of the face. Wearing a mask will be required for an in-person trial regardless of spacing or the installation of plexiglass barriers.

The eyes may be the windows to a person's soul, but being able to see the face, nose, and mouth are also vital for any credibility determination. A Zoom trial enables all participants to appear mask less on screen and be heard clearly. In fact, the Zoom trial gives the jury the ability to see the testifying witness in greater clarity than they would in a courtroom. If tried in person, jurors and witnesses would be masked and wearing face shields, physically separated by plexiglass barriers and socially distanced by six to 12 feet. Judges who have conducted Zoom jury trials have commented that they have had improved ability to see and hear witness testimony while also monitoring the jury. Given the clarity and speed of modern videoconference technology, livestreamed testimony offers the advantage of greater consistent visibility of the witness, attorneys and Court by the jury. An in-person jury trial in 2021 would not replicate the pre-pandemic trial experience envisioned by the defendants' respective counsel. An additional factor that weighs against a masked in-person trial is the necessity of court certified interpreter Nova Cuong Phung to be able to see a speaker's lips to interpret for the Le family.

The defendants object additionally and argue the anticipated volume of documentary exhibits will be difficult for a remote jury to process. The Zoom trial enables the jurors to have improved ability

---

[17] *See*, *Kieffaber v. Ethicon, Inc.* Case No. 20-1177-KHV, Order Directing Jury Trial by Video Conference (D. Kan., February 8, 2021), Attachment No. 1 to Campiche Declaration. *Compare with Liu v. State Farm*, Case No. 2:18-1862-BJR, Order Directing Jury Trial by Videoconference, (W.D. WA., December 17, 2020), Attachment No. 2 to Campiche Declaration.

| | | |
|---|---|---|
| **PLTF RESP. TO DEF. OBJECTION**<br>**TO ZOOM JURY TRIAL**<br>NO. 2:cv-18-00055-TSZ | -10 | **CAMPICHE ARNOLD, PLLC**<br>111 Queen Anne Avenue N., Suite 510<br>Seattle, WA 98109<br>TEL: (206) 281-9000<br>FAX: (206) 281-9111 |

to carefully and individually review documentary exhibits available to them during deliberation via the Box.com upload process.

This case is no different than any other case. The parties will present evidence and question witnesses, the court will instruct the jury on the law, and the jurors will deliberate and reach a decision. In effect, the defendant underestimate and undervalue the jurors and assert that the individuals called from our community are not up for the task of listening, deliberating, and deciding this case by Zoom.

The defendants' objections regarding juror distraction should be rejected because the District Court for Western Washington has robust procedures in place to monitor jurors to ensure that they are following the proceedings. The procedures include assigning two courtroom deputies to consistently observe the jurors to ensure that no one is distracted. The Court may also choose to shorten trial days or employ more frequent breaks to reduce "Zoom fatigue" among jurors. Defendants also raise the speculative argument that it will be denied a fair and diverse jury pool because jurors' lack of access to technology and/or lack of technological competence will exclude potential jurors. The Court is prepared to provide technical assistance and training and has computer equipment to loan to jurors if necessary. Court staff is also available to help troubleshoot technology problems among the jurors. The Court's Virtual Trial Seminar published on February 5, 2021 addresses and closes out many of the technology and process objections raised by Defendant King County and Defendant Molina.

### 3.     CONCLUSION

This Court should not require Tommy Le's family to wait another unknown number of months (possibly years) until it is safe to resume in-person jury trials and the Court's pandemic backlog has been cleared. It is not necessary to wait when it is possible to conduct a jury trial in a manner that ameliorates any objection, satisfies Rules 77(b) and 43(a), and protects public health. A remote jury trial is a safe alternative which preserves the litigant's access to the courts and rights to a jury trial without the physical impediments of masks and social distances. This matter should proceed entirely via Zoom on April 19th.

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL                              -11
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

...

RESPECTFULLY SUBMITTED February 22nd, 2021.

By: _____s/ Jeffery M. Campiche_____
Jeffery M. Campiche, WSBA No. 7592
Philip G. Arnold, WSBA No. 2675
Jeffrey J. Kratz, WSBA No. 55785
CAMPICHE ARNOLD PLLC
Attorneys for Plaintiffs Le family
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
Tele: 206.281.9000 Facsimile: 206.281.9111
Email addresses:
jcampiche@campichearnold.com
parnold@campichearnold.com
jkratz@campichearnold.com
lrichard@campichearnold.com
lharris@campichearnold.com
tlane@campichearnold.com

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury under the laws of Washington state and the United States that I caused this pleading to be served on the persons listed below in the manner shown.

Filed ECF together with [Proposed] Order in WORD sent to Judge Zilly's Orders Mailbox

Daniel Kinerk
Carla Carlstrom
Senior Deputy Prosecuting Attorneys
King County Prosecuting Attorney's Office
500 Fourth Avenue, Suite 900
Seattle, WA 98104
Emails: dan.kinerk@kingcounty.gov
         carla.carlstrom@kingcounty.gov
         jennifer.klein@kingcounty.gov
         rmunozcintron@kingcounty.gov

Timothy Gosselin
Gosselin Law Office, PLLC
1901 Jefferson Avenue, Suite 304

PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL         -12
NO. 2:cv-18-00055-TSZ

CAMPICHE ARNOLD, PLLC
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111

Tacoma, WA 98402
Email: tim@gosselinlawoffice.com

Dated February 22nd, 2021.

By: *s/ Leslie S. Harris, Paralegal*

**PLTF RESP. TO DEF. OBJECTION
TO ZOOM JURY TRIAL**         -13
NO. 2:cv-18-00055-TSZ

**CAMPICHE ARNOLD, PLLC**
111 Queen Anne Avenue N., Suite 510
Seattle, WA 98109
TEL: (206) 281-9000
FAX: (206) 281-9111