The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BAO XUYEN LE, as Personal Representative of the Estate of TOMMY LE; HOAI "SUNNY" LE; and DIEU HO,<br><br>         Plaintiffs,<br><br>  vs.<br><br>REVEREND DR. MARTIN LUTHER KING JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,<br><br>         Defendants. | No. 2:18-CV-00055-TSZ<br><br>DEFENDANT KING COUNTY'S SUPPLEMENTAL BRIEFING TO THE COURT'S MINUTE ORDER NO. 272<br><br>*Noted for: February 25, 2021* |

## I.  ARGUMENT

Defendants King County and KCSO Deputy Cesar Molina filed separate Objections To A Fully Virtual Trial. See *Dkts. 168 & 271*. Plaintiffs filed no response. The Court then ordered the parties to file supplemental briefing on that issue as well as factors specific to this trial. *Dkt. 272*.

The parties were asked to address whether this Court could still require the trial to be conducted virtually over the defendants' objections in light of *Liu v. State Farm*

DEFENDANT KING COUNTY'S SUPPLEMENTAL
BRIEFING TO THE COURT'S MINUTE ORDER NO. 272 - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   *Mut. Auto. Ins. Co.*, --- F. Supp. 3d. ---, 2020 WL 8465987 (W.D. Wash. Dec 17, 2020), *Dkt.*

2   *272(k)*. While one takeaway from *Liu* is that the trial court exercised that option under

3   Fed. R. Civ. 43(a)[1], no appellate court has yet affirmed such a decision when one party

4   objects. And, the admitted liability, one-week trial in *Liu* is decidedly different from the

5   multiple party, complicated legal three-week trial in this case.[2]  See ABA Journal

6   Weekly Newsletter, "*Judges differ on when it's safe to hold in-person jury trials*"

7   (2/19/21)(citing that U.S. District Court Judge Robert Lasnik found that unfeasible

8   social distancing requirements, a lack of protective equipment and his belief that risks

9   to certain demographics, including the elderly and people with underlying health

10  conditions, make it "difficult, if not impossible, to obtain a jury pool that would

11  represent a fair cross section of the community").[3] The reasoning by these learned

12  judges should be weighed against the rationale offered in *Liu*. Additionally, King

13  County Superior Court began conducting live trials again last week in light of the

---

[1] The Notes of Advisory Committee on FRCP 43 emphasize, "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the fact-finder may exert a powerful force for truth-telling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in tradition."

[2] In *United States v. Fanyo-Oatchou*, 2020 WL 6685063, U.S. District Judge John C. Coughenour continued a criminal trial to June 2021 finding:
1. "The COVID-19 pandemic has made it difficult for the Court to obtain an adequate spectrum of jurors to represent a fair cross section of the community, which would likely make proceeding with an earlier trial date impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
2.  Public health guidance has impacted the ability of jurors, witnesses, counsel, and Court staff to be present in the courtroom. Therefore, proceeding with an earlier trial would be impossible or would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).
[3] *U.S. v. Arumugam*, CR19-041RSL.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
BRIEFING TO THE COURT'S MINUTE ORDER NO. 272 - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  Governor significantly reopening the State and the greatly reduced COVID-19 numbers

2  over the last couple of weeks.

3      King County strongly objects to a remote trial and the following responses to the

4  Court's Minute Order should not be viewed as a waiver of its stated position.

5      King County addresses the subjects in Paragraph 2 starting with 2(c), the

6  anticipated number of trial days. The parties originally estimated up to 15 court days.

7  That was before the pandemic outbreak so an additional 1-2 days may be needed to

8  conduct *voir dire* remotely and to deal with anticipated technical challenges that have

9  plagued virtual trials. In addition, Paragraph 2(c) necessitates recognition that any

10 prolonged requirement of the jurors to follow the trial remotely will add to the number

11 of days of trial. And, as discussed in *Liu*, *supra*, "the trial days will be shortened (and

12 include several breaks) to further reduce the possibility of distraction and/or fatigue

13 among the jurors."  As a result, a fully remote trial will likely necessitate additional trial

14 days.[4]

15

16     As to Paragraph 2(d), number of exhibits and 2(e), number of witnesses, King

17 County believes its previous representation of 85 exhibits and 40 witnesses for trial is

18 accurate. Defendants will work with opposing counsel to address admissibility of

19 exhibits pretrial to expedite the proceedings.

