The Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11
12
13
14
15
16

| | |
|---|---|
| BAO XUYEN LE, as Personal Representative of the Estate of TOMMY LE; HOAI "SUNNY" LE; and DIEU HO,<br><br>                                        Plaintiffs,<br><br>        vs.<br><br>REVEREND DR. MARTIN LUTHER KING JR. COUNTY; and KING COUNTY DEPUTY SHERIFF CESAR MOLINA,<br><br>                                        Defendants. | No. 2:18-CV-00055-TSZ<br><br>DEFENDANTS' SUPPLEMENTAL MOTIONS IN LIMINE<br><br>*Noted for: April 2, 2021* |

17
18

## I. INTRODUCTION

19       Having in good faith conferred with plaintiffs' counsel pursuant to LCR 7(d)(4),

20   defendants King County and Cesar Molina ("Defendants") respectfully move the Court

21   before trial, and before selection of a jury, for an order instructing the parties, their

22   witnesses and their counsel not to directly or indirectly mention, refer to, interrogate

23   regarding or convey to jurors in any manner any of the information indicated below

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   without first obtaining the permission of the Court outside the presence and the hearing

2   of the jury.

3       Defendants further request the Court to instruct attorneys to caution their clients

4   and each of their witnesses to follow the order entered by the Court in connection with

5   these motions in limine.

6       The court may consider and rule on the admissibility of evidence. "Although the

7   Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has

8   developed pursuant to the district court's inherent authority to manage the course of

9   trials." *Luce v. United States,* 469 U.S. 38, 41, 105 S. Ct. 460 (1984).

10

11      Pursuant to the Court's Minute Order, *Dkt.245*, Defendants request the Court grant

12  the following supplemental motions in limine.

13      **A. SPECIFIC SUPPLEMENTAL MOTIONS IN LIMINE**

14      **1.** <u>**Motion to Exclude Expert Testimony Regarding Probable Cause.**</u>

15      In Plaintiffs' 2nd *Corrected* Third Amended Complaint For Damages for Violation of

16  Civil Rights 42 U.S.C. § 1983, and under Washington State Law: Torts Of Wrongful Death

17  (RCW 4.20.020) & Survival Action (RCW 4.20.060) & Negligence, they specifically plead

18  that:

19
20          Deputy Sheriffs and defendants, including King County
            Deputy Sheriff Cesar Molina, *did not have probable cause* to
            believe that Tommy Le posed an imminent threat of death or
21          serious physical injury to King County Deputy Sheriff  Cesar
            Molina, the other King County Deputy Sheriffs, or to others,
22          at the time that King County Deputy Sheriff Cesar Molina
            employed deadly force on Tommy Le.
23

    6:1-5. (Emphasis added).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2
     Experts may not opine as to whether there was, in fact, probable cause. That is an

3
ultimate conclusion of law that an expert witness may <u>not</u> offer an opinion on. See

4
*Torres v. City of Los Angeles,* 548 F.3d 1197, 1214 n.11 (9th Cir. 2008) (the district court

5
abused its discretion when it denied a motion in limine seeking to preclude witnesses

6
from testifying as to whether there was in fact probable cause for an arrest); *Estes v.*

7
*Moore,* 993 F.2d 161, 163 (8th Cir. 1998)(expert witness may not opine on whether

8
probable cause existed).

9
     This Court has previously ruled that plaintiffs' experts "will not be permitted to

10
testify at trial concerning whether or not King County Deputy Sheriff Cesar Molina

11
used lawful, reasonable, justified, or appropriate force when he shot Tommy Le on June

12
14, 2017." *Dkt.195.* The Court further ruled their experts  "will not be permitted to opine

13
about which version of events is more credible or which facts actually occurred, they

14
may not speculate about the intent, motive, or state of mind of anyone involved,

15
including Tommy Le and Deputy Molina, and they may not testify *about the law*

16
concerning the use of force." *Id*.

17

18
     The jury, based on the evidence presented, should be the only ones to answer the

19
question whether the KCSO deputies had probable cause to believe that Tommy Le

20
posed an imminent threat of death or serious physical injury to them at the time deadly

21
force was used.

22
     Defendants move in limine to prevent any testimony by plaintiffs' liability

23
experts regarding probable cause to believe that Tommy Le posed an imminent threat

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

of death or serious physical injury to King County Deputy Sheriff  Cesar Molina, the other King County Deputy Sheriffs, or to others, at the time that King County Deputy Sheriff Cesar Molina employed deadly force on Tommy Le.

Plaintiffs' Response:        Agreed _____        Disputed __X__

**2. Motion to Exclude Cumulative Expert Testimony.**

Plaintiffs have identified two liability experts, Scott Defoe, and William Harmening, both of whom have offered similar opinions regarding Deputy Molina's use of force, based on substantially similar reasoning, and relying on the same information. Plaintiffs should be precluded from offering two witnesses whose opinions are essentially the same as their testimony is needlessly cumulative. FRE 403. The Court should order plaintiffs to select either Mr. Defoe or Mr. Harmening as their use of force liability expert.

This motion is further supported by plaintiffs' representation to the Court, in support of a total virtual trial, that they will only call 17 witnesses and complete their case (with cross-examination of their witnesses called ) in 6.5 court days.

At a minimum, this Court should require an offer of proof from plaintiffs on how the proposed experts' testimony will be sufficiently distinct and non-duplicative to overcome FRE 403.

Plaintiffs' Response:        Agreed _____        Disputed __X__

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

3. <u>**Motion to Limit Testimony of Expert Witness Scott Defoe.**</u>

**A.** To the extent plaintiffs are allowed to call forensic liability expert Scott Defoe, his testimony should be limited (beyond that already outlined in the Court's Minute Order, dated May 29, 2019. (*Dkt. 195*).