20

21

22 _____

23 [4] That being said, defendants have dispositive motions pending that, if granted, will greatly
streamline the trial. Defendants intend to file supplemental motions in limine which, if granted,
could also drastically reduce the length of trial.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
BRIEFING TO THE COURT'S MINUTE ORDER NO. 272 - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    As to Paragraph 2(f), regarding witnesses testifying remotely however the trial is

2  conducted, King County believes any non-King County witnesses who are concerned

3  about appearing in-person due to the pandemic and certain out-of-state experts should

4  be able to testify remotely.

5    As to Paragraph 2(j) limiting the number of attorneys and litigation staff in the

6  courtroom, King County will require its two counsel, one paralegal, one tech support

7  and a King County representative at all times.[5]

8    As to Paragraph 2(g), the impact on jurors of an in-person trial, King County

9  believes that with an 8-person jury, any in-person attendance can be accommodated.

10 King County Superior Court has placed jurors in the spectator seating area to ensure

11 adequate social distancing.

12    As to Paragraph 2(h), remote jury deliberations, King County strongly believes

13 all deliberations should be conducted in-person. This will ensure continuity and focus.

14    As to Paragraph 2(i) access of the public to trial, that can be accomplished by

15 access to a remote platform.

## II. CONCLUSION

16    Defendant King County respectfully requests that this trial be tried in-person in

17 its entirety for the reasons outlined in its Objections To a Fully Virtual Trial. Defendants

18 will be irreparably prejudiced by a proceeding that cannot obtain an adequate spectrum

19 of jurors to represent a fair cross section of the community due to the COVID-19

[5] It is anticipated co-defendant Cesar Molina and his counsel will also be present with King County throughout trial, while properly socially distanced.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
BRIEFING TO THE COURT'S MINUTE ORDER NO. 272 - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

pandemic. There is no measurable prejudice to setting a new trial date in the near future that affords a traditional and proven method to seek justice.

DATED this 23rd day of February, 2021 at Seattle, Washington.

DANIEL T. SATTERBERG
King County Prosecuting Attorney


 s/Daniel L. Kinerk_____
DANIEL KINERK, WSBA #13537
CARLA B. CARLSTROM, WSBA #27521
Senior Deputy Prosecuting Attorneys
Attorney for King County Defendants
King County Prosecuting Attorney
500 Fourth Avenue, Suite 900
Seattle, WA.  98104
(206) 296-8820   Fax (206) 296-8819
dan.kinerk@kingcounty.gov
carla.carlstrom@kingcounty.gov

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## <u>CERTIFICATE OF MAILING AND SERVICE</u>

2

I hereby certify that on February 23, 2021, I electronically filed the foregoing

3

document(s) with the Clerk of the Court using the CM/ECF System which will send

4

notification of such filing to the following participants:

5

Jeffrey M Campiche

6

Philip G. Arnold

Jeffrey Katz

7

Attorneys for Plaintiffs

CAMPICHE ARNOLD PLLC

8

111 Queen Anne Avenue North, Suite 510

Seattle, WA 98109

9

(206) 281-9000

jcampiche@campichearnold.com

10

parnold@campichearnold.com

jkratz@campichearnold.com

11

12

Timothy R. Gosselin

13

Attorney for Cesar Molina

GOSSELIN LAW OFFICE, PLLC

14

1901 Jefferson Ave., Suite 304

Tacoma, WA 98402

15

253-627-0684

tim@gosselinlawoffice.com

16

17

I declare under penalty of perjury under the laws of the United States and the

18

State of Washington that the foregoing is true and correct.

19

20

DATED this 23rd day of February, 2021 at Bellevue, Washington.

21

22

_____

23

Rafael A. Munoz-Cintron

Legal Assistant

King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S SUPPLEMENTAL
BRIEFING TO THE COURT'S MINUTE ORDER NO. 272 - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819