Mr. Defoe outlined all of his opinions in this case in a written report, dated December 11, 2018. *Kinerk Decl*. He listed all the documents and evidence that he relied upon in formulating his opinions in this case, including the King County Use of Force Review Board memorandum. *Kinerk Decl. Ex.1, Scott Defoe Deposition.* None of the opinions provided in Mr. Defoe's written report addressed the Use of Force Review Board hearing on plaintiffs' *Monell* claim. *Id.*

On March 13, 2019, Mr. Defoe's deposition was taken. *Kinerk Decl*. He acknowledged that he did not rely on the 2018 Shooting Review Board memorandum in formulating his opinions in this case. *Kinerk Decl., Ex.1, Defoe Dep. 12:21-25*. More importantly, defendants asked Mr. Defoe if he was going to offer any opinions regarding the post-shooting review in this case. The sum total of his answer was as follows:

    10 Q Since today is my only opportunity, Mr. DeFoe,
    11 to explore with you all the opinions that you've
    12 formulated in this case, are you anticipating that you
    13 are going to be testifying or providing opinions with
    14 regards to the post-shooting review in this case? And
    15 if so, tell me what those opinions are, please.
    16 A Well, as it relates to Detective Christopher
    17 Johnson and his report, specifically on -- on page
    18 number 8 of 9, there was no mention at all in his report
    19 regarding the location of the wounds to Mr. Le, where in

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

20 fact he was struck, in this case.
21 And I think that's significant based on the
22 testimony by Deputy Molina and Officer Owens that Mr. Le
23 was actually moving away from the officers in a south or
24 southwesterly direction, at which time he was shot.
25 I think that's critical because it obviously

1 shows that that threat no longer existed, or should have
2 existed with an individual carrying a Paper Mate
3 ballpoint pen moving away from the officers prior to the
4 use of lethal force.
5 I thought that was -- I thought that was
6 critical that that was not mentioned in the report by
7 Detective Johnson because I think it's a critical factor
8 in this matter.

*Kinerk Decl. Ex.1, Defoe Dep., 20:10-25, 21:1-8.*

At no time following Mr. Defoe's deposition did plaintiffs supplemented his

opinions regarding their *Monell* claim. Discovery closed on February 1, 2021 without

any supplemental opinions from Mr. Defoe.

Defendants move in limine to limit any opinion by Mr. Defoe as to any *Monell*

claim to the single opinion he divulged in his deposition testimony (and never in his

written report), namely, that Detective Johnson allegedly failed to mention the specific

locations of Le's bullet wounds in his Use of Force presentation.[1]

Plaintiffs' Response:          Agreed _____          Disputed __X___

---

[1] Mr. Defoe's other opinion above, that Mr. Le was moving away from the officers
showed no threat longer existed or should have with an individual carrying a Paper
Mate ballpoint pen prior to use of lethal force, is exactly the type of opinion this Court
already ruled was inadmissible. See *Dkt.195*.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

**B**. The Court issued a Minute Order, dated May 29, 2019, outlining the scope of opinions that expert witnesses Scott Defoe and William Harmening could offer at trial *(Dkt.195)*. The Court's Minute Order was issued <u>before</u> plaintiffs filed their *Second Corrected Third Amended Complaint* adding a negligence claim to their case.

In light of that development and recent Washington caselaw regarding negligence in officer-involved use of force cases, Defendants move in limine to further restrict Mr. Defoe's testimony. Mr. Defoe has opined the following:

- The KCSO Deputies should have requested the KCSO Air Support Unit to establish an inner and outer perimeter.

- The KCSO Deputies should have requested the KCSO K-9 Unit respond to the scene.

- The KCSO Deputies failed to establish an inner and outer perimeter immediately upon arrival.

*Kinerk Decl., Ex.1,30:2-25;31:1-13;30:33:6-25; 34:1-4; 34:14-25,35:1-2, 39:10-16, 43:16-25, 44:1-22; 46:17-25, 47:1-25;72:22-25,73:1-78:3.*

These are exactly the type of expert opinions that have been excluded in use of force cases asserting a negligence theory. In *Lacy v. Snohomish County*, 14 Wn. App. 2d 1045 (2020) (unpublished), plaintiffs filed a wrongful death claim against Snohomish County (Sheriff's Office). They alleged the suspect/decedent was subjected to excessive pressure to his back while prone on the ground, resulting in an episode of excited delirium. Plaintiff's negligence claims against Snohomish County included 1) failure to stage aid immediately upon interacting with the suspect; 2) the SCSO deputy's failure to de-escalate the situation by threatening to deploy his stun gun, if the suspect did not calm down and; 3) the SCSO Deputy failed to immediately administer CPR.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

The trial court granted defendant's motion for directed verdict, and on appeal, the Court of Appeals affirmed, holding that as to each negligence theory there was "no evidence from which a reasonable juror could find, *without speculating,* that any of these alleged breaches more probably than not caused Cecil's death." *Id.* at *8.

The same analysis applies to Mr. Defoe's opinions outlined above in this case. There is no evidence that the KCSO Air Unit or K-9 Unit could have arrived in the 105 seconds from the KCSO Deputies' arrival and the shooting. He admits that he had no such evidence.. More importantly, there is no evidence that a reasonable juror could find, *without speculating*, that had they miraculously arrived in that 105 seconds, the shooting would not have occurred.

Defoe's equally speculative opinions regarding a perimeter stage, a tactical plan or de-escalation measures fail under the Court of Appeals analysis:

> In short, the testimony presented at trial provides only that *maybe* de-escalation could have prevented Cecil's death. Sara presented no evidence from which a reasonable juror could find, *without speculating*, that had Deputy Pendergrass used proper de-escalation tactics and not escalated the situation, Cecil more likely than not would have survived.

*Id.* at *7. (Emphasis added).

The Court of Appeals in *Lacy* specifically distinguished *Beltran-Serrano* v. *City of Tacoma*, 193 Wn.2d 537, 442 P.3d 608 (2019), the very case plaintiffs' relied upon in amending their complaint to assert a negligence claim - "…in *Beltran-Serrano*, the court did not address the merits of Beltran-Serrano's claims or review whether he presented

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    evidence sufficient for a reasonable juror to find for him on the elements of negligence."
2    *Id.* at *9.

3        Defendants move in limine to exclude Mr. Defoe's opinions in support of
4    plaintiffs' negligence theories that would require jurors to speculate as the requisite
5    causal link between the alleged act and Le's death.
6
7        Plaintiffs' Response:        Agreed _____        Disputed __X__
8
         **4. Motion to Limit Certain Testimony of Expert Witness William Harmening.**
9
10       To the extent plaintiffs are allowed to call  forensic liability expert William
     Harmening, his testimony should be limited. Mr. Harmening produced a written
11
     report, dated December 8, 2018. *Kinerk Decl.* In his report, Mr. Harmening listed all the
12
     documents he reviewed and the summary of his opinions. *Kinerk Decl., Ex. 2.* Mr.
13
     Harmening did not list the King County Use of Force Review Board memorandum as a
14
     document he reviewed (but did testify at his deposition he had been provided with it).
15
     *Kinerk Decl., Ex.2, 16:2-11.* Mr. Harmening's deposition was taken on March 14, 2019.
16
     *Kinerk Decl*. Mr. Harmening did not produce any opinions relating to plaintiffs' *Monell*
17
     claim in his report or at his deposition. *Id.*
18

19       Defendants moved to exclude the opinions offered by Mr. Harmening, including
20   in his untimely declaration filed in opposition to Defendants' motions for summary
21   judgment. *See Dkts.112, Harmening Dec., 153, Defendant King County's Motions In Limine*
22   *(#20); 173, Defendants Supplemental Motions In Limine Regarding Expert Testimony*. As
23   stated, the Court issued a Minute Order, dated May 20, 2019 limiting the scope of

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

plaintiffs' experts Mr. Harmening and Scott Defoe. None of Mr. Harmening's written report, declaration or deposition testimony address any *Monell* claim, specifically the Use of Force Review Board hearing.

Discovery closed on February 1, 2021 without any supplemental opinions from Mr. Harmening. Defendants move in limine to limit any opinions by Mr. Harmening as to any *Monell* claim.

Plaintiffs' Response:        Agreed _____        Disputed __X__

**5.** **Motion to Enforce Court's Minute Regarding Expert Witness Robert Johnson.**

Plaintiffs originally endorsed forensic economist Robert Johnson as an expert witness in this case. *Kinerk Decl*. The opinions he offered included proffered testimony on hedonic damages. *Id*. Defendants moved in limine to exclude any of his testimony on hedonic damages. *Dkt.153, #27, 21:8-23*. Plaintiffs responded by notifying the Court and parties that that they would *not* be calling Mr. Johnson as a witness and defendants' motion to preclude him from testifying about hedonic damages was therefore STRICKEN as moot. *Dkt.195, 2:14-15*.

The Court entered a separate Minute Order on May 28, 2019, ruling that defendants' "Motion to exclude evidence on hedonic damages is STRICKEN as moot." *Dkt.192, 4:7-8*.

Defendants have relied on plaintiffs' representation that they were not calling Mr. Johnson at trial. *Kinerk Decl*. Plaintiffs never supplemented or updated Mr. Johnson's

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

report at any time after discovery was re-opened and prior to the Court's discovery deadline of February 1, 2021. *Id.*

Based on 1) plaintiffs' representation to the Court that Mr. Johnson would not be called as a witness at trial; 2) the Court's Minute Orders confirming that; 3) defendants' reliance on plaintiffs' representation and the Court's Minute Orders and: 4) the fact plaintiffs never supplemented Mr. Johnson's report (rendering it unnecessary to conduct his deposition), defendants respectfully ask the Court to enforce its order precluding Mr. Johnson from testifying at trial.

Plaintiffs' Response:        Agreed __X__        Disputed _____

## 6.  <u>Motion to Exclude Cumulative Evidence of Plaintiffs' Damages.</u>

FRE 403 provides that the court may exclude otherwise relevant evidence if its probative value is substantially outweighed by a danger of an undue delay, a waste of time, or a needless presentation of cumulative evidence. FRE 403. It is well-settled that a court's decision to admit or exclude evidence under FRE 403 is entitled to "considerable deference." *McEuin v. Crown Equipment Corp.*, 328 F.3d 1028, 1035 (9th Cir. 2003) (citations omitted).

Plaintiffs have listed *four* of Le's alternative high school teachers – Curt Peterson, Molly Ward, Susan Blythe-Goodman, and Danika Martinez to testify about plaintiffs' damages. While it is anticipated that the Court would permit an appropriate number of Le's teachers on the issue of damages, it appears that all of these witnesses will be unnecessarily cumulative and of little additional probative value. Defendants accordingly

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  request that plaintiffs' presentation on damages as established by Le's schoolteachers be

2  limited accordingly, or, in the alternative, that plaintiffs provide an offer of proof to the

3  Court as to the importance and uniqueness of each witness' testimony.

4
5       Plaintiffs' Response:        Agreed _____       Disputed __X__

6    **7.** **Motion to Exclude any Expert Testimony by Tam Dinh, PhD. as to the**
         **Effect of the Le Shooting on the Vietnamese Community or the Le Family.**
7
8       Tam Dinh was not timely identified as a witness when the original discovery

9  deadline in this case closed. The Court subsequently ordered that the defendants could

10  take her deposition once discovery reopened. *Dkt. 246.*

11       Plaintiffs never identified Ms. Dinh as an expert witness nor provided a

12  summary of her expected testimony for trial. Instead they submitted Ms. Dinh's

13  declaration and resume support of a motion. *Dkts. 118 & 118-1.*

14       On November 9, 2020 defendants took the deposition of Ms. Dinh. *Kinerk Decl.*

15  She indicated that she has never qualified as an expert witness in state or federal court,

16  nor ever performed forensic work in her capacity as a professor in social work. *Kinerk*

17  *Dec., Ex.3, 6:21-25; 7:1-5.* She never counseled the Le family members following this

18  shooting incident. *Id.* at *16:13-20.*

19
20       She indicated that she saw some of the Le family at an ACRS meeting in her

21  capacity with Commission on Asian Pacific American Affairs (CAPAA) Commission.

22  She also saw them when she attended a Le court proceeding to show community

23  support for the family. *Id.* at *12:2-18.*

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    Ms. Dinh also testified about her declaration in which she stated that she was

2    present when former KCSO Sheriff John Urquhart allegedly said, "I don't know why

3    the deputies shot him - I would not have shot him, maybe I'd have wrestled him to the

4    ground, but not shot him. The officers will have to explain their actions in court."

5    *Dkt.118, ¶ 10;5:9-11.*

6    Defendants move in limine to restrict Ms. Dinh to testifying to Sheriff Urquhart's

7    remarks, (assuming proper evidentiary foundation is established).

8    Ms. Dinh should <u>not</u> be allowed to testify as to the alleged emotional toll this

9    case has had on the Vietnamese community. The Court already granted defendants'

10   motion in limine excluding evidence concerning the effect of this shooting on the local

11   community. *See Dkt.195, #18.* This Court has also granted defendants' motion for

12   summary judgment on plaintiffs' Outrage claim. *Dkts.178 & 189.* Any effort by plaintiffs

13   that uses Ms. Dinh's professional credentials to testify about how Vietnamese people

14   respond to death and public embarrassment is irrelevant.

15   In addition, any proffered testimony about "institutional betrayal" between the

16   Le/Vietnamese and law enforcement is likewise irrelevant under FRE 401, 402 and 403.

17   Ms. Dinh's belief that that any "incorrect" press release by the KCSO would

18   cause the Le family great psychological harm should also be excluded. Such testimony

19   doesn't address any viable negligence or constitutional claim and the Court already

20   dismissed plaintiff's Outrage claim. *Dkts.178 1:16-17;189.* Ms. Dinh's personal opinions

21   are just that, personal opinions, and should be precluded at trial due to lack of

22   foundation and under FRE 401, 402 and 403.

23

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

Plaintiffs' Response:          Agreed  X____        Disputed _____

2

3      8. **Motion to Exclude Deborah Jacobs as Witness at Trial.**

4

5      On October 15, 2020, this Court filed Minute Entry indicating "plaintiffs may

depose Deborah Jacobs for three (3) hours, limited to the topic of the Office of Law

6

Enforcement Oversight (OLEO) Report." *Dkt.246.* While the Court allowed the deposition

7

to proceed, it expressed its reservations about admissibility of her testimony or as a

8

witness at trial. *Dkt.250, Ex.2 .* The Court's reservation was justified. The reason is simple.

9

10      In Washington, *former* employees cannot bind the corporation or government

11      entity. <u>See</u> *Newman v. Highland Sch. Dist. No. 203*, 186 Wn.2d 769, 381 P.3d 1188 (2016):

12
> A school district, like any organization, can act only through
> its constituents and agents. *See* RPC 1.13 cmt. 1. Corporate
> attorney-client privilege may arise when "the constituents of
> an organizational client communicate[ ] with the
> organization's lawyer in that person's organizational
> capacity." *Id.* at cmt. 2; *see also* RESTATEMENT (THIRD) OF
> THE LAW GOVERNING LAWYERS § 73(2) (AM. LAW
> INST. 2000). An organizational client, including a
> governmental agency, can require its own employees to
> disclose facts material to their duties (with some limits not
> relevant here) to its counsel for investigatory or litigation
> purposes. *See* RESTATEMENT (THIRD) OF AGENCY § 8.11
> (AM. LAW INST. 2006). But everything changes when
> employment ends. When the employer-employee
> relationship terminates, this generally terminates the agency
> relationship. As a result, *the former employee can no longer bind*
> *the corporation* and no longer owes duties of loyalty,
> obedience, and confidentiality to the corporation. *See id.* &
> cmt. d

13

14

15

16

17

18

19

20

21

22

23

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   *Id*. at. 780.[2]

2   At her deposition, Ms. Jacobs acknowledged that she is no longer employed by

3   King County.[3] *Kinerk Decl., Ex.4, 17:18-21, 40:8-12.* As such, her proffered testimony cannot

4   bind King County and is irrelevant.

5   Ms. Jacobs also testified that she has never qualified an expert witness in federal or

6   state court. *Id.* at *39:8-25; 40:1-7.* She testified that she retained Mr. Michael Gennaco to

7   conduct a systemic review of the Le shooting because she had neither the resources nor

8   expertise to do it herself. *Id.* at *9:18-21, 12:21-25.* Ms. Jacob's personal opinions,

9   notwithstanding her *past* position as OLEO Director, are irrelevant and she should be

10  excluded from testifying as a witness under CR 402, 402 and 403.

11

12  Plaintiffs' Response:        Agreed _____        Disputed __X__

13

14  9.  **Motion to Exclude any reference to the Hague Convention and bullets used by KCSO.**

15  In Plaintiffs' 2nd *Corrected* Third Amended Complaint for Damages for Violation of

16  Civil Rights 42 U.S.C. § 1983, and under Washington State Law: Torts Of Wrongful Death

17  (RCW 4.20.020) & Survival Action (RCW 4.20.060) & Negligence, they allege, in part:

18
19      *55. The 9 mm bullets used to shoot and kill Tommy Le were hollow point 9mm bullets, which is an expanding bullet with a hollowed-out tip designed to expand and flatten when it enters a human body so as to disrupt more tissue as it travels through the person's body.*
20      *56. The use of hollow point ammunition in warfare is barred by The Hague Convention; the relevant portion of which reads: "the contracting parties agree to abstain from the use of bullets which expand or flatten easily in human body. . ."*
21

22
_____

23  [2] See also *Hermanson v. MultiCare Health System, Inc.* 196 Wn.2d 578, 475 P.3d 484 (2020).
    [3] She readily conceded that she has filed a Claim for Damages against King County demanding in two million dollars. *Id.* at *40:24-25; 41:1-6.*

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

57. The King County Medical Examiner described the gunshot wounds that caused Tommy Le's death:

    a. "penetrating handgun wound of the left lateral back with the entrance wound, left lateral back, (4.24 inches to the left of midline and 42.5 inches superior to the heels) perforation of the left kidney, spleen and liver, and the bullet recovered from the right anterior chest wall." The path of the bullet "back to front, left to right, and slightly upwards".

    b. "penetrating handgun wound of the medial left back, (0.5 inches to the left of midline and 40.5 inches superior to the heels) with entrance wound, medial left back, perforation of the right kidney and liver and the bulled recovered from right lateral chest wall." The path of the bullet is back to front, left to right and slightly upwards".

    c. Perforation handgun wound of the left wrist, entrance wound, ulnar left wrist, perforation of the soft tissues and 5th metacarpal bone, with exist wound, palmar left hand".

58. Bullet wounds that penetrate the kidney, liver, and spleen are very painful and after a period of time, usually fatal.

Plaintiffs did not endorse any expert who specifically addressed the effect of these type of authorized bullets in service weapons used by KCSO deputies. In addition, plaintiffs have not elicited any evidence that wounds for this type of "are very painful and after a period of time, usually fatal."

Lastly, plaintiffs' assertion that the "use of hollow point ammunition *in warfare* is barred by the Hague Convention" is clearly inadmissible under FRE 401, 402 and 403.

Defendants respectfully request that the Court exclude any reference to the Hague Convention and the alleged pain related to this type of bullet in this trial.

Plaintiffs' Response:       Agreed _____      Disputed __X___

## 10. <u>Motion to Exclude Negligence Theories Not Plead and to Exclude Liability Theories That Require the Jury to Speculate.</u>

In Plaintiffs' 2nd *Corrected* Third Amended Complaint for Damages for Violation of Civil Rights 42 U.S.C. § 1983, and under Washington State Law: Torts Of Wrongful Death

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 16

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

(RCW 4.20.020) & Survival Action (RCW 4.20.060) & Negligence, they specifically plead two theories of negligence:

- King County Deputy Sheriff Cesar Molina [and the KCSO deputies at the scene] did not use de-escalation techniques to detain Tommy Le before he was shot.

- King County Deputy Sheriff Cesar Molina [and the KCSO deputies at the scene] did not use effective non-lethal techniques to detain Tommy Le before he was shot.

*Dkt.234* at 5:16-22.

Plaintiffs are limited to the theories the negligence theories they plead in their Plaintiffs' 2nd *Corrected* Third Amended for Damages. See *Molly v. City of Bellevue*, 71 Wn. App. 382, 385, 859 P.2d 613 (1993)(complaint must apprise defendant of the nature of plaintiff's claims and legal grounds upon which claim rests); *Dewey v. Tacoma School District No. 10*, 95 Wn. App 18, 26 (1999)(A party who does not plead a cause of action or theory of recovery cannot finesse the issue later by inserting the theory into trial briefs and contending it was in the case all along).

Defendants respectfully move in limine to restrict plaintiffs' negligence theories to those actually plead above and developed in their cause of action.

Plaintiffs' Response:        Agreed _____        Disputed __X__

## 11. Motion to Exclude any Reference to OLEO Report.

This Court accurately defined the issues at play in this lawsuit – whether excessive force was used in violation of Le's constitutional rights and whether a viable *Monell* claim can be established:

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 17

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

THE COURT: Mr. Arnold, isn't that whats the jury is being summoned to determine, whether this was a lawful shooting, whether it was excessive force, whether it was a sham investigation afterwards? I can't conceive that this OLEO report would ever be admitted in evidence.

*Dkt.250, Ex.2, Verbatim of Proceedings, (10/15/20), 25:21-25.*

Plaintiffs have made a concerted effort to muddy the legal issues in this case in an attempt impose liability, based on character assassination. The Le shooting occurred on June 13, 2017. The Use of Force Review Board memorandum was issued August 22, 2018. The OIR ("OLEO") report was produced in September 2020 by a non-King County entity hired by a non-KCSO agency over three years after the shooting, and over two years after the Use Of Force Review Board memorandum. This report does not address the legal issues in this case.

Plaintiffs have cited *Aranda v. City of McMinnville*, 942 F.Supp.2d 1096 (2013) to argue that the OLEO Report is admissible. That case is clearly distinguishable.

In *Aranda*, the defendants objected to the *actual* Use of Force Review Board findings, which found that the officers' use of force (captured on video) violated McMinnville police standards. In this case, Le is asking the Court to rely on a report prepared by an outside agency (OIR) at the request of an outside agency (OLEO) to look at everything that contributed to the shooting and learn from it.  The OIR report is not the King County Review Board memorandum.

The court in *McMinnville* found the Use of Force Review Board admissible under Fed. R. Evid. 401 and 403 because it focused on the officers' conduct. The OLEO Report did not.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 18

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

The court found that the Use of Force Review Board report was not inadmissible under Fed. R. Evid. 407 because it did not recommend changes, citing *Wilson v. Beebe*, 770 F.2d 578 (6th Cir.1985). The Le OLEO report is a critique clothed in recommended changes. The OLEO report cannot be construed in any fashion as a government record and doesn't qualify as a hearsay exception under Fed. R. Evid. 803(8)(A) and, therefore should be ruled inadmissible.

This Court previously excluded another report involving KCSO and Le, the University of Florida Brechner Center for Freedom of Information Report on "Transparency and Media Relations in High-Profile Police Cases." (See *Dkt.192, #15).* The same analysis applies with the OLEO report.

Lastly, this Court already granted Defendant's Motion to Exclude Post-Incident Suggestions for Policy Changes. *Dkt.246.* The OLEO report is exactly the same type of document that suggests post-Le incident policy changes and should be excluded.

Plaintiffs' Response:        Agreed _____        Disputed __X___

12. **Motion to Exclude King County Council member Girmay Zahilay.**

In much the same way that plaintiffs have attempted to have the OLEO report admitted, they also seek to call King County Councilmember Girmay Zahilay at trial. Defendants move in limine to exclude his testimony at trial.

Councilmember Zahilay, along with six other King County councilmembers of the King County Council Law and Justice Committee, heard about the OLEO report on September 2, 2020. *Dkt.249, King County's Motion To Quash And For Protective Order.* The

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 19

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  remarks of Councilmember Zahilay were recorded and videotaped. *Kinerk Decl.*

2  Defendants objected to plaintiffs' request to depose Councilmember Zahilay based on

3  legislative immunity and testimonial privilege. *Id.* Councilmember Zahilay readily

4  admitted that the remarks he made at this hearing were not made on behalf of the entire

5  King County Council nor on behalf of King County in the civil litigation arising out of

6  this June 14, 2017 incident. *Dkt.251, ¶ 9.*

7      This Court granted King County's motion to quash and for protective order,

8  finding that to the extent plaintiffs sought to interrogate Councilmember Zahilay

9  "about the views he formed after reviewing Mr. Gennaco's report and considering the

10  responses of Sheriff Johanknecht, such inquiry would have a chilling effect on

11  legislative functioning, *see id.* at *7-10,* while producing nothing more than inadmissible

12  lay opinions based entirely on hearsay." *Id.* at *3:16-20-22.*

13

14      If this Court was to allow Councilmember Zahilay to testify, Defendants would

15  have no recourse but to call the other councilmembers who respectively disagreed with

16  Councilmember Zahilay and the trial would turn into a circus of inadmissible lay

17  opinions based entirely on hearsay. Councilmember Zahilay's testimony is inadmissible

18  under FRE 402, 402, 403, 801, 802 and 803.

19

20      Plaintiffs' Response:      Agreed _____      Disputed __X___

21

22  **13. <u>Motion to Exclude Testimony/Opinion That Witnesses Did Not Believe</u>**
    **<u>Le Had Anything in His Hands When He Attacked Civilians and Police.</u>**

23

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 20

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

The defendants move in limine to preclude any testimony by non-eyewitnesses as to whether or not Le had anything in his hands during his confrontation with civilians or police.  Le's family members have opined that they do not believe he had anything in his hands.  Such testimony is mere speculation and should be precluded.

Plaintiffs' Response:         Agreed _____        Disputed __X___

### 14. Motion to Exclude Argument that Le Was "Unarmed"

The defendants move in limine to preclude Plaintiffs from arguing in opening or closing statement that Le was "unarmed" when he confronted the civilians or police.  A pen can also be used as a weapon and, therefore, the argument that Le was "unarmed" should be precluded.  This motion is not intended to preclude argument that Tommy Le did not have a "weapon" in his hand but Plaintiffs should not be able to characterize him as "unarmed."

Plaintiffs' Response:         Agreed _____        Disputed __X___

### 15. Motion to Exclude Wilson Hayes' Testimony Regarding His "Kicking Pen" Experiment.

Deputies Owens and Thompson saw a pen in Le's hand after he fell.  Owens stated he kicked the pen away.  Deputy Easterbrook saw and photographed the pen and estimated it was approximately 8 feet from where Le was laying.  In his report, Mr. Hayes concludes that the pen was located 20.7 feet "away from the blood on the road where Mr. Le initially fell to the ground."  *Kinerk Decl. Exhibit 5, at 41.*  Hayes does not indicate how he arrived at 20.7 feet.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 21

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Hayes attempted to recreate the kicking of the pen from Le's hand, as Dep. Owens stated he had done, to see how far it would travel. *Id*. at *at 30*. Hayes used a similar type of ball point pen and tried three different types of kicks: (1) a kick at the center of gravity of the pen, (2) a kick directed at the ballpoint tip of the pen; and (3) a kick directed at the ballpoint tip of the pen with a skeletal model hand resting at center of pen. *Id*. Hayes stated that in his experiment the pen was only able to be kicked 8.5 feet plus or minus 4.5 feet over an asphalt surface. *Kinerk Decl,. Ex. 5 at 36*. This evidence should be excluded. First, Hayes could not possibly recreate the exact situation that occurred on the night Le was killed because it is not known the condition the pen was in when it was kicked out of Le's hand and Hayes' experiment only used intact ballpoint pens. Second, since even Hayes' experiment showed the pen could be kicked 13 feet, there is no significant difference from the 20.7 feet that Hayes alleges the pen was located. Lastly, this Court has already excluded evidence that the pen was planted so Hayes' "pen kicking" experiment is irrelevant. This testimony should be excluded.

Plaintiffs' Response:          Agreed _____          Disputed __X__

### 16. Motion to Exclude Plaintiffs' Expert Wilson Hayes' Testimony Regarding Attempted Reconstruction of Tool Marks on Hernandez' Door.

Kevin Hernandez stated he was chased into his house by Le, who was armed with a knife. According to Hernandez, Le "stabbed" at Hernandez's door with the knife, leaving marks. Photographs of the door were taken by police. Plaintiffs' expert, Wilson "Toby" Hayes, attempted to reconstruct the marks left on Hernandez' door by

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 22

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

using a "similar piece of wood trim and aluminum weather strip." *Kinerk Decl., Ex. 5* at

*23*.  In  Hayes' experiment, marks were made using the corner of a piece of 2 x 4, the

wooden handle of a brush, a ballpoint pen (not the same type as found in Le's hand)

both with and without the tip protruding, and a knife.  *Id.*  The marks were then

compared to the marks found on Hernandez's door.  Hayes was unable to recreate the

marks on either the wood trim or the aluminum weather strip.  However, without

explanation, Hayes opined that "[i]t is apparent that the marking on the subject door

frame was not made by a sharp object similar to the knife or pen tested, but rather by a

softer blunt object such as the wooden handle of the brush or a 2 x 4." *Id.* Evidence of

Hayes' attempted reconstruction experiment should be excluded because he was unable

to replicate the marks and, therefore, cannot opine what caused them.   The only sharp

objects Hayes tested with were a ballpoint pen and a knife.  Hayes did not use the same

type of ballpoint pen that had been found in Le's hand after he was shot.  And  Hayes

does not have any knowledge of what type of knife Le had in his hand when he stabbed

at Hernandez's door.  It is just as possible that Le stabbed at the door with the handle

end of the knife, not the sharp end, but Hayes did not test with that.  Hayes has

provided no foundation for his conclusion that a "blunt" object rather than a sharp

object caused the marks.  Therefore, the experiment and his conclusion should be

excluded as it is incomplete and misleading.

   Washington State Patrol Crime Lab forensic scientist Dijana Coric, extensively

trained in forensic toolmark testing, attempted a similar toolmark reconstruction using

knives recovered from Le's apartment.  She was also unable to recreate the exact marks

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 23

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

made on Le's door but opined that the marks on the door were made with some type of sharp pointed object.  The defendants will not offer this testimony if  Hayes' toolmark testimony is excluded.

Plaintiffs' Response:        Agreed _____        Disputed __X__

**17. Motion to Exclude Plaintiffs' Expert Wilson Hayes' Opinion That Det. Mellis Tampered With the Door Evidence By Making Marks Through the Markings Made by Le.**

In his report, Plaintiffs' expert Wilson "Toby" Hayes opined that Det. Mike Mellis of the King County Sheriff's Office "gouged into and directly through the markings alleged by Mr. Hernandez to have been created by Mr. Le." *Kinerk Decl., Ex. 5 at 24.*  Dr. Hayes supported his opinion by comparing two photographs purported to be of the same location on Le's door where markings were observed.  *Id.* at *22.*  This testimony should be excluded.

Two photographs from Hayes' report, at 22:  Figure 12:



Figure 12: Photographs of the trim on Mr. Hernandez's door taken on: (LEFT) June 14, 2017, 2:46 AM, by Detective Zydek (Cannon PowerShot G15), showing the mark Mr. Hernandez alleged was made by Mr. Le on the night of the incident; and (RIGHT) on June 23, 2017, 11:37 AM, by Detective Mellis (Nikon D5200), showing the mark created by Detective Mellis using an ink-pen, on the mark Mr. Hernandez alleged was created by Mr. Le.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 24

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

These same two photographs were shown to Det. Mellis at his deposition and he did not recognize them nor confirm that they showed markings made by him on the door. *Kinerk Decl., Ex. 6, Mellis deposition, 9:19-25 -11:18.* It is not even clear that the photos show the same portion of the door. Furthermore, Det. Mellis made clear that the markings he made on the door, attempting to recreate the marks made by Le, were done on the lower part of the door and not in the area where Mr. Hernandez said Le had stabbed. Mellis deposition, 12:4-11. There is no factual basis for Hayes' opinion that Det. Mellis "gouged" into the markings made by Le and this inflammatory testimony and Figure 12 should be excluded.

Plaintiffs' Response:        Agreed _____        Disputed __X__

**18. Motion to Exclude Plaintiffs' Expert Wilson Hayes' Opinion That The Bullet (CTJ 25) Protruding From Le's Abdomen Was a "Shored Exit Wound."**

The defendants move in limine to preclude Hayes from opining that the bullet wound in Le's abdomen was a "shored exit wound," because Hayes does not have the forensic expertise to offer such an opinion and has not even examined the bullets in this case.

Throughout his report, Hayes refers to the bullet protruding from Le's abdomen as evidence of a "shored exit wound." Hayes cites an article describing a shored exit wound as follows:

> Shored exit wounds . . . arise in situations where the skin around the exit site is abraded at the moment the bullet stretches and breeches the skin. A subject

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 25

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

lying on the ground or against a wall when shot, and the bullet's exit site
supported by the surface, will sustain a shored exit wound.

*Kinerk Decl., Ex. 5 at 31.* Hayes has no training in the forensic examination of gunshot

wounds in the body. While Hayes has received training in the anatomy of the body, he

has not studied nor been trained in forensic pathology nor, specifically, the impact of

gunshot wounds on the body. *Decl. of Kinerk. Ex. 7, Hayes deposition* at *61:22-25 – 62: 1-*

*9.*

Hayes acknowledged in his deposition that his only training regarding gunshot

analysis is from his anatomy training in medical school and reading literature. *Decl. of*

*Kinerk, Ex. 7, Hayes deposition* at *61: 22-25 – 62: 1-9.* Hayes also admitted he has not

examined the bullets in this case and that he would need to do so to confirm his

opinions:

> And I should say – at some point I said that I need to look at those bullets. That
> would be confirmatory in terms of the impact surface . . .

*Kinerk Decl., Exhibit 7, Hayes deposition* at *80:23-25.*

Without forensic pathology training in how bullets impact the body, Hayes

cannot possibly opine that this is evidence of a shored exit wound.   In fact, in the

autopsy report, the forensic pathologist did not refer to it that way and will testify it is

not a shored exit wound. Additionally, Hayes has never examined the bullet (CTJ 25).

Instead, based on photos produced by Washington State Patrol Crime Lab scientist

Dijana Coric, he opined that the markings on the bullet show that it hit a hard surface.

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 26

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   Hayes has based his opinion that Le was shot while on the ground on the fact

2   that it was a "shored exit wound."  This opinion should be excluded as he does not

3   have the expertise to render such a statement.

4      Plaintiffs' Response:      Agreed _____      Disputed __X__

5

6   **19. <u>Motion to Exclude Hayes From Testifying that Bullets Were Tampered</u>**
    **<u>With by Police or Mishandled by WSPCL Scientist Dijana Coric.</u>**

7

8      In his rebuttal report,  Hayes alleged that the bullet evidence, specifically CTJ 24,

9   was tampered with or mishandled by the police or by Dijana Coric of the Washington

10  State Patrol Crime Lab.  *Decl. of Kinerk, Ex. 9.*  This evidence should be excluded.  Since

11  Hayes' rebuttal report was issued, a second deposition was taken of Det. Chris Johnson

12  clearly establishing chain of custody of the bullet evidence.  It was sealed by the

13  Medical Examiner's Office, picked up by Det. James Belford of the King County

14  Sheriff's Office, sealed in an outer envelope, opened at a viewing by Plaintiffs' counsel

15  on December 4, 2017, and then resealed until opened as the Crime Lab.  The

16  documentation supporting this chain of custody has been provided and was discussed

17  during Det. Johnson's second deposition.

18     During Ms. Coric's deposition, she was asked about the different appearance of

19  bullet CTJ 24 in a photo taken by the medical examiner and a photo taken by her.  At

20  the time, she indicated she was not sure why it had changed but believed it was taken

21  from a different angle. *Kinerk Decl., Ex. 8, Coric Deposition at 22:19-23.*  However, in a

22  recent meeting with Defendants' counsel, she clarified that she had misunderstood

23

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 27

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    Plaintiffs' counsel's questioning and that she had manually straightened some of the

2    petals on CTJ 24 with her hands rather than pliers, in order to examine the bullet.  She

3    then photographed the bullet. Because the bending of the petals was with her hand and

4    not pliers, it was not noted in the Bullet Worksheet, but was documented with

5    photographs.  KC__DISC__0088945.

6         As the alleged "spoliation" of bullet CTJ 24 has now been explained and chain of

7    custody established, it would be prejudicial to allow this argument and it should be

8    excluded.  Plaintiffs are certainly entitled to question Ms. Coric about her

9    misunderstanding of the deposition questions but should not be allowed to argue or

10   present testimony from  Hayes that the bullets were tampered with.

11

12        Plaintiffs' Response:        Agreed _____        Disputed __X___

13   **20. Motion to Exclude Evidence That the King County Sheriff Will Soon Be Appointed by the King County Council.**

14

15        Last year, the citizens of King County passed a charter allowing the King County

16   Sheriff to be appointed by the King Council rather than elected by the citizens.   The

17   defendant moves to exclude any reference or argument about this as it is irrelevant to

18   this trial.

19

20        Plaintiffs' Response:        Agreed _X___        Disputed _____

21   DATED this 18th day of March, 2021 at Seattle, Washington.

22

23                                   DANIEL T. SATTERBERG
                                     King County Prosecuting Attorney

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 28

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2
                            *s/ Daniel L. Kinerk*
                            DANIEL KINERK, WSBA #13537
3
                            CARLA B. CARLSTROM, WSBA #27521
                            Senior Deputy Prosecuting Attorneys
4
                            Attorneys for Defendant King County
5
                            King County Prosecuting Attorney
                            500 Fourth Avenue, Suite 900
6
                            Seattle, WA.  98104
                            (206) 296-8820   Fax (206) 296-8819
7
                            dan.kinerk@kingcounty.gov
                            carla.carlstrom@kingcounty.gov
8

9                           By: *s/ Timothy R. Gosselin*
                            Timothy R. Gosselin, WSBA #13730
10
                            GOSSELIN LAW OFFICE, PLLC
11                          1901 Jefferson Ave., Suite 304
                            Tacoma, WA 98402
12                          253-627-0684
                            tim@gosselinlawoffice.com
13                          Attorney for Defendant Molina

14

15

16

17

18

19

20

21

22

23

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 29

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## CERTIFICATE OF MAILING AND SERVICE

I hereby certify that on March 18, 2021, I electronically filed the foregoing

document(s) with the Clerk of the Court using the CM/ECF System which will send

notification of such filing to the following participants:

Jeffrey M Campiche
Philip G. Arnold
Jeffrey Katz
Attorneys for Plaintiffs
CAMPICHE ARNOLD PLLC
111 Queen Anne Avenue North, Suite 510
Seattle, WA 98109
(206) 281-9000
jcampiche@campichearnold.com
parnold@campichearnold.com
jkratz@campichearnold.com


I declare under penalty of perjury under the laws of the United States and the

State of Washington that the foregoing is true and correct.

DATED this 18th day of March, 2021 at Bellevue, Washington.

_____
Rafael A. Munoz-Cintron
Legal Assistant
King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S SUPPLEMENTAL
MOTIONS IN LIMINE - 30

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